UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on January 8, 2016

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 1:16-CR-00229** |
| v. | |
| **RUBEN OSEGUERA-GONZALEZ,**<br>also known as<br>"Menchito," "Rubencito,"<br>"Rojo," "Ruso," "Junior," and<br>"El Nino,"<br><br>**Defendant.** | 21 U.S.C. §§959(a), 960, and 963<br>(Conspiracy to Distribute Five Kilograms or More of Cocaine, 500 grams or more of methamphetamine, Knowing and Intending that it will be Unlawfully Imported into the United States.)<br><br>18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(B)(ii)<br>(Use and Possession of a Firearm)<br><br>18 U.S.C. § 2<br>(Aiding and Abetting)<br><br>21 U.S.C. §§ 853 and 970<br>(Forfeiture) |

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT ONE

From in or around 2007, and continuing to the date of the filing of this Indictment, in the countries of Mexico, the United States and elsewhere, the Defendant, **RUBEN OSEGUERA-GONZALEZ, also known as "Menchito," "Rubencito," "Rojo," "Ruso," "Junior," and "El Nino,"** together with others, both known and unknown to the Grand Jury, did knowingly,

intentionally, and willfully conspire to distribute: (1) five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and (2) five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, knowing and intending that such substances would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Section 959(a); all in violation of Title 21, United States Code, Section 963 and Title 18, United States Code, Section 2.

With respect to the Defendant, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine and five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of Title 21, United States Code, Sections 960(b)(1)(B) and 960(b)(1)(H), respectively.

(Conspiracy to Distribute Five Kilograms or More of Cocaine and 500 Grams or More of Methamphetamine Knowing and Intending that it would be Imported into the United States in violation of Title 21, United States Code, Sections 959(a), 960 and 963, and Title 18, United States Code, Section 2.)

## COUNT TWO

From in or about 2007, and continuing thereafter, up to and including the date of the filing of this Indictment, both dates being approximate and inclusive, pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia, the defendant **RUBEN OSEGUERA-GONZALEZ, also known as "Menchito," "Rubencito," "Rojo," "Ruso," "Junior," and "El Nino,"** did knowingly and intentionally use, carry and brandish firearms, including destructive devices, during and in relation to one or more

drug trafficking crimes, to wit: the crime charged in Count One, and did knowingly and intentionally possess firearms, including destructive devices, in furtherance of such drug trafficking crimes, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(B)(ii), and Title 18, United States Code, Section 2.

(Use and Possession of a Firearm.)

## FORFEITURE ALLEGATION

The United States hereby gives notice to the Defendant that upon conviction of the Title 21 offense alleged in Count One of this Indictment, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the alleged Title 21 violation, and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense.

Said property includes, but is not limited to:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly as a result of the Title 21 offense charged in this indictment, and all property used or intended to be used to facilitate such offense, that is, not less than a sum of money representing the amount of funds involved in the offense, and all interest and proceeds traceable thereto; in that such sum, in aggregate, was received by the Defendant in exchange for the distribution of controlled substances or is traceable thereto. If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

 (a) cannot be located upon the exercise of due diligence;

 (b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

(Criminal Forfeiture, in violation of Title 21, Untied States Code, Sections 853 and 970.)

A TRUE BILL:

_____
Foreperson

ARTHUR G. WYATT
Chief
Narcotic and Dangerous Drug Section
U.S. Department of Justice
Washington, D.C. 20530

By: _____
ANTHONY J. NARDOZZI
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530
Telephone: (202) 598-6481