**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | **CRIMINAL NO. 16-cr-229 (BAH)** |
| ) | |
| v. ) | |
| ) | |
| **RUBEN OSEGUERA GONZALEZ,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## UNOPPOSED MOTION FOR SUPPLEMENTAL PROTECTIVE ORDER

The Government respectfully submits this Unopposed Motion for a Supplemental Protective Order and requests the Court enter the attached Order.

On February 28, 2020, the Court entered the parties' proposed Protective Order to govern discovery in this case. *See* Dkt. No. 19. In addition to the terms set forth therein, which will continue to apply to discovery in this case, the Government requests that the Court order that the following additional provisions shall apply to the production and maintenance of discovery:

a. The Defendant is permitted to employ a third-party litigation support vendor, identified by Defendant as HLP Integration (hereinafter the "Vendor"), to host discovery provided by the Government on a cloud-based discovery review platform in order to assist defense counsel in reviewing discovery;

b. Defense counsel will ensure that Vendor uses industry-standard best practices to maintain the security and confidentiality of discovery provided by the government hosted on Vendor's platform or otherwise provided to Vendor;

c. Defense counsel will provide a copy of the Protective Order and the Supplemental Protective Order to Vendor, and Defendant will ensure that any employees of Vendor who have access to the discovery in the course of their work will be bound by the Protective Order and the

Supplemental Protective Order to the same extent as any other member of the defense team;

  d. Defense counsel and Vendor will not access Vendor's cloud-based review platform for this matter from outside of the United States nor will they provide access to the platform to any person located outside of the United States;

  e. To the extent technologically feasible, Vendor will restrict access to the review platform so that it cannot be accessed by IP addresses based outside of the United States; if not technologically feasible, Defense counsel will assist the Government in procuring from Vendor, from time to time, a log of IP addresses that have accessed the review platform, for the sole purpose of permitting the Government to verify that the discovery review platform has not been accessed by persons outside of the United States;

  f. The terms of the Protective Order entered by the Court on February 28, 2020 remain in full force and effect.

         Respectfully submitted,

         MARLON COBAR, Acting Chief
         Narcotic and Dangerous Drug Section
         Criminal Division
         U.S. Department of Justice

  By:   */s/*
         Brett Reynolds
         Anthony Nardozzi
         Narcotic and Dangerous Drug Section
         Criminal Division
         U.S. Department of Justice
         145 N Street, NE
         Washington, D.C. 20530
         (202) 598-2950

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via electronic mail, to counsel of record for the defendant, this 24th day of June 2020.

                                              /s/
                                         Brett Reynolds
                                         Narcotic and Dangerous Drug Section
                                         Criminal Division
                                         Department of Justice