UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 1:16-CR-229 |
| ) | |
| RUBEN OSEGUERA-GONZALEZ ) | |
|     also known as "Menchito," ) | |
|     "Rubencito," "Rojo," "Ruso," ) | |
|     "Junior," and "El Nino," ) | |
| ) | |
| ) | |
|            Defendant. ) | |
| ) | |

## GOVERNMENT'S MOTION FOR CONFLICT INQUIRY

The United States of America, by and through the undersigned attorneys, requests that the Court conduct a conflicts inquiry to determine whether good cause exists to believe that no conflict of interest is likely to arise from the representation of Defendant Ruben Oseguera-Gonzalez by Arturo Hernandez, Esq., who has notified the Government that he intends to enter an appearance as counsel of record for the Defendant in this matter. The Government respectfully requests that the Court conduct the inquiry prior to the termination of Daniel Onorato, Esq., and Arturo Corso, Esq., as current counsel of record for the Defendant. The Government further requests that if the Court should find that a conflict of interest may arise, that it determine whether the conflict is waivable, and if so, elicit a knowing and intelligent waiver from the Defendant of any potential conflicts of interests.

## BACKGROUND

On February 1, 2017, a grand jury sitting in this District returned a two-count Superseding Indictment charging the Defendant with conspiracy to distribute five kilograms or more of cocaine

and five hundred grams or more of methamphetamine for unlawful importation into the United States, in violation of 21 U.S.C. §§ 959(a), 960(b)(1)(B), 960(b)(1)(H), and 963, and 18 U.S.C. § 2 (Count One); and using, carrying, brandishing, and possessing a firearm, including a destructive device, in furtherance of the drug trafficking offense charged in Count One, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(B)(ii), and 2 (Count Two). Dkt. No. 6. On March 21, 2023, the Court set a change of plea hearing for April 12, 2023, at 9:30am. On April 6, 2023, the Government filed a Superseding Information amending Count Two to replace the destructive device enhancement under 18 U.S.C. § 924(c)(1)(B)(ii) with a semiautomatic assault weapon enhancement under 924(c)(1)(B)(i), pursuant to the plea agreement to which the parties had entered. Dkt. No. 48.

On April 11, 2023, the evening before the scheduled change of plea hearing, the Government was informed that the Defendant's family had retained Mr. Hernandez to represent the Defendant in this matter, and that Mr. Hernandez intended to file a notice of appearance prior to the change of plea hearing on April 12. Several of the Defendant's co-conspirators in the conspiracy charged in Count One of the Superseding Indictment and Information are members of the Defendant's family and charged in related cases in this District.

### APPLICABLE RULE AND LAW

The Sixth Amendment of the United States Constitution guarantees each defendant the right to counsel and appointment of counsel during each stage of a criminal case from initial appearance through appeal. The Sixth Amendment gives a defendant a right to conflict-free counsel. *Singley v. United States*, 548 A.2d 780, 783 (D.C. 1988); *see also Wood v. Georgia*, 450 U.S. 261, 271 (1981). Additionally, the parties have an obligation to raise potential conflicts of interest to the Court. *See Edens v. Hannigan*, 87 F.3d 1109, 1114 (10th Cir. 1996) (defense

counsel's obligation); *United States v. Stantini*, 85 F.3d 9, 13 (2d Cir. 1996) (government's duty); *United States v. Migliaccio*, 34 F.3d 1517, 1528 (10th Cir. 1994) (same).

Here, Mr. Hernandez was purportedly retained by the Defendant's family on his behalf on the eve of his scheduled change-of-plea hearing. As this Court is aware, many of the Defendant's family members are charged in related cases. The Defendant's father, Nemesio Oseguera-Cervantes, is the leader of one of the most violent and powerful cartels currently operating in Mexico, the Cartel de Jalisco Nueva Generacion (CJNG), and is a fugitive charged in this District in Case No. 1:14-cr-51-2. The Defendant's half-brother, Juan Carlos Valencia-Gonzalez, is a high-ranking member of the CJNG and a fugitive charged in this District in Case No. 1:20-cr-216. The Defendant's uncle Abigael Gonzalez-Valencia, a leader of the Los Cuinis drug trafficking organization (DTO), is detained in Mexico and is pending extradition to this District to face the charges in Case No. 1:14-cr-51-1. The Defendant's uncles on his mother's side, Gerardo and Jose Gonzalez Valencia, were leaders of the Los Cuinis DTO and pleaded guilty in December and November 2022, respectively. They are currently pending sentencing before this Court in Case No. 1:16-cr-00065. His uncle on his father's side, Antonio Oseguera Cervantes, is charged in this District in Case No. 1:23-cr-27 and is detained in Mexico pending extradition. Additionally, the Defendant's mother, Rosalinda Gonzalez Valencia, is detained in Mexico on pending Mexican money laundering charges. And, his sister, Jessica Johanna Oseguera Gonzalez pleaded guilty to related charges in this District in Case No. 1: 20-cr-40, was sentenced to 36 months, and has since been released from prison.

The Government has concerns about a potential conflict of interest if Mr. Hernandez is retained and/or receiving attorney's fees from the Defendant's family members who are charged in related cases or individuals acting on behalf of those family members. Should Mr. Hernandez

enter an appearance on behalf of the Defendant, the Government respectfully requests that this Court conduct an inquiry to determine whether a conflict exists, or may arise, and that the Defendant understands his rights under the Sixth Amendment of the United States Constitution. If the Court determines that a potential conflict is waivable, the Government further requests that this Court elicit, on the record, any waiver of potential conflicts should the Defendant wish to consent to representation by Mr. Hernandez. Finally, the Government respectfully requests that the Court conduct the conflicts inquiry prior to termination of Mr. Onorato and Mr. Corso as counsel of record for the Defendant and the transmission of any discovery to new counsel in this matter.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the Government respectfully requests that the Court grant this request and conduct a conflicts inquiry in advance of any change in the Defendant's representation.

Respectfully submitted this 11th day of April, 2023.

MARLON COBAR
Acting Chief
Narcotic and Dangerous Drug Section

By:     */s/ Kaitlin Sahni*
Kaitlin Sahni, Acting Assistant Deputy Chief
Kate Naseef, Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530
Telephone: (202) 598-2493

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via ECF to counsel of record for the Defendant, 11th day of April, 2023.

By: /s/ Kaitlin Sahni
Kaitlin Sahni
Acting Assistant Deputy Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice