**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Case No. 1:16-CR-229** |
| | ) | |
| **RUBEN OSEGUERA-GONZALEZ** | ) | |
| also known as "Menchito," | ) | |
| "Rubencito," "Rojo," "Ruso," | ) | |
| "Junior," and "El Nino," | ) | |
| | ) | |
| **Defendant** | ) | |

## GOVERNMENT'S MOTION FOR APPOINTMENT OF CONFLICTS COUNSEL

The United States of America, by and through the undersigned attorneys, requests that the Court appoint conflicts counsel to advise Defendant Ruben Oseguera-Gonzalez about potential conflicts posed by the substitution of Arturo Hernandez, Esq., as his counsel.[1]  The Government further requests that, after the Defendant has had time to speak with conflicts counsel, the Court inquire whether the Defendant intends to waive any potential conflict.  If the Court is satisfied that the Defendant has made a knowing, intelligent, and voluntary waiver of potential conflicts arising from his representation by Mr. Hernandez, the Government respectfully requests that the Court set a deadline by which the Defendant must decide whether to plead guilty pursuant to his plea agreement with the Government that he already accepted and signed or, alternatively, seek to withdraw from the plea agreement and proceed to trial.

---

[1] The Government is not seeking disqualification of Mr. Hernandez as defense counsel at this time.  Although Mr. Hernandez represented Armando Valencia, the ex-husband of the Defendant's mother, *see* Case No. 3:20-cr-305 (N.D. Cal.), the Government is not currently aware of any attorney-client relationship between Mr. Hernandez and any of the Defendant's immediate family members who have been charged in a related case.

## BACKGROUND

On February 1, 2017, a grand jury sitting in this District returned a two-count Superseding Indictment charging the Defendant with conspiracy to distribute five kilograms or more of cocaine and five hundred grams or more of methamphetamine for unlawful importation into the United States, in violation of 21 U.S.C. §§ 959(a), 960(b)(1)(B), 960(b)(1)(H), and 963, and 18 U.S.C. § 2 (Count One); and using, carrying, brandishing, and possessing a firearm, including a destructive device, in furtherance of the drug trafficking offense charged in Count One, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(B)(ii), and 2 (Count Two). Dkt. No. 6. On March 21, 2023, the Court set a change-of-plea hearing for April 12, 2023, at 9:30am. On April 6, 2023, the Government filed a Superseding Information amending Count Two to replace the destructive device enhancement under 18 U.S.C. § 924(c)(1)(B)(ii) with a semiautomatic assault weapon enhancement under Section 924(c)(1)(B)(i), pursuant to the plea agreement into which the parties had entered. Dkt. No. 48.

On April 11, 2023, the evening before the scheduled change of plea hearing, the Government was informed that the Defendant's family had retained Mr. Hernandez to represent the Defendant in this matter. Later that evening, the Government filed a Motion for Conflict Inquiry, noting that Mr. Hernandez may have a potential conflict because several of the Defendant's co-conspirators in the conspiracy charged in Count One of the Superseding Indictment and Information are members of the Defendant's family and charged in related cases in this District. Dkt. No. 50.

Mr. Hernandez was present at the scheduled change-of-plea hearing on April 12, but conceded that he was not admitted to practice in this District and had not yet filed a motion for admission pro hac vice or otherwise entered an appearance in this matter. In response to

questioning by the Court, the Defendant stated that he wanted a "second opinion" about the plea agreement and confirmed that he wanted new counsel. The Court adjourned the hearing and set a status hearing for April 21, 2023. Following the hearing, Mr. Hernandez confirmed to the press that he had been retained by the Defendant's family because they had concerns about the Defendant's plea agreement. *See* Keegan Hamilton, *El Mencho's Son Reconsiders Plea Deal After Family Lawyer Shows Up at Last Minute*, Vice (Apr. 13, 2023, 4:02pm), https://www.vice.com/en/article/k7z8qn/el-menchos-son-plea-deal-el-menchito-lawyer. As laid out in the Government's Motion for Conflict Inquiry, incorporated by reference herein, a number of the Defendant's immediate family members are facing charges in this District or Mexico relating to their participation in the conspiracy charged in Count One of the Superseding Indictment in this case. They are the Defendant's co-conspirators and may have interests in the outcome of the Defendant's case that do not align with the best interests of the Defendant.

## LEGAL STANDARD

The Sixth Amendment guarantees a criminal defendant the right to "have the Assistance of Counsel for his defense," U.S. Const. Amend. VI, which includes "a right to representation that is free from conflicts of interest," *Wood v. Georgia*, 450 U.S. 261, 271 (1981). "Courts and commentators have recognized the inherent dangers that arise when a criminal defendant is represented by a lawyer hired and paid by a third party . . . ." *Id.* at 268–69. "Ethical considerations warn against an attorney accepting fees from someone other than her client . . . . [T]he acceptance of such 'benefactor payments' may subject an attorney to undesirable outside influence and raises an ethical question as to whether the attorney's loyalties are with the client or the payor." *United States v. Locascio*, 6 F.3d 924, 932 (2d Cir. 1993) (internal quotations and citations omitted). Particularly in drug conspiracy cases that may involve unindicted or fugitive co-conspirators, there

is a substantial risk that third-party fee arrangements may create conflicts of interest for defense counsel. *See Quintero v. United States*, 33 F.3d 1133, 1135 (9th Cir. 1994).

However, "the Sixth Amendment right to conflict-free representation is subject to knowing and voluntary waiver." *United States v. Lopesierra-Gutierrez*, 708 F.3d 193, 200 (D.C. Cir. 2013); *see also United States v. Lorenzana-Cordon*, 125 F. Supp. 3d 129, 135 (D.D.C. 2015) ("[A] defendant can waive the right to conflict-free assistance of counsel if the waiver is knowing and intelligent.").

District of Columbia Rules of Professional Conduct also allow for legal representation following a knowing and intelligent waiver of the potential conflict by the client. Specifically, Rule 1.7(b) states that generally "a lawyer shall not represent a client with respect to a matter if . . . [t]he lawyer's professional judgment on behalf of the client will be or reasonably may be adversely affected by the lawyer's responsibilities to or interests in a third party or the lawyer's own financial, business, property, or personal interests." D.C. R. Prof. Conduct 1.7(b)(4). However, the lawyer may represent a client in such circumstances if the "potentially affected client provides informed consent to such representation after full disclosure of the existence and nature of the possible conflict and the possible adverse consequences of such representation; and [t]he lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client." D.C. R. Prof. Conduct 1.7(c).

Where a potential conflict of interest of defense counsel exists, the Court may appoint an independent attorney as conflicts counsel to ensure that the defendant is "fully aware of the nature of the conflict and the consequences of waiver." *Lopesierra-Gutierrez*, 708 F.3d at 202; *see also United States v. Carlyle*, 964 F. Supp. 8, 13–14 (D.D.C. 1997) (finding defendant "made a voluntary, knowing and intelligent waiver of his right to conflict-free counsel" "[a]fter receiving

4

independent advice from experienced counsel having no stake in an ongoing attorney-client relationship"). Additionally, the Court may authorize the parties to disclose materials to conflicts counsel to the extent necessary for conflicts counsel to understand, analyze, and advise the defendant and the Court on the conflicts issue. *See, e.g., United States v. Sutton,* No. CR 21-0598 (PLF), 2021 WL 5998384, at *2 (D.D.C. Dec. 7, 2021).

## ARGUMENT

As detailed in its Motion for Conflict Inquiry, the Government has concerns about a potential conflict of interest if Mr. Hernandez is retained and receiving attorney's fees from the Defendant's family members who are charged in related cases or individuals acting on behalf of those family members. The Government's concerns are heightened by the timing of Mr. Hernandez's retention less than 24 hours before the Defendant's scheduled change-of-plea hearing, and Mr. Hernandez's statements to the press following the hearing that he was retained by the Defendant's family because they—not the Defendant—were concerned about the Defendant's plea agreement.

The appointment of conflicts counsel to advise the Defendant will help ensure that the Defendant understands the potential consequences of a change in his representation and that any waiver of the right to conflict-free counsel is knowing and intelligent. It also will ensure that the Defendant is fully apprised of the potential consequences of seeking to withdraw from a plea agreement that he and the Government already have executed and entered into, including the potential use of his signed statement of facts against him in any future proceedings. Further, the

appointment of conflicts counsel will help ensure the finality of the judgment if the Defendant is convicted.

Wherefore, the Government respectfully requests that this Court appoint conflicts counsel to advise the Defendant of potential conflicts posed by Mr. Hernandez representing the Defendant and receiving attorney's fees from the Defendant's family, many of whom are indicted co-conspirators, and the consequences of the Defendant waiving that conflict.  The Government further requests that conflicts counsel also inform the Defendant of the potential consequences should he choose to withdraw from the plea agreement, including that the Government is not obligated to re-extend that plea offer or any other plea offer to the Defendant in the future. Additionally, the Government may withdraw the Superseding Information, and the Superseding Indictment will control.  If after receiving the advice of conflicts counsel the Defendant waives the conflict, the Government respectfully requests that the Court set a deadline by which the Defendant must choose whether to reschedule a change of plea hearing pursuant to the plea agreement or, alternatively, seek to withdraw from the plea agreement and proceed to trial.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

**CONCLUSION**

WHEREFORE, for all the foregoing reasons, the Government respectfully requests that the Court grant this request to appoint conflicts counsel, inquire whether the Defendant waives the potential conflict, and if so, set a deadline by which the Defendant must choose whether to withdraw from the plea agreement.

Respectfully submitted this 19th day of April, 2023.

MARLON COBAR
Acting Chief
Narcotic and Dangerous Drug Section


By:        _/s/ Kaitlin Sahni_
           Kaitlin Sahni, Acting Assistant Deputy Chief
           Kate Naseef, Trial Attorney
           Narcotic and Dangerous Drug Section
           Criminal Division
           U.S. Department of Justice
           Washington, D.C. 20530
           Telephone: (202) 598-2493

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing was sent via ECF to counsel of record for the

Defendant, 19th day of April, 2023.


By:    */s/ Kaitlin Sahni*
       Kaitlin Sahni
       Acting Assistant Deputy Chief
       Narcotic and Dangerous Drug Section
       Criminal Division
       U.S. Department of Justice