UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RUBEN OSEGUERA-GONZALEZ,<br><br>Defendant. | Criminal Action No. 16-229 (BAH)<br><br>Judge Beryl A. Howell |

**ORDER APPOINTING INDEPENDENT COUNSEL TO ASSESS AND REPORT TO COURT REGARDING ANY CONFLICTS OF INTEREST WITH NEW COUNSEL**

On April 19, 2023, the government filed a Motion for the Appointment of Conflicts Counsel ("Gov't's Mot."), ECF No. 60, on grounds that the substitution of Arturo Hernandez as defense counsel poses "potential conflicts" as he is retained by defendant's family members and has made statements to the press that he was retained immediately prior to defendant's scheduled change-of-plea hearing "because they—not the Defendant—were concerned about the Defendant's plea agreement." Gov't's Mot. at 1, 5. At least eight family members of defendant have been or are currently facing charges in related cases, including his father, mother, sister, and several uncles. While disqualification of Mr. Hernandez is not sought at this time, the government prudently wants to "ensure that Defendant understands the potential consequences of a change in his representation and that any waiver of the right to conflict-free counsel is knowing and intelligent." *See id.* at 1 n.1, 5. On April 21, 2023, the parties appeared for a hearing on the motion.

In light of the representations made at the hearing and the relevant case law, the Court will appoint independent counsel to advice both defendant and the Court concerning the existence and nature of any conflict with respect to Mr. Hernandez's representation, and to

1

advise defendant concerning his interests and rights.  *See, e.g.*, *United States v. Lorenzana-Cordon*, 125 F. Supp. 3d 129, 133 (D.D.C. 2015); *United States v. Carlyle*, 964 F. Supp. 8, 12 (D.D.C. 1997).

Conflicts counsel should specifically evaluate the existence or risk of any "adverse positions," "adversely affected" representation, "adversely affected" professional judgment, or "materially adverse" interests as those terms are used in Rule 1.7 and Rule 1.9 of the District of Columbia Rules of Professional Conduct.  *See* D.C. RULES OF PROF'L CONDUCT R. 1.7(a), R. 1.7(b)(2)-(4); R. 1.9.  Conflicts counsel should also advise defendant of the risks, if any, that defendant may face regarding the potential that Mr. Hernandez's "loyalties" may be "divided" based on the family members paying him.

Conflicts counsel should also evaluate any conflict that may arise, including in the context of plea bargaining or negotiations in this case.  Specifically, conflicts counsel should address whether Mr. Hernandez's advice to defendant regarding how he would like to proceed in in this case, including whether he ought to enter into the prepared plea agreement with the government, would be affected by Mr. Hernandez's ties to defendant's family members, whose interests may be different than those of defendant.  Further, counsel should advise defendant of the risks, if any, that defendant may face regarding the revelation or use of materials disclosed in discovery or generated in the plea-bargaining process to date, if Mr. Hernandez is substituted as defense counsel.  Conflicts counsel should advise defendant of his right to conflict-free counsel in the plea-bargaining process.

If conflicts counsel believes that any conflict is waivable, he should advise defendant concerning "the consequences of waiver." *United States v. Lopesierra-Gutierrez*, 708 F.3d 193, 202 (D.C. Cir. 2013); *see also* D.C. RULES OF PROF'L CONDUCT R. 1.7(c).

To this end, counsel for the United States and defense counsel will be directed to provide conflicts counsel with copies of all papers in this case relevant to the issue of conflicts. Conflicts counsel will be directed to review the relevant papers in this case, meet with both current defense counsel, Danny Onorato, and Mr. Hernandez and counsel for the United States, as necessary, and meet with defendant. Conflicts counsel is expected to attend and participate in the hearing scheduled for May 12, 2023, concerning the issue of conflicts and is directed to submit to the Court a report in advance of this hearing.

Accordingly, it is hereby

**ORDERED** that the United States' Motion for the Appointment of Conflicts Counsel, ECF No. 60, is **GRANTED**; it is further

**ORDERED** that the Court appoints A.J. Kramer, the Federal Public Defender for the District of Columbia, to be assisted by a Spanish-speaking Assistant Federal Public Defender, as independent counsel for the limited purpose of advising defendant and the Court concerning the existence and nature of any conflict with respect to defendant should he be represented in this case by Arturo Hernandez, and to advise defendant concerning his interests and rights; it is further

**ORDERED** that counsel for the United States and defense counsel shall provide Mr. Kramer with copies of all papers relevant to the issue of conflicts; it is further

**ORDERED** that the United States is authorized to provide items protected by Rule 6(e) of the Federal Rules of Criminal Procedure to Mr. Kramer, but only to the extent necessary for

Mr. Kramer to understand, analyze, and advise defendant and the Court regarding the issue of conflicts; it is further

**ORDERED** that Mr. Kramer shall review the relevant papers in this case, meet with counsel for the United States, meet with current defense counsel and Mr. Hernandez, meet with defendant, and attend and participate in any future hearing with respect to the issue of conflicts; it is further

**ORDERED** that Mr. Kramer shall file a report and recommendation, under seal, addressing the concerns set forth in this order and raised by the government by May 5, 2023; and it is further

**ORDERED** that the Court will convene a hearing to discuss the concerns set forth in this order on May 12, 2023, at 9:30 a.m. in Courtroom 26A in the William B. Bryant Annex to the E. Barrett Prettyman Courthouse at 333 Constitution Avenue N.W., Washington, D.C. 20001.

**SO ORDERED.**

Date: April 22, 2023

                                                                                      _____
                                                                                      BERYL A. HOWELL
                                                                                      U.S. District Court Judge