**ANTHONY E. COLOMBO, JR.**
California State Bar No. 218411
The Senator Building, Ste. 312
105 West "F" Street
San Diego, CA 92101
Tel:   (619) 236-1704
Email: anthonycolombolegal@gmail.com

Attorney for Ruben Oseguera-Gonzalez

UNITED STATES DISTRICT COURT

DISTRICT COURT OF COLUMBIA

(HONORABLE BERYL A. HOWELL)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RUBEN OSEGUERA-GONZALEZ,<br><br>　　　　　　Defendant. | CASE NO. 16cr00229-BAH<br><br>NOTICE OF MOTIONS AND MOTIONS TO:<br><br>(1) COMPEL DISCOVERY; AND<br>(2) GRANT LEAVE TO FILE FURTHER MOTIONS BASED UPON NEW DISCOVERY |

TO:   KATE M. NASEEF, TRIAL ATTORNEY, UNITED STATES ATTORNEY'S OFFICE; JONATHON HORNOK, TRIAL ATTORNEY, UNITED STATES ATTORNEY'S OFFICE; AND KAITLIN SAHNI, ACTING DEPUTY CHIEF, UNITED STATES ATTORNEY'S OFFICE:

PLEASE TAKE NOTICE as soon as counsel may be heard, defendant, Ruben Oseguera-Gonzalez, ("Mr. Oseguera"), by and through his attorneys, Anthony E. Colombo, Jr., and Jan E. Ronis, will request this Court to enter an order granting the following motions.

# MOTIONS

Defendant, Ruben Oseguera-Gonzalez, by and through his attorneys, Anthony E. Colombo, Jr., and Jan E. Ronis, requests this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

    (1)    Compel Discovery; and
    (2)    Grant Leave to File Further Motions Based Upon New Discovery.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Mr. Oseguera-Gonzalez requests oral argument be heard in support of this motion at the soonest date and time convenient to government counsel and the Court.

Respectfully submitted,

/s/ Anthony E. Colombo, Jr.

Dated: March 21, 2024           **ANTHONY E. COLOMBO, JR.**
Attorney for Mr. Oseguera-Gonzalez

**ANTHONY E. COLOMBO, JR.**
California State Bar No. 218411
The Senator Building, 3rd Fl.
105 West "F" Street
San Diego, CA 92101
Tel:   (619) 236-1704
Email: anthonycolombolegal@gmail.com

Attorney for Ruben Oseguera-Gonzalez

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

(HONORABLE BERYL A. HOWELL)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUBEN OSEGUERA-GONZALEZ,<br><br>Defendant. | CASE NO.   16cr00229-BAH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |

## MOTIONS

### I.

### MOTION TO COMPEL DISCOVERY

As of the filing of these motions, the government has provided voluminous discovery. However, it would appear a majority of the evidence subject to disclosure has not been provided.  Mr. Oseguera moves specifically and generally for the production by the government of the following discovery.  This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. *See generally Kyles v. Whitley*, 514 U.S. 419 (1995); *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989).

(1) <u>The Defendant's Statements</u>.  The government must disclose to the defendant *all* copies of any written or recorded statements made by the defendant not only to any government investigators but also cooperating witnesses; the substance of any statements

made by the defendant which the government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any *Miranda* warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A), and (B)(i), (ii), (iii). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal *all* the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) <u>Arrest Reports, Notes and Dispatch Tapes</u>. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A),(D), and (E), and *Brady v. Maryland*, 373 U.S. 83 (1963). *See also Loux v. United States*, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(E), Fed. R. Crim. P. 26.2 and 12(i). Preservation of rough notes is requested, whether or not the government deems them discoverable.

This request specifically includes the following as it relates to the wiretap applications and orders related to this case as the discovery disclosed to date largely consists of line sheets summarizing Black Berry Messages that were intercepted pursuant to the authorized wiretap orders. There are a number of relevant items that have not been disclosed which include:

    a. Reports of investigation, surveillance reports, etc... related to probable cause and necessity sections of the wiretap applications that establish the basis for the information contained in the wiretap application;

    b. As the probable cause statement relies upon information from related wiretaps granted previously which are referenced in the wiretap application, Mr. Oseguera requests these wiretap applications/orders submitted/issued on August 24, 2012, and October 2, 2012, in Riverside County, California, Superior Court, and November 16, 2012, in the United States District Court for the Northern District of Illinois;

    c. Recordings between the Confidential Informant and Abigael Gonzalez Valencia referenced in the wiretap applications;

    d. 15 day Progress Reports related to the wiretap applications/orders; and

    e. Pen Register applications/orders referenced in the wiretap applications.

(3) *Brady* Material. Mr. Oseguera requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case.

This requests specifically includes information relating to jurisdiction in this case as it relates to evidence that Mr. Oseguera was involved with and aware that the controlled substances allegedly distributed in the case were intended for importation to the United States. Evidence that Mr. Oseguera was not involved with distribution and importation to the United States or not aware that the alleged controlled substances would be distributed or imported to the United States is exculpatory and discoverable under *Brady*.

In addition to the above, it is anticipated that the government will present several cooperating witnesses in this case. Impeachment information as well as exculpatory evidence falls within *Brady's* definition of evidence favorable to the accused. *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976). Therefore, this request also includes and is not limited to the following impeachment material:

a. Witness statements favorable to the defendant. *See Jackson v. Wainwright*, 390 F.2d 288, 295 (5th Cir. 1968); *Clemmons v. Delo*, 124 F.3d 944, 952 (8th Cir. 1997) (finding *Brady* violation where government failed to disclose memo written by key prosecution witness accusing third party of committing crime);

b. The existence of witnesses favorable to the defense. *U.S. ex rel. Meers v. Wilkins*, 326 F.2d 135, 138 (2d Cir. 1964);

c. Negative exculpatory statements, such as statements by informed witnesses that fail to mention the defendant's involvement in the crime. *Clemmons v. Delo*, 124 F.3d 944, 952 (8th Cir. 1997); *United States v. Torres*, 719 F.2d 549, 555-56 (2d Cir. 1983); *Jones v. Jago*, 575 F2.d 1164, 1168 (6th Cir. 1978), *cert. denied*, 439 U.S. 883 (1978);

d. Any evidence tending to cast doubt on a witness's credibility. *See United States v. Abel*, 469 U.S. 45 (1984). Such evidence may include:

   (i) Material lies. *See United States v. Bernal-Obeso*, 989 F.2d 331, 336 (9th Cir. 1993);

   (ii) Prior inconsistent statements of a witness. *See Giles v. Maryland*, 386 U.S. 66, 74-80 (1964); *United States v. Serv. Deli Inc.*, 151 F.3d 938, 943 (9th Cir. 1998) (requiring new trial where government failed to disclose agent notes from early meetings with witness that contained contradictory statements); *United States v. Hanna*, 55 F.3d 1456, 1461 (9th Cir. 1995) (holding failure to produce prior inconsistent statements of arresting officer reversible error);

   (iii) Witness hostility. *See e.g.*, *United States v. Sperling*, 726 F.2d 69, 72 (2d Cir. 1984) (testimony motivated by revenge must be disclosed);

   (iv) Evidence that tends to call into question the capacity of the witness to observe or recall. *See e.g.*, *King v. Ponte*, 717 F.2d 635, 639-40 (1st Cir. 1983) (must disclose witness with unstable mental condition);

*United States v. Boyd*, 55 F.3d 239, 243-44 (7th Cir. 1995) (failure to reveal drug use by witness *Brady* violation); *Ballinger v. Kerby*, 3 F.3d 1371, 1376 (10th Cir. 1993) (failure to produce photo tending to impeach witness's point of view *Brady* violation).

(v) Evidence that is inconsistent with a witness's testimony. *See e.g., Mesarosh v. United States*, 352 U.S. 10 (1956); *United States v. Fisher*, 106 F.3d 622, 635 (5th Cir. 1997) (finding *Brady* violation requiring new trial for failure to disclose FBI report which contradicted government witness); *Derden v. McNeel*, 938 F.2d 605, 617 (5th Cir. 1991) (failure to disclose Sheriff's radio log which disproved chronology of events);

(vi) Rewards or promises, formal or informal, made to witnesses in exchange for testimony. *See Bagley*, 473 U.S. at 667; *Giglio*, 405 U.S. at 155; *Singh v. Prunty*, 142 F.3d 1157, 1161-63 (9th Cir. 1998);

(vii) Information concerning prior bad acts. *See Bernal-Obeso*, 989 F.2d at 337; *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988);

(viii) Prior criminal record, including parole, probation, or supervised release status. *See Strifler*, 851 F.2d at 1202; Davis v. Alaska, 415 U.S. 308, 320 (1974);

(ix) Juvenile court records. *See e.g., Camitsch v. Risley*, 705 F.2d 351, 354 (9th Cir. 1983);

(x) Pre-sentence reports of witnesses or co-defendants. *See e.g., United States v. McKinney*, 758 F.2d 1036, 1048 (5th Cir. 1985); *United States v. Figurski*, 545 F.2d 389, 391 (4th Cir. 1976); *United States v. Anderson*, 724 F.2d 596, 598 (7th Cir. 1984);

(xi) Reports of witness psychiatric treatment. *See e.g.*, *United States v. Devin*, 918 F.2d 280, 289 (1st Cir. 1990); *United States v. Velazquez*, 847 F.2d 140, 143 (4th Cir. 1988); *United States v. Partin*, 493 F.2d

750, 763-64 (5th Cir. 1974); *United States v. Spagnoulo*, 960 F.2d 990, 995 (11th Cir. 1992);

 (xii) The witness's tax returns, especially when the witness is an informant. *See United States v. Wigoda*, 521 F.2d 1221, 1226 (7th Cir. 1975); *United States v. Robertson*, 634 F.Supp. 1020, 1029 (E.D. C.A. 1986);

(4) <u>Any Information That May result in a Lower or Higher Sentence Under The Guidelines</u>.

As discussed above, this information is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines. In addition, Mr. Oseguera would specifically request any evidence as it relates to the proof required to establish Count 2 of the indictment related to the 18 U.S.C. § 924(c)(1)(B)(ii), possession of a machine gun.

(5) <u>The Defendant's Prior Record</u>. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(D). Counsel specifically requests a complete copy of any criminal record.

(6) <u>Any Proposed 404(b) Evidence</u>. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C), and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given at least six weeks before trial in order to give the defense time to adequately investigate and prepare for trial.

(7) <u>Evidence Seized</u>. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

(8) <u>Request for Preservation of Evidence</u>. The defense specifically requests that all dispatch tapes or any other physical evidence that may be tested, lost, or otherwise put out

of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved.

(9) <u>Tangible Objects</u>.  The defense requests, under Fed. R. Crim. P. 16(a)(1)(E) the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.

(10) <u>Evidence of Bias or Motive to Lie</u>.  The defense requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).  This includes any inducement or promise made to any cooperating government witness including but limited to a promise of leniency in charges or sentence or immigration consequences.  This also includes payment to any cooperating witness or his/her family.

(11) <u>Impeachment evidence</u>.  Mr. Oseguera requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. *See* Fed. R. Evid. 608, 609, and 613.  Such evidence is discoverable under *Brady v. Maryland*, *supra*. *See United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

(12) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. *United States v. Chitty*, 760 F.2d 425 (2d Cir. 1985).

(13) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>.  Mr. Oseguera requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other

controlled substance, or has ever been an alcoholic. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980).

(14) <u>Witness Addresses</u>.  The defense requests the name and last known address of each prospective government witness. *See United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); *United States v. Cook*, 608 F.2d 1175, 1181 (9th Cir. 1979)) (defense has equal right to talk to witnesses).  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof who will *not* be called as a government witness). *United States v. Cadet*, 727 F.2d 1453 (9th Cir. 1984).

(15) <u>Name of Witnesses Favorable to the Defendant</u>.  Mr. Oseguera requests the name of any witness who made any arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. *Jackson v. Wainwright*, 390 F.2d 288 (5th Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir.), *cert. denied*, 439 U.S. 883 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980).

(16) <u>Statements Relevant to the Defense</u>.  Mr. Oseguera requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982).  This request includes any defense related to jurisdiction or lack of jurisdiction.

This request would also include Grand Jury transcripts.  This court is required to disclose grand jury transcripts upon a showing by the defendant that a "particularized need" for the transcripts outweighs the policy of grand jury secrecy. *Dennis v. United .States*, 384 U.S. 855, 868-875 (1966). In determining the need for secrecy in a given case the court must determine whether:

> [there is a] need to prevent the escape of prospective indictees;
> [there is a] need to insure freedom to the grand jury in its deliberations;
> [there is a] need to prevent subornation of perjury and tampering with witnesses by targets of the investigation;
> [there is a need] to encourage free disclosure by witnesses before the grand jury;
> [there is a ] need to protect those exonerated by the grand jury from disclosure of the fact that they were under investigation.

*In re Grand Jury Proceedings*, 62 F.3d 1175, 1179-1180 n. 2 (9th Cir. 1995) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 n. 6 (1958)).

The government must ultimately produce a transcript of the testimony before the Grand Jury after direct examination of the witness at trial. *See Dennis v. United States*, 384 U.S. 855 (1966); Fed. R. Crim. P. 26.2(f)(3). They simply cannot show prejudice in disclosing grand jury testimony early that inevitably must be disclosed. Mr. Oseguera therefore requests the government make such testimony and transcripts available in advance of the motions hearing and trial dates to facilitate the orderly presentation of evidence and remove any need for a recess in the proceedings for defense counsel to examine the statements pursuant to Fed. R. Crim. P. 26.2(d).

(17) <u>Jencks Act Material</u>. The defense requests all material to which Mr. Oseguera is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes, or audio recordings. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963).

(18) <u>*Giglio* Information</u>. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, expressed or implied, made to any government witnesses.

(19) <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), the defendant requests the reports of all tests and examinations conducted upon the evidence in this case. Including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may

become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

This request specifically includes any forensic analysis of the Blackberry messages intercepted in this case and how it was determined Mr. Oseguera was an individual on these communications.

(20) <u>Henthorn</u> Material. The defense requests that the prosecutor review the personnel files of the officers involved in his arrests, and those who will testify, and produce to him any exculpatory information at least two weeks prior to trial and one week prior to the motion hearing. *See United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). In addition, Mr. Oseguera requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an *in camera* inspection.

(21) <u>Informants and Cooperating Witnesses</u>. Mr. Oseguera requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. *Roviaro v. United States*, 353 U.S. 53, 61-62 (1957). Mr. Oseguera also requests disclosure of any information indicating bias on the part of any informant or cooperating witness. *Giglio v. United States*, 405 U.S. 150 (1972). Such information would include inducements, favors, payments, or threats made to the witness to secure cooperation with the authorities.

(22) <u>Expert Witnesses</u> The defendant requests disclosure of any expert witnesses the government intends to call at trial and "a written summary of testimony that the government intends to use," including the "witnesses' opinions, the bases and the reasons for those opinions" and his or her qualifications. Fed. R. Crim. P. 16(a)(1)(F).

(23) <u>Training of Officers/Agents</u> Mr. Oseguera requests copies of any and all written policies and/or training manuals issued by the law enforcement agencies involved in the instant case.

(24) <u>Performance Goals and Policy Awards</u>  Mr. Oseguera requests disclosure of all information regarding the standards used for measuring, compensating and/or reprimanding the conduct of the law enforcement officers involved in the instant case.

(25) <u>Residual Request</u>  The defendant intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.  This request specifically includes all subsections of Rule 16.  Mr. Oseguera requests that the government provide him and his attorneys with the above requested material sufficiently in advance of trial.

## II.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS BASED UPON NEW DISCOVERY

To date, Mr. Oseguera and defense counsel have received voluminous discovery from the government.  The discovery consists almost entirely of line sheets of intercepted Blackberry messages that were intercepted.  However, there exists additional discovery required to be disclosed by the government.  It is anticipated that as new information comes to light, the defense will likely find it necessary to file further motions related to discovery.  Therefore, it is requested that defense counsel be allowed the opportunity to file further motions based upon new information gained through the discovery process.

## CONCLUSION

For the reasons stated above, Mr. Oseguera moves this Court to grant his motions.

Respectfully submitted,

/s/ Anthony E. Colombo, Jr.

Dated: March 21, 2024

**ANTHONY E. COLOMBO, JR.**
Attorney for Mr. Oseguera-Gonzalez