**ANTHONY E. COLOMBO, JR.**
California Bar No.218411
The Senator Building
105 West "F" Street, Ste. 312
San Diego, California  92101
Tele.: (619) 236-1704
Email: anthonycolombolegal@gmail.com

Attorney for Ruben Oseguera-Gonzalez

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

**(HONORABLE BERYL A. HOWELL)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RUBEN OSEGUERA-GONZALEZ, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 16cr00229-BAH <br><br> **NOTICE OF MOTION AND MOTION FOR A BILL OF PARTICULARS** |

TO: KATE M. NASEEF, TRIAL ATTORNEY, UNITED STATES ATTORNEY'S OFFICE; JONATHON HORNOK, TRIAL ATTORNEY, UNITED STATES ATTORNEY'S OFFICE; AND KAITLIN SAHNI, ACTING DEPUTY CHIEF UNITED STATES ATTORNEY'S OFFICE:

PLEASE TAKE NOTICE that as soon as counsel may be heard, defendant, Ruben Oseguera-Gonzalez ("Mr. Oseguera"), by and through his attorneys, Anthony E. Colombo, Jr., and Jan E. Ronis, will request this Court to enter an order granting the following motion for a Bill of Particulars.

# MOTION

Defendant, Ruben Oseguera-Gonzalez, by and through his attorneys, Anthony E. Colombo, Jr., and Jan E. Ronis, requests this Court pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules for an order to:

(1) For a Bill of Particulars;

This motion is based upon the instant motion and notice of motion, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Mr. Oseguera-Gonzalez requests oral argument be heard in support of this motion at the soonest date and time convenient to government counsel and the Court.

Respectfully submitted,

/s/ Anthony E. Colombo, Jr.

Dated: March 21, 2024

**ANTHONY E. COLOMBO, JR.**
Attorney for Mr. Oseguera-Gonzalez

**ANTHONY E. COLOMBO, JR.**
California Bar No.218411
The Senator Building
105 West "F" Street, Ste. 312
San Diego, California 92101
Tele.: (619) 236-1704
Email: anthonycolombolegal@gmail.com

Attorney for Ruben Oseguera-Gonzalez

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

**(HONORABLE BERYL A. HOWELL)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RUBEN OSEGUERA-GONZALEZ, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 16cr00229-BAH <br><br> **MEMORANDUM IN SUPPORT OF MOTION FOR A BILL OF PARTICULARS** |

**I.**

**ARGUMENT**

On February 1, 2017, a superseding grand jury indictment was filed against Mr. Oseguera alleging two counts:

Count 1 -

From in or around 2007, and continuing to the date of the filing of this Indictment, in the countries of Mexico, the United States and elsewhere, the Defendant, [], together with others, both known and unknown to the Grand Jury, did knowingly, intentionally, and willfully conspire to distribute: (1) five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and (2) five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Scheduled II controlled substance, knowing and intending that such substances would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code,

Section 959(a); all in violation of Title 21, United States Code, Section 963 and Title 18, United States Code, Section 2.

With respect to the Defendant, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine and five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of Title 21, United States Code, Sections 960(b)(1)(B) and 960(b)(1)(H), respectively.

Count 2 -

From in or about 2007, and continuing thereafter, up to and including the date of the filing of this Indictment, both dates being approximate and inclusive, pursuant to Title 18, United States Code Section 3238, within the venue of the United States District Court for the District of Columbia, the defendant [], did knowingly and intentionally use, carry and brandish firearms, including destructive devices, during and in relation to one or more drug trafficking crimes, to wit: the crime charged in Count One, and did knowingly and intentionally possess firearms, including destructive devices, in furtherance of such drug trafficking crimes, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(I), 924(c)(1)(A)(ii), 924(c)(1)(B)(ii), and Title 18, United States Code, Section 2.

*See* ECF 6 - Superseding Indictment.

The superseding indictment does not specify any particular activity by Mr. Oseguera or set forth any overt acts committed by Mr. Oseguera. The superseding indictment does not set forth any particular acts of distribution or importation between the dates alleged, 2007 and 2017, a ten year period. The superseding indictment does not set forth the other co-conspirators Mr. Oseguera allegedly conspired with during the course of an alleged ten year conspiracy. The superseding indictment also does not set forth any particular dates or incidents Mr. Oseguera used or possessed firearms or destructive devices in relation to drug trafficking activity. It also does not set forth any particular firearm or destructive device used.

The lack of detail in the superseding indictment leaves Mr. Oseguera to guess at all the details within a ten year period that may establish the alleged crimes.

Under Federal Rule of Criminal Procedure 7(f) "[t]he court may direct the government to file a bill of particulars." A bill of particulars serves three functions: "'[1] to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [2] to avoid or minimize the danger of surprise at the time of trial, and [3] to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague, and indefinite for such purposes.'" *United States v. Giese*, 597 F.2d 1170, 1180-81 (9th Cir. 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976)). "To obtain a bill of particulars, a defendant must show that 'the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.'" *See United States v. Torres*, 901 F.2d 205, 234 (2nd Cir. 1990); *see also United States v. Feola*, 651 F.Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2nd Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110 (1989). If the information contained in the indictment is insufficient to allow the accused to prepare his defense, the district court should order the government to file a bill of particulars. *See Giese*, 597 F.2d 1180-81. Defendants are entitled to know the government's theory of prosecution. *Id*. at 1181.

A bill of particulars is warranted where it will enable adequate preparation of the defense and prevent surprise at trial. Fed. Rule Crim. Pro. 7(f); *see also Giese*, 597 F.2d at 1180. A bill of particulars provides a defendant with the details of the charges necessary to present a defense, to avoid prejudicial surprise at trial, and to protect against a second prosecution based on the same facts. *See United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (noting also that a bill of particulars ensures that the defendant is tried on the basis of facts presented to a grand jury).

Mr. Oseguera has the right under the Fifth and Sixth Amendments, and Fed. R. Crim. P. 7(f), to notice of the charges against him and to a fair trial with an opportunity to defend himself against the charges. In addition, a bill of particulars guarantees a defendant's Fifth Amendment right to be tried on a charge found by a Grand Jury, as a defendant is entitled

to know the government's theory as to a particular count. *See Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963). This is true even where the indictment states all the ingredients of the offense. *Myers v. United States*, 15 F.2d 977, 983 (8th Cir. 1926) ("The office of a bill of particulars attaches without distinction, where the indictment states all the ingredients of the offense and further detail may be required or demanded for the protection of the defendant"); *see also United States v. Thompson*, 189 F. 838, 839 (W.D.Va. 1911) ("An indictment may be so expressed as to be good on demurrer and which still does not give the defendant all the information which he should in fairness have in order to properly prepare for trial, and in such case the defects in the indictment, in Federal practice, may be overcome by a bill of particulars").

In the instant case the indictment is vague with regard to the acts that establish the allegations in the superseding indictment. Currently, Mr. Oseguera is required to guess at what acts during a ten year period may establish the allegations in the case. He must, unfortunately, plan a defense around anything and everything that may be remotely related to the allegations in the superceding indictment that occurred over the course of the ten year conspiracy. Further compounding this problem, given the allegations in the indictment, is that Mr. Oseguera must also be prepared to address any conduct he did not engage in himself but committed by others that may have been "reasonably foreseeable" to him. This requirement, "[i]n effect, [shifts] the burden of proof impermissibly." *See United States v. Bortnovsky*, 820 F.2d 572, 575 (2nd Cir. 1987).

While the government has disclosed voluminous discovery, it consists almost entirely of line sheets created from intercepted Blackberry messages. The voluminous discovery does nothing to enlighten Mr. Oseguera as to what acts establish the allegations in the superseding indictment. The government's notice obligation is simply not fulfilled by "providing mountains of documents to defense counsel who are left unguided" as to which of the vast discovery establishes the allegations in the indictment. *See Bortnovsky*, 820 F.2d at 575. Mr. Oseguera requests a bill of particulars so that he has sufficient notice to

defendant himself against the broad sweeping allegations in the superseding indictment. The need for a bill of particulars in cases such as this case involving broad conspiratorial allegations is well recognized. *See e.g.*, *United States v. Hubbard*, 474 F.Supp. 64, 81 (D.D.C. 1979) (ordering the government to provide a list of all unindicted co-conspirators and all overt acts in furtherance of the conspiracy but not named in the indictment); *United States v. Mannino*, 480 F.Supp. 1182, 1185 (S.D.N.Y. 1979) (ordering bill of particulars with regard to co-conspirators and overt acts); *United States v. Chovanec*, 467 F.supp. 41, 46 (S.D.N.Y. 1979) (same).

In addition, clarification is required to avoid an evidentiary variance as the government cannot proceed upon a different theory (different language) than that relied upon by the Grand Jury that issued the indictment. *See United States v. Duran*, 189 F.3d 1071, 1082 (9th Cir. 1999) (a defendant's substantial rights may be prejudiced by a variance between indictment and proof at trial). Undoubtably, the government presented more specific and detailed information to obtain the superseding indictment than that contained in the superseding indictment itself. The information is required for notice as well as for Mr. Oseguera to adequately prepare a defense in this case.

                                          Respectfully submitted,

                                          /s/ Anthony E. Colombo, Jr.

Dated: March 21, 2024              **ANTHONY E. COLOMBO, JR.**

                                          Attorney for Mr. Oseguera-Gonzalez