UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 16-CR-229-BAH |
| v. | : |
| RUBEN OSEGUERA-GONZALEZ, | : |
| Defendant. | : |

**OPPOSITION TO MOTION TO COMPEL DISCOVERY
AND TO GRANT LEAVE TO FILE FURTHER MOTIONS
BASED UPON NEW DISCOVERY [DKT. 114]**

The United States, for the reasons described below, respectfully requests that this Court deny the defendant's *Motions to Compel Discovery and Grant Leave to File Further Motions Based Upon New Discovery*, Dkt. 114, (II) insofar as the government has already complied with the request; (III) because it does not comply with local rule 16.1.; (IV) because premature disclosure would endanger government witnesses; and (V) because the request pertains to material that is not discoverable.

I. BACKGROUND

The defendant was charged in an indictment on December 14, 2016, Dkt. 1, which was superseded on February 1, 2017, Dkt. 6. Trial is scheduled to commence on September 9, 2024. On December 19, 2016, the Court docketed its standing order. Dkt. 5. In that order, "the Court strongly encourage[d] the parties to attempt to resolve all discovery disputes informally" and directed that "[i]f a party must file a motion pertaining to a discovery matter, the motion must comply with Local Criminal Rule 16.1." *Id.* at 1 n.1. Local Criminal Rule 16.1 provides the following: "No discovery motion shall be heard unless it states that defense counsel has previously requested

1

that the information sought from the attorney for the United States and that such attorney has not complied with the request."

On March 21, 2024, the defendant filed his *Motions to Compel Discovery and Grant Leave to File Further Motions Based Upon New Discovery*. Dkt. 114. At the outset of his thirteen-page filing, the defendant concedes that "the government has provided voluminous discovery." *Id.* at 3. But he alleges that "a majority of the evidence subject to disclosure has not been provided." *Id.* The defendant's motion then proceeds through twenty-five requests, ending with a "Residual Request." *Id.* at 3–13.

## II. THE COURT SHOULD DENY THE MOTION INSOFAR AS THE GOVERNMENT HAS ALREADY COMPLIED WITH THE REQUEST.

As the defendant admits, "the government has provided voluminous discovery." *Id.* at 3. The government has done so because it has complied with and will continue to comply with its discovery obligations under this Court's local rules and orders, rules 16 and 26.2 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the binding case-law in this circuit. Specifically, the government has disclosed tranches of discovery on the following dates:

- 28-Feb-2020:   Bates 1–2501;
- 17-Mar-2020:   Bates 2502–6795;
- 1-Apr-2020:   Bates 6796–12019 and 2257A–2495A;
- 13-Apr-2020:   Bates 12020–12054;
- 19-May-2020:   Bates 12055–12320;
- 29-Jul-2020:   Bates 12321–12966;
- 25-Aug-2020:   Bates 12967–45159, including bates 13093–43197 in a searchable Relativity database;

- 8-Sep-2020: Bates 45160–50310 in a searchable Relativity database;
- 2-Nov-2023: Bates 50311–50337;
- 29-Feb-2024: Bates 50338–50444;
- 14-Mar-2024: Bates 50445–50476; and
- 29-Mar-2024: Bates 50477–50540.

While most of the discovery material was disclosed three to four years ago, the government continues to disclose material as it is created or identified. For example, the most recent disclosure included the video from the witness deposition in February and material that the government identified while doing a DEA-wide search for potentially discoverable material.[1] The government has also been working with counsel for the defendant to resolve discovery requests. For example, on March 14, 2024, the government sent defense counsel a copy of the plea agreement and factual basis that the defendant signed in April 2023, among other requested materials.

As the parties prepare for trial, the government will continue to comply with and exceed its discovery obligations. For example, the government has already told defense counsel that it will—before trial—disclose 18 U.S.C. § 3500 and *Giglio* material pertaining to all the witnesses the government expects to call at trial, including information regarding payments, prior convictions, and promises of immunity, leniency, or preferential treatment. The government will also continue to disclose any potential *Brady* material as soon as the character of such information is recognized. At this time, the government is unaware of any information favorable to

---

[1] The agents conducted a search of agent reports across DEA to ensure that the government complied with its discovery obligations.

the defendant that is material either to guilt or to punishment as defined by *Brady* and its progeny that has not yet been disclosed to the defendant.

Turning to the defendant's motion, the majority of his requests are general restatements of the government's existing discovery obligations, with which the government has already complied. Specifically, the government has either already complied with the following requests,[2] or the requests are simply general restatements of existing discovery law in this circuit:[3] "(1) The Defendant's Statements"; "(2) Arrest Reports, Notes and Dispatch Tapes," excluding his requests pertaining to intercepted BlackBerry Messenger communications;[4] "(3) Brady Material"; "(4) Any Information That May result in a Lower or Higher Sentence Under The Guidelines"; "(5) The Defendant's Prior Record"; "(7) Evidence Seized"; "(8) Request for Preservation of Evidence"; "(9) Tangible Objects"; "(10) Evidence of

---

[2] In some cases, the government has responded to the defendant that it does not possess any information responsive to the defendant's request and has thus complied with the request even though nothing has actually been disclosed in response to the request. For example, in its February 28, 2020, discovery letter, the government told defense counsel that "[t]he defendant has no known prior criminal record in the United States" and that "[t]he Government is unaware of any information 'favorable to an accused' that is 'material either to guilt or to punishment' under *Brady v. Maryland*" that had not already been produced.

[3] The defendant relies heavily on caselaw from the Ninth Circuit, which is not binding on this Court. Insofar as the government has already complied with the defendant's requests, there is no need for this Court to decide whether to adopt the holdings or reasoning of the Ninth Circuit cases the defendant cites.

[4] The defendant's request in part (2) consists of two paragraphs. This section deals with the first paragraph, which is a general request for arrest reports, notes, and dispatch tapes. The defendant's request in the second paragraph is addressed in section V below.

Bias or Motive to Lie"; "(11) Impeachment evidence"; "(12) Evidence of Criminal Investigation of Any Government Witness"; "(13) Evidence Affecting Perception, Recollection, Ability to Communicate"; "(15) Name of Witnesses Favorable to the Defendant"; "(19) Reports of Scientific Tests or Examinations"; "(22) Expert Witnesses"; and "(25) Residual Request." Dkt. 114 at 3–13. Accordingly, the defendant has not presented an actual discovery dispute with respect to sixteen of his twenty-five requests. And insofar as the government has already complied with the defendant's requests and the defendant has not presented an actual discovery dispute, the Court should deny the motion with respect to items 1–5,[5] 7–13, 15, 19, 22, and 25.

### III. THE COURT SHOULD DENY THE MOTION BECAUSE IT DOES NOT COMPLY WITH LOCAL RULE 16.1.

Rule 16.1 of this Court's Local Criminal Rules provides that "[d]efense counsel . . . shall attempt to obtain voluntary discovery of all materials and information to which the defense may be entitled." In support of that requirement, rule 16.1 further provides that "[n]o discovery motion shall be heard unless it states that defense counsel has previously requested that [*sic*] the information sought from the attorney for the United States and that such attorney has not complied with the request." This rule makes sense. It promotes judicial efficiency by encouraging the

---

[5] The defendant's request in the second paragraph of request (2) is addressed in section V below.

parties to resolve discovery disputes on their own without court intervention and by requiring defense counsel to come to the court with actual, specific discovery disputes.

The defendant's motion does not include the two necessary statements required by local rule 16.1: first, that defense counsel has already asked the government for the information it seeks; and second, that the government has refused. The defendant's failure is not merely a technical one. In addition to the requests with which the government has already complied, *see supra.* section II, the defendant makes specific requests in his motion for which he has not sought voluntary compliance. Specifically, defense counsel has not attempted to work with the government to resolve his requests for the following: "(6) Any Proposed 404(b) Evidence," including the timing of such disclosure; "(14) Witness Addresses"; "(16) Statements Relevant to the Defense," specifically the grand jury transcripts he requests[6]; "(23) Training of Officers/Agents"; and "(24) Performance Goals and Policy Awards."

Therefore, the defendant has both technically and substantively failed to comply with this Court's standing order, Dkt. 5, and local rule 16.1 by failing to present any specific, actual discovery disputes. On this basis alone, the Court should deny the motion in its entirety.

---

[6] In a letter to the government dated January 13, 2024, the defendant requested "Statements Relevant to the Defense," but the request made no mention of grand jury transcripts.

6

IV. THE COURT SHOULD DENY THE MOTION BECAUSE DISCLOSURE
WOULD ENDANGER GOVERNMENT WITNESSES.

Next, the defendant has asked this Court to compel pretrial disclosure of material that would endanger government witnesses, including Jenks Act and *Giglio* material and the "names and addresses of all informants or cooperating witnesses used or to be used in this case." Dkt. 114 at 11–12. Specifically, the defendant has asked for disclosure of the following "reasonably in advance of trial": "(10) Evidence of Bias or Motive to Lie"; "(11) Impeachment evidence"; "(12) Evidence of Criminal Investigation of Any Government Witness"; "(13) Evidence Affecting Perception, Recollection, Ability to Communicate"; "(14) Witness Addresses"; "(17) Jencks Act Material"; "(18) *Giglio* Information"; "(20) *Henthorn* Material; and "(21) Informants and Cooperating Witnesses," including their names and addresses. *Id.*

To begin, the government is aware of its obligations under the Jenks Act and *Giglio*. Accordingly, the government will disclose the government's witness list, Jencks Act, 18 U.S.C. § 3500, material, and *Giglio* material no later than fourteen days before the trial in this case. Based on the number of witnesses the government is vetting and the quantity of associated material, the government believes that two weeks is sufficient for the defendant's team of attorneys to review and prepare to use the material effectively at trial.

Next, the Jenks Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the

trial of the case." 18 U.S.C. § 3500(a). Put simply, the statute prohibits mandatory pretrial disclosure of the material to which it pertains. This prohibition manifests the balance struck by the Congress between a defendant's interest in disclosure with the public's interest in, among other things, protecting government witnesses from tampering or worse. Bluntly, the late disclosure prevents defendants, or others, from identifying and eliminating potential government witnesses. That concern is particularly relevant in this case where, since the defendant's extradition to the United States, two potential government witnesses have been murdered in Mexico.[7] This Court must balance the same interests when determining when other material should be disclosed. Like Jenks Act material, *Giglio* material and the "names and addresses of all informants or cooperating witnesses used or to be used in this case," Dkt. 114 at 11–12, and similar information the defendant has requested necessarily reveals the identity of government witnesses and exposes them to obstruction and unnecessary dangers. Further, the defendant has not cited any cases in this Circuit, or any other Circuit, that requires the government to disclose the addresses of cooperating witnesses.

This Court has already addressed and balanced these concerns in the context of the companion case against the defendant's sister, Jessica Johanna Oseguera Gonzalez, in case number 1:20-CR-00040. In that case, the defendant requested

---

[7] The Government has no evidence to indicate that the defendant was involved in these murders.

8

disclosure thirty days before trial. *United States v. Oseguera Gonzalez*, Case No. 1:20-CR-00040, Min. Order (Feb. 10, 2021). As in this case, the defendant failed to present any legal authority requiring pretrial disclosure of Jenks Act material. *Id.* And like in this case, the defendant failed to present any "particularized reason for earlier disclosure besides the earlier volume of unrelated discovery." *Id.* This Court thus did "not compel the government to disclose the evidence sooner than 14 days before trial." *Id.* (citing local criminal rule 5.1(f); *United States v. Ford*, Crim. Action No. 15-25 (PLF), 2016 WL 482871, at *5 (D.D.C. Feb. 4, 2016); *United States v. Pray*, 764 F. Supp. 2d 184, 189 (D.D.C. 2011)).

Finally, the defendant has provided no binding authority in this circuit requiring the government to comply with *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). *See United States v. Palfrey*, 515 F. Supp. 2d 120, 127 (D.D.C. 2007) (denying motion to compel disclosure of personnel files of all testifying law enforcement witnesses). The defendant has not presented any particularized reason for expedited disclosure of *Giglio* material pertaining to law enforcement witnesses. The government is complying with its standard process for review of potential *Giglio* material pertaining to anticipated law enforcement witnesses and will "produce to [the defendant] any exculpatory information," Dkt. 114 at 12, no later than fourteen days before the trial in this case.

In sum, in compliance with its discovery obligations, the government will disclose its witness list, Jenks Act material, and *Giglio* material no later than fourteen days before the trial, which is sufficient for the defendant to make effective

9

use of the material at trial. Accordingly, this Court should deny the motion with respect to parts 10–14, 17–18, and 20–21.

## V. THE COURT SHOULD DENY THE MOTION BECAUSE IT PERTAINS TO MATERIAL THAT IS NOT DISCOVERABLE.

Finally, the defendant has asked this Court to compel disclosure of material to which he is not entitled. Specifically, "(2) Arrest Reports, Notes and Dispatch Tapes," pertaining to Title III interception of BlackBerry Messenger communications; and "(16) Statements Relevant to the Defense," including his request for grand jury transcripts. Dkt. 114 at 4–5, and 10–11.

First, the defendant is not entitled to all information pertaining to the Title III investigation. Instead, the defendant must demonstrate that the requested materials are subject to disclosure. The defendant has failed to do so. Specifically, pen registers, recordings referenced in the wiretap application, and the wiretap applications and orders submitted or issued in 2012 in different cases out of the United States District Court for the Northern District of Illinois and Riverside County, California, Superior Court do not fit into any of the rule 16 categories for disclosure.

Pursuant to rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, the government must provide evidence that (i) is "material" in preparing a defense; (ii) the government intends to use in its case-in-chief; or (iii) was obtained from or belongs to the defendant. Evidence is material if "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Pray*, 734 F. Supp. 2d at 159 (citing *Untied States v. Libby*, 429 F.Supp.2d 1, 7 (D.D.C.

10

2006)). The defendant fails to assert that any of the wiretap-related evidence sought is "material."

Additionally, wiretap progress reports, which are not required under the wiretap statue, and report summaries are not material evidence requiring disclosure especially when—as is the case here—"the Government has produced to Defendant[] the evidence itself"—including the BlackBerry messages obtained, the wiretap application, and the orders relating to the wiretap application. *Pray*, 734 F. Supp. 2d at 159–60. Finally, the government does not need to disclose the information sought in request (2) because the government "does not intend to introduce" the information sought pertaining to wiretaps of BlackBerry Messenger. Fed. R. Crim. P. 16(a)(1)(E)(ii); *Pray*, 734 F. Supp. 2d at 159–60. To the extent any of the items requested constitute *Giglio* or Jenks Act materials, such materials will be provided within fourteen days prior to trial.

Next, the defendant seeks the grand jury transcript, but pursuant to rule 6(e) of the Federal Rules of Criminal Procedure, the government "must not disclose a matter occurring before the grand jury" unless the defendant overcomes the strong interest in grand jury secrecy by demonstrating that one of a few narrow exceptions applies. The defendant fails to identify any such exception. And, although the defendant states that "upon a showing by defendant that a 'particularized need' for the transcript outweighs the policies of grand jury secrecy," Dkt. No. 114 at 10 (citing *Dennis v. United States*, 384 U.S. 855, 868–75 (1966)), the defendant fails to articulate any need for the grand jury transcript, let alone a substantial or particularized need.

11

Additionally, the defendant is wrong when he asserts that disclosure of the grand jury transcript is "inevitabl[e]" pursuant to Fed. R. Crim. P. 26.2(f)(3). Dkt. No 114 at 11. The government does not intend to produce the grand jury transcript to the defendant because the witness who testified before the grand jury is not expected to testify at trial. Therefore, the defendant is not entitled to disclosure of the grand jury transcript, and this Court should deny his request to compel this secret material.

## VI. CONCLUSION

For all these reasons, the defendant's motion should be denied. The Government also respectfully requests that the Court exercise its discretion under local criminal rule 47(f) to deny the motion without a hearing.

Respectfully Submitted,

MARLON COBAR
Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By:   */s/ Jonathan R. Hornok*
Jonathan R. Hornok
Kate Naseef
Trial Attorneys
Kaitlin Sahni
Acting Deputy Chief
Narcotic and Dangerous Drug Section
Criminal Division,
U.S. Department of Justice
Washington, D.C. 20530
Telephone: (202) 514-0917

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing (ECF) system with the United States District Court for the District of Columbia to counsel of record for the defendant, this 4th day of April 2024.

By: /s/ *Jonathan R. Hornok*
Jonathan R. Hornok
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
