UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No.: 16-CR-229 (BAH) |
| ) | |
| v. ) | |
| ) | |
| RUBEN OSEGUERA-GONZALEZ ) | |
|    also known as "Menchito," ) | |
|    "Rubencito," "Rojo," "Ruso," ) | |
|    "Junior," and "El Nino," ) | |
| ) | |
| ) | |
|              Defendant. ) | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION FOR BILL OF PARTICULARS

The United States respectfully submits this Opposition to Defendant Ruben Oseguera-Gonzalez's Notice of Motion and Motion for a Bill of Particulars [Dkt. No. 115] ("Motion" or "Mot."). In his Motion, the Defendant requests three categories of information: 1) overt acts of the charged conspiracy; 2) identities of coconspirators; and 3) particular dates, incidents, and specifics about firearm or destructive device related to Count Two of the Superseding Indictment. As set forth below, the Defendant is not entitled to a bill of particulars because the Superseding Indictment is sufficiently specific, the information he seeks is available in "some other form," and his request is untimely. Accordingly, the Court should deny the Motion without a hearing.

### I.    BACKGROUND

On February 1, 2017, a federal grand jury sitting in the District of Columbia returned and filed a Superseding Indictment charging the Defendant with the following offenses: in Count One, with conspiracy to distribute five kilograms or more of cocaine, and 500 grams or more of

1

methamphetamine, knowing and intending that these controlled substances would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 963, 959(a), 960(b)(1)(B)(ii), and 960(b)(1)(H); and in Count Two, with the use and possession of a firearm during and in relation to the drug trafficking conspiracy charged in Count One, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(B)(ii), and 2.  Dkt. No. 6.

On July 3, 2015, the Defendant was arrested by Mexican law enforcement authorities. Shortly after securing the Superseding Indictment, the Government submitted an official extradition package to Mexican authorities in May 2017—a copy of which was produced to the Defendant pursuant to Mexican extradition requirements.

The Defendant was extradited to Washington, D.C., on February 20, 2020.  At arraignment, on February 21, 2020, the Government requested that the Defendant be detained pending trial.  The Government filed a motion in support of pretrial detention on February 25, 2020, alleging that the Defendant was a leader of a large-scale drug trafficking organization known as the Cartel de Jalisco Nueva Generacion ("CJNG"), who facilitated the drug trafficking conspiracy, including through acts of violence.  Dkt. No. 13.  The Government also alleged that the conspiracy spanned over a decade and extended from Colombia, through Central America, and into the United States.

In March 2023, the parties negotiated a plea agreement, which the Defendant signed on April 4, 2023.  The plea agreement included a "Joint Statement of Stipulated Facts"—which the Defendant also signed on April 4, 2023.  The Joint Statement of Stipulated Facts set forth details that the Government deemed relevant and sufficient for the Court to accept the Defendant's guilty plea on both counts charged in a Superseding Information, which included the same two Counts as the Superseding Indictment but did not include 18 U.S.C. § 924(c)(1)(B)(ii)

(possession of a destructive device) in Count Two. On April 11, 2023, a day before the scheduled change-of-plea hearing, defense counsel informed the Government that the Defendant no longer wished to enter a guilty plea.

On February 21, 2024, the Government deposed a material witness before this Court, pursuant to Federal Rule of Criminal Procedure 15 ("Rule 15 deposition"). The witness testified about specific events related to the charged conspiracy. Defense Counsel cross-examined the witness.

The trial is scheduled to begin on September 9, 2024. The Government's evidence at trial will include testimony from cooperating witnesses involved in the alleged drug trafficking and related activities, who had direct communications with the Defendant, testimony from law enforcement witnesses, and lawfully intercepted communications. The Government has produced extensive discovery, including intercepted communications and law enforcement reports. The Government will produce material discoverable pursuant to *United States v. Giglio*, 405 U.S. 150 (1972) and 18 U.S.C. § 3500 related to the witnesses at least two weeks ahead of trial.

## II.    LEGAL STANDARD

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment need only set forth a "plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment must set forth the elements of the offense and adequately inform the accused of the specific offense with which he is charged to shield him from future jeopardy. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 107-09 (2007) (citing *Hamling v. United States*, 418 U.S. 87, 117-19 (1974)). In a narcotics conspiracy case, the government "need neither

allege nor prove the commission of an overt act." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (citing *United States v. Shabani*, 513 U.S. 10, 15 (1994)).

As this Court has explained in a similar case involving an international narcotics conspiracy, defendants "are not entitled to a bill of particulars as a matter of right, and the Court need only grant a defendant's request upon determining that a bill of particulars is necessary." *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 146 (D.D.C. 2015) (citing Fed. R. Crim. P. 7(f)); *see also United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (explaining that the ultimate test is whether a bill of particulars is necessary and denying defendant's request for particulars). A bill of particulars is appropriate only where necessary to "'allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges.'" *Sanford Ltd.*, 841 F. Supp. 2d at 315 (citation omitted); *see also United States v. Edelin*, 128 F. Supp. 2d 23, 36-37 (D.D.C. 2001) (explaining purpose of bill of particulars is to inform defendant of nature of charges, allow preparation of defense, avoid unfair surprise, and allay double jeopardy concerns).

Moreover, "if the requested information is available in some other form," a bill of particulars is not warranted. *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). On that basis, judges in this District have frequently denied requests for a bill of particulars where the government had disclosed the requested information through discovery and pleadings. *See, e.g.*, *United States v. Mack*, 53 F. Supp. 3d 179, 190-91 (D.D.C. 2014) (denying motion for bill of particulars because indictment, government's reply brief, and discovery sufficiently detailed the allegations); *United States v. Martinez*, 764 F. Supp. 2d 166, 173-74 (D.D.C. 2011) (denying motion for bill of particulars because the fact that the government provided "ample discovery to defendant" showed that "the requested information [was] available in another form" (citation

omitted)); *United States v. Gray*, 723 F. Supp. 2d 82, 86 (D.D.C. 2010) (denying motion for bill of particulars because "information sought by defendant [was] available to him through the full discovery provided by the government"); *Edelin*, 128 F. Supp. 2d at 37 ("The voluminous discovery already provided to the defendants in this case more than compensates for the lack of a bill of particulars."); *United States v. Cooper*, 91 F. Supp. 2d 79, 84 (D.D.C. 2000) (denying motion for bill of particulars where indictment provided "each of the violations involved, the dates and times of those violations, and the statutes violated," supplemented with ample discovery).

Further, "[i]t is not the function of a bill of particulars to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (citation omitted). A bill of particulars "is not to be used as 'a discovery tool or a devise for allowing the defense to preview the government's theories or evidence.'" *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (citation omitted); *see also Sanford Ltd.*, 841 F. Supp. 2d at 316 (explaining that the role of a bill of particulars is "'not to provide the defendant with the fruit of the government's investigation'" (citation omitted)).

In an international narcotics conspiracy case, an indictment is sufficiently specific if it identifies "the object of the conspiracy," "the statutes" the conspiracy violated, "a time period of the conspiracy," "the proper mens rea required under Section 963," and the "countries where the conspirators acted." *Mejia*, 448 F.3d at 445 (finding no abuse of discretion in district court's denial of motion for bill of particulars where defendants were charged with cocaine distribution conspiracy, in violation of 21 U.S.C. §§ 959(a), 960, and 963); *see also United States, v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 175 (D.D.C. 2015) (denying motion for bill of particulars where indictment charging conspiracy to import cocaine into the United States noted

5

statutes defendant allegedly violated, with corresponding *mens rea* requirements, dates, locations, and object of the conspiracy); *Martinez*, 764 F. Supp. 2d at 170-71 (denying motion for bill of particulars in narcotics distribution conspiracy case because indictment alleged "the essential facts," charged "the required elements," and barred "a second prosecution for the same offense").[1]

    A "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). Untimeliness is a factor courts may consider in evaluating whether a bill of particulars is warranted. *See, e.g.*, *United States v. Tajideen*, 319 F. Supp. 3d 445, 466 (D.D.C. 2018) (noting the "untimeliness of defendant's request," filed 308 days after arraignment and without "'an explanation for the significant departure from the 14-day default established by the rule,'" as a factor favoring the denial of the request (citation omitted)); *Mosquera-Murillo*, 153 F. Supp. 3d at 146 n.6 (noting that the motion for bill of particulars was filed "more than a year after [the defendant] was arraigned" and "many months after each of the defendants was arraigned," while Rule 7(f) contemplates a filing "promptly after the initiation of a criminal case").

---

[1] Courts have granted motions for bill of particulars typically because charging multiple defendants in the same conspiracy may necessitate additional information to prepare for defense. *See, e.g.*, *United States v. Ramirez*, 54 F. Supp. 2d 25, 30 (D.D.C. 1999) (holding that bill of particulars was necessary in narcotics conspiracy case where multiple defendants were charged with the same conspiracy over different time periods, including six days before the conspiracy ended); *see also United States v. Bazezew*, 783 F. Supp. 2d 160, 168-69 (D.D.C. 2011) (holding that bill of particulars was necessary in bribery conspiracy case where the indictment alleged only one overt act for each of sixteen defendants).

### III. ANALYSIS

The Court should deny the Defendant's request for a bill of particulars without a hearing. The Superseding Indictment is sufficiently specific, and the information the Defendant seeks is available to him in "some other form," including through voluminous discovery, filings, and other information the Government has already supplied. Moreover, the Motion is untimely, without an explanation for its delayed filing.

**1. The Indictment Is Sufficiently Specific**

The Superseding Indictment satisfies Rule 7(c)(1)'s standard of a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Therefore, the Court should deny the Motion.

The Defendant is charged in Count One of the Superseding Indictment with knowingly and intentionally conspiring to distribute specific threshold quantities of cocaine and methamphetamine in Mexico, the United States, and elsewhere between approximately 2007 and February 2017, knowing and intending that the drugs would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 963, 959(a), and 960. Count Two of the Superseding Indictment charges that the Defendant knowingly and intentionally used, carried, and brandished firearms, including a destructive device, during the same timeframe and in relation to the conspiracy charged in Count One, in violation of 18 U.S.C. §§ 924(c) and 2.

The Superseding Indictment in this case is sufficiently specific because it states the statutes violated and the corresponding *mens rea* requirements, the dates of the Defendant's involvement in the conspiracy and relevant locations, and the object of the conspiracy. *See Mejia,* 448 F.3d at 455. Count Two of the Superseding Indictment also identifies the specific firearm conduct—that is, "use, carry, and brandish" and "possess"; the applicable "drug

trafficking crime," specifically the drug distribution conspiracy charged in Count One; and the type of firearm triggering a higher mandatory minimum sentence, a "destructive device." *See United States v. O'Brien*, 560 U.S. 218, 224, 235 (2010) (holding that a weapon enhancement under U.S.C. § 924(c)(1)(B) is an element of the offense; recognizing that "[w]hether a firearm was used, carried, or possessed is … an element of the offense"; and noting that "[e]lements of a crime must be charged in an indictment…." (citations omitted)).  Thus, the Defendant is adequately apprised of the charges against him and can prepare a defense.  *See Bazezew*, 783 F. Supp. 2d at 168 (noting the purpose of a bill of particulars is to "'inform the defendant of the substantive facts *of the charges* against him, but not to discover the *evidentiary basis* for the charges'" (emphasis added) (citation omitted)); *United States v. Bourdet*, 477 F. Supp. 2d 164, 184 (D.D.C. 2007) (referencing *Mejia* and denying motion for bill of particulars in conspiracy case where indictment was "relatively spare" but "nonetheless sufficient to enable defendants to understand the charges against them and to prepare a defense").

Moreover, *Mejia* and subsequent cases in this District have clarified that an indictment charging a drug trafficking conspiracy need not allege overt acts or specify coconspirators' identities to withstand a motion for a bill of particulars.  For instance, in *Lorenzana-Cordon,* the defendants were charged with "knowingly and intentionally" conspiring "to manufacture and distribute cocaine" in several countries "from approximately March 1996 to April 2009, . . . knowing that the drugs would be unlawfully imported into the United States."  130 F. Supp. 3d at 174.  This court denied the defendants' request for overt acts, noting in cases "involving a narcotics conspiracy"—as this case—"an indictment need not specify overt acts because committing an overt act in furtherance of the conspiracy is not an element of the offense." *Id.* at 178; *see also Ramirez*, 54 F. Supp. 2d at 30 (citing authorities stating the same).  Moreover, in

8

rejecting defendants' request for coconspirators' identities, the *Lorenzana-Cordon* court echoed the government's "legitimate basis for concern about the safety" of coconspirators and the serious impediment the government's investigation could face. 130 F. Supp. 3d at 176 (citation omitted).

The Government has the same concerns in this case, given the violent history of the CJNG—the drug cartel of which the Defendant was a leader for years. Since the Defendant's extradition to the United States, two potential Government witnesses in this case have been murdered in Mexico. As detailed below, the Defendant's main coconspirators have been identified, but disclosing the identities of other coconspirators may place them and their families in danger if CJNG members suspect that the Government may call those coconspirators as witnesses at trial. *See United States v. Apodaca*, 275 F. Supp. 3d 123, 139 (D.D.C. 2017) (acknowledging significant safety concerns for cooperating witnesses and their families in case involving violent drug cartel); *Sanford Ltd.*, 841 F. Supp. 2d at 317-18 (rejecting request for coconspirators' identities, noting "[a]llowing Defendant a list of all the [coconspirators] who are envisioned in the allegations of the indictment would come dangerously close to providing Defendant with a list of prospective government witnesses" (citation omitted)); *cf. United States v. Palfrey*, 499 F. Supp. 2d 34, 52 (D.D.C. 2007) (granting motion to disclose identities of alleged co-conspirators where indictment alleged *nonviolent* offenses and government did *not* identify prejudice to its case due to such disclosure).

Despite this legal framework, the Defendant faults the Superseding Indictment for lacking details on "any overt acts" and the Defendant's "other co-conspirators." Mot. at 4. No such details are required. *See Mejia*, 448 F.3d at 445 ("[a]lthough the indictment did not allege any overt acts, the district court correctly found that the language of Section 963 does not call for

9

any to be set forth in an indictment." (internal citations and quotations omitted)); *see also Mosquera-Murillo*, 153 F. Supp. 3d at 147 (stating "the D.C. Circuit has rejected" defendants' request for overt acts or "factual basis for the charges" beyond what the *Mejia* court deemed necessary, i.e., identifying statutes violated, conspiracy time period and location, and governing *mens rea*); *Lorenzana-Cordon*, 130 F. Supp. 3d at 176-78 (applying *Mejia* standard, citing authorities, and denying request for identities of coconspirators); *Martinez*, 764 F. Supp. 2d at 173 (denying defendant's claim that he was "entitled to a bill of particulars disclosing the identities of his alleged co-conspirators").

Defendant's request for particulars on Count Two—i.e., particular dates, incidents, firearms, or destructive devices—is similarly improper. Mot. at 4. The Superseding Indictment sufficiently specifies the nature of the charge against the Defendant, including relevant statutes, elements, corresponding *mens rea*, and timeframe. It need not provide the evidentiary basis for the charge. *See Bazezew*, 783 F. Supp. 2d at 168 (noting the purpose of a bill of particulars is to "'inform the defendant of the substantive facts of the charges against him, but not to discover the evidentiary basis for the charges'" (citation omitted)).

The Defendant also relies on dated and/or inapposite cases from other jurisdictions[2] to support his request for particulars, claiming he is entitled to "know the government's theory of prosecution" in a bill of particulars—a claim rejected in cases within this District. Mot. at 5-6.

---

[2] For instance, the Defendant cites *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963), a case concerning the crime of "uttering counterfeit money" where the court of appeals upheld the trial court's denial of a bill of particulars. *See also Myers v. United States*, 15 F.2d 977, 983 (8th Cir. 1926) (cited in the Motion and concerning crimes related to "charged sales of intoxicating liquor . . . and unlawful possession of such," where the defendant also challenged the constitutionality of "the National Prohibition Act").

"A bill of particulars is not a discovery tool or a device for allowing the defense to preview the government's theories or evidence." *Mosquera-Murillo*, 153 F. Supp. 3d at 152 (internal alteration omitted) (citing *Sanford Ltd.*, 841 F. Supp. 2d at 316); *see also Sanford Ltd.*, 841 F. Supp. 2d at 316 (citing case law within this District stating the same); *Palfrey*, 499 F. Supp. 2d at 51-52 (analyzing defendant's request for bill of particulars and stating the government is not "required to disclose its theories" or proof of its case, nor "particulars that need not be proven at trial"); *Edelin*, 128 F. Supp. 2d at 37 ("It is not the function of a bill of particulars to provide detailed disclosure of the government's evidence in advance of trial." (citation omitted)).

In short, the Superseding Indictment is sufficiently specific under *Mejia*, and the Court should deny the Motion. The Superseding Indictment sets forth the necessary information for the Defendant to understand the charges against him, adequately prepare his defense, and avoid a second prosecution for the same offenses.

### 2. The Requested Information Is Available in Some Other Form

The Defendant seeks information that is available to him in "some other form." *Butler*, 822 F.2d at 1193 ("[I]f the requested information is available in some other form, then a bill of particulars is not required."). Therefore, the Court should deny the Motion without a hearing.

Although the Government is not legally required to parse out information available to the Defendant, it provides specifics here to assist the Court in ruling on the Motion without a hearing. *See United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017) (denying motion for a bill of particulars and noting, "bill of particulars is meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case"); *see also* Local Rule 47(f) ("A party may in a motion or opposition request an oral hearing, but its allowance shall be within the discretion of the Court.").

The Defendant signed a "Joint Statement of Stipulated Facts" on April 4, 2023—nearly a year before the Motion was filed—which by design detailed sufficient facts to "establish the allegations in the case." The Joint Statement of Stipulated Facts included specific instances and acts that reveal the Defendant's main coconspirators (¶¶ 2, 7), the means and methods by which the Defenant engaged in the charged acts (¶¶ 5-14), his role and the purpose of the conspiracy (¶¶ 2, 5-15, 17), the overall scope of the conspiracy (¶¶ 1, 4, 15), and key dates and locations (¶¶ 1, 5-8, 12-13). The Joint Statement of Stipulated Facts that the Defendant signed also details particular acts, specific make and model of firearms the Defendant is alleged to have used, and relevant timeframes and locations (¶¶ 9, 11). Given the Joint Statement of Stipulated Facts alone, the Defendant's request for particulars is perplexing.

Moreover, the litigation process has already provided the information the Defendant seeks. For instance, the Defendant recently participated in a Rule 15 deposition in this Court. On February 21, 2024, an essential Government witness testified to the Defendant's specific acts, agreements, and statements related to the charged offenses. The defense cross-examined this witness on the particulars.

The Government also submitted an official extradition package to the Mexican authorities to extradite the Defendant, and Mexican extradition process requires specificity and disclosure of the entire package to the Defendant. Notably, the package included an agent's affidavit summarizing the relevant investigation and specific evidence establishing the elements of the charged offenses. The package also included declarations by two coconspirators, who detailed their firsthand knowledge of the Defendant's involvement in the charged offenses.

The Government's Motion for Pre-Trial Detention [Dkt. No. 13] is yet another source providing specifics in "some other form." That motion explained that as a leader of the CJNG,

the Defendant "employed and supervised dozens, if not more, people who worked at his behest to facilitate: (a) the manufacture and production of methamphetamine on a large scale, including securing precursor chemicals to manufacture methamphetamine, which is unlawfully manufactured and distributed outside of the United States, and then imported into the United States for further distribution; (b) the unlawful importation of cocaine into Mexico for the further unlawful importation of the cocaine into the United States; (c) the laundering of drug proceeds; (d) the trafficking of weapons; and (e) acts of violence, including murder and kidnappings." Dkt. No. 13 at 6. In light of this procedural background, the Defendant has learned far more about the "particulars" of the alleged acts—and Government's case theory—than his Motion suggests.

Lastly, the Government has also produced "voluminous discovery"—as the Defendant acknowledges in his Motion. Mot. at 6. The discovery includes intercepted BlackBerry Messenger communications and related applications, information about some of the Defendant's main coconspirators (including their identities), redacted law enforcement reports, the Rule 15 deposition transcript, proffer notes, and the signed plea agreement, among other items. The produced BlackBerry messages alone apprise the Defendant of information he claims to lack.[3] In addition, given the anticipated additional productions, including 18 U.S.C. § 3500 materials, and the identities of testifying witnesses before trial, more particulars will become readily

---

[3] For instance, the following Bates numbers produced in discovery are but a few examples among many others that illustrate the Defendant has what he seeks: 1) 00024320-00024328 (time-stamped conversation between Defendant and his coconspirator concerning a pertinent specific incident, revealing the identity of yet another coconspirator); 2) 00025321-00025325 (coconspirators' time-stamped conversation involving a pertinent specific act by the Defendant); 3) 00025953-00025956 (time-stamped conversation between Defendant and his coconspirator about another pertinent specific act by the Defendant); and 4) 00014508-00014517 (time-stamped conversation between Defendant and his coconspirator about other pertinent specific acts and incidents, revealing specific conspiracy objective, Defendant's role, and identities of few other coconspirators).

13

available.  *See, e.g.*, *Mosquera-Murillo*, 153 F. Supp. 3d at 151 (denying a request for bill of particulars and rejecting defendant's argument that missing information about overt acts or coconspirators' identities "will prevent them from preparing an adequate defense to the charged conspiracy," given the filings and extensive discovery).

In short, the Defendant faults the Superseding Indictment for not providing specifics that under the applicable standard it is not required to provide.  To the extent more specifics are necessary for the Defendant to adequately prepare a defense, "the requested information is available in some other form," obviating any need for a bill of particulars.  *Butler*, 822 F.2d at 1193.  The Defendant has more than sufficient information to adequately prepare his defense.

### 3. The Motion Is Untimely and the Court Should Deny It Without a Hearing

The Motion is untimely, and the Court should exercise its discretion to deny the Motion without a hearing.  Federal Rule of Criminal Procedure 7(f) provides that a defendant "may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."  Substantial deviations from the default timeline envisioned in Rule 7(f) without an explanation for the delay are discouraged.  *See, e.g.*, *Tajideen*, 319 F. Supp. 3d at 466 (noting the "untimeliness of the defendant's request," filed 308 days after arraignment without "'an explanation for the significant departure from the 14-day default established by the rule,'" lent "additional support to the Court's conclusion that the [ ] request for a bill of particulars should be denied" (citation omitted)); *United States v. Homaune*, 898 F. Supp. 2d 153, 165 (D.D.C. 2012) (denying untimely request for bill of particulars filed "fifty-two days after arraignment—far beyond Rule 7(f)'s fourteen-day default—with no explanation for why [the] request took so long to lodge," noting the request failed "twice over").

In *Mosquera-Murillo*, a factually similar case involving drug trafficking conspiracy and extensive discovery, the Court noted sua sponte that the motion for a bill of particulars was filed "more than a year after [the defendant] was arraigned" and "many months after each of the defendants was arraigned," while Rule 7(f) contemplates a filing "promptly after the initiation of a criminal case." 153 F. Supp. 3d at 146 & n.6 (noting also that the request was filed after the government produced "extensive discovery" and citing *Homaune*, 898 F. Supp. 2d at 165).

Similar to the Defendant, the defendants in *Mosquera-Murillo* also argued that due to "the deluge of information already provided" in discovery, "the need for particulars [was] especially acute." *Id.* at 146.  The Court rejected that argument, stating that "[i]nstead of arguing that they have received too little information from the government," the defendants "turn the familiar reasoning underlying a request for a bill of particulars on its head" while "rely[ing] on out-of-circuit authorities." *Id.*; *compare Mosquera-Murillo*, 153 F. Supp. 3d at 146 (stating "despite—and indeed because of—the large volume of material provided by the government . . . the defendants suggest that a bill of particulars should be ordered 'because the Indictment lacks factual information sufficient . . . to prepare a defense'" by giving "no indication as to the basic facts" regarding the charged conspiracy), *with* Mot. at 6 (acknowledging "voluminous discovery" but arguing that the Government's "notice obligation is simply not fulfilled by 'providing mountains of documents to defense counsel who are left unguided' as to which of the vast discovery established the allegations in the indictment").

Here, the request for a bill of particulars came more than four years after the Defendant's arraignment on the Superseding Indictment on February 21, 2020, and 139 days after the Defendant retained his current counsel with "no explanation for why [the] request took so long to lodge." *Homaune*, 898 F. Supp. 2d at 165.  Neither the several changes to his legal

15

representation since his arraignment, nor the extensiveness of the discovery in this case justifies the late filing of the Motion.

### IV.     CONCLUSION

The Court should deny the Motion because the Superseding Indictment is sufficiently specific, the information the Defendant seeks is available in "some other form," and the Motion is untimely. The Government also respectfully requests that the Court exercise its discretion under Local Rule 47(f) to deny the Motion without a hearing.

Respectfully submitted this 4th day of April 2024.

                MARLON COBAR, Chief
                Narcotic and Dangerous Drug Section
                Criminal Division
                United States Department of Justice

By:   /s/   *Kaitlin Sahni*
        Kaitlin Sahni, Acting Deputy Chief
        Jonathan Hornok, Trial Attorney
        Kate Naseef, Trial Attorney
        United States Department of Justice
        Narcotic and Dangerous Drug Section
        145 N Street, Northeast
        East Wing, Second Floor
        Washington, D.C. 20530
        Kaitlin.Sahni@usdoj.gov
        (202) 514-0917

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was sent via ECF to counsel of record for the Defendant, this 4th day of April 2024.


                                                             By:    /s/  *Kaitlin Sahni*
                                                                     Kaitlin Sahni
                                                                     Acting Deputy Chief
                                                                     Narcotic and Dangerous Drug Section
                                                                     U.S. Department of Justice