

U.S. Department of Justice

Criminal Division

*Narcotic and Dangerous Drug Section*                   Washington, D.C. 20530

May 6, 2024

**RULE 11 COMMUNICATION**
**SUBJECT TO FED. R. CRIM. P. 11(f)**

**Via Electronic Mail**

Jan Edward Ronis
Law Offices of Ronis & Ronis
105 West F Street
Third Floor
San Diego, CA 92101-6036
619-236-8344
jan@ronisandronis.com

Anthony E. Colombo Jr.
Law Offices of Anthony E. Colombo Jr
105 W F Street
San Diego, CA 92101
619-236-1704
anthonycolombolegal@gmail.com

      Re:    **United States v. Ruben Oseguera-Gonzalez**
                **Criminal No. 16-CR-229 (BAH)**

Dear Counsel:

    The Narcotic and Dangerous Drug Section of the Criminal Division of the Department of Justice ("government") is writing to memorialize the government's most recent plea offer that was discussed on a videoteleconference and at an in-person meeting on April 9, 2024, and April 25, 2024, respectively.

    The material terms of the offer were that the defendant would:

- Plead guilty to Counts One and Two of the Superseding Indictment and execute a mutually agreeable Statement of Facts covering the offense conduct;

- Agree that a Base Offense Level of 38 applies to Count One at sentencing pursuant to U.S.S.G. § 2D1.1 (450 kilograms or more of cocaine and 45 kilograms or more of methamphetamine);

- Agree that his conduct warrants a four-level increase to the Guidelines level for his role as an organizer or leader of criminal activity involving five or more participants pursuant to U.S.S.G. § 3B1.1(a);

- Agree not to seek any Guidelines departure at sentencing other than the departures for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b) discussed below, and if applicable, a departure pursuant to *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994);

- Agree that the defendant's Guidelines range for Count Two is determined by the mandatory minimum sentence, which is 30 years pursuant to 18 U.S.C. § 924(c)(1)(B)(ii), and must be imposed independently and consecutively, in accordance with U.S.S.G. §§ 2K2.4(b), 3D1.1(b)(1), 5G1.2(a);

- Agree to be sentenced to a life term of supervised release, a condition of which is to reside in the United States;

- Agree to surrender a mutually agreed upon amount of funds before sentencing, which would be applied to a forfeiture money judgment; and

- Waive appellate and collateral attack claims and rights to the extent and in the format permitted by law.

The government would in turn:

- Agree to recommend a sentence of forty years' imprisonment, the mandatory minimum sentence for a conviction on Counts One and Two of the Indictment;

- Agree that the plea demonstrates acceptance of responsibility for the defendant's offense consistent with Sentencing Guideline § 3E1.1(a) and (b), and therefore merits a three-level decrease in the applicable Guidelines level at sentencing; and

- Agree that, although the plea agreement will waive appellate and collateral attack claims, the defendant will be permitted to appeal a sentence that exceeds the maximum permitted by statute and that the defendant will retain the right to collaterally attack his plea and sentence pursuant to 28 U.S.C. § 2255 *if* the claim is based on newly discovered evidence or on a claim that he received ineffective assistance of counsel in connection with the plea agreement or sentencing.

   This is only a summary of material terms of a plea to which the government is prepared to agree, and entry of a plea would require the defendant and the government to agree to a full plea agreement and accompanying statement of facts.

   Please let us know if you have any questions or concerns.

              Very truly yours,

              MARLON COBAR, Chief
              Narcotic and Dangerous Drug Section
              U.S. Department of Justice
              Washington, D.C. 20530

              */s/ Kaitlin Sahni*
              Kaitlin Sahni
              Acting Deputy Chief
              Kate Naseef
              Jonathan Hornok
              Trial Attorneys