**ANTHONY E. COLOMBO, JR.**
California State Bar No. 218411
The Senator Building, Ste. 312
105 West "F" Street
San Diego, CA 92101
Tel:   (619) 236-1704
Email: anthonycolombolegal@gmail.com

Attorney for Ruben Oseguera-Gonzalez

UNITED STATES DISTRICT COURT

DISTRICT COURT OF COLUMBIA

(HONORABLE BERYL A. HOWELL)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RUBEN OSEGUERA-GONZALEZ, ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO. 16cr00229-BAH <br><br><br><br><br> SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY |

TO:   KATE M. NASEEF, TRIAL ATTORNEY, UNITED STATES ATTORNEY'S OFFICE; JONATHON HORNOK, TRIAL ATTORNEY, UNITED STATES ATTORNEY'S OFFICE; AND KAITLIN SAHNI, ACTING DEPUTY CHIEF, UNITED STATES ATTORNEY'S OFFICE:

**I.**

**SUPPLEMENTAL BRIEFING  - MOTION TO COMPEL DISCOVERY**

Federal Rule of Criminal Procedure 16(a)(1)(E) states:

Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

(i) the item is material to preparing the defense;

1

(ii) the government intends to use the item in its case-in-chief at trial;
(iii) the item was obtained from or belongs to the defendant.

Evidence is "material" under Rule 16 if "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, ... or assisting impeachment or rebuttal." *United States v. Graham*, 83 F.3d 1466, 1474 (D.C.Cir. 1996 (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C.Cir. 1993)) (internal quotation marks omitted) (citation omitted).

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C), a defendant is entitled to, and in fact "must," file a motion to suppress before trial. Therefore, evidence that assists the defense, or "is material to the prepar[ation] of the defense" must be disclosed under Rule 16. Here, the defendant intends to file a motion to suppress evidence derived from an initial wiretap application and order submitted and granted in April of 2013 which authorized the interception of Blackberry Messages ("BBMs") of Target Telephone # 1 used by Abigael Gonzalez Valencia.

Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C. § 2510), was enacted as a safeguard to protect the privacy of both wire and oral communications, as well as a means of regulating "the use of electronic surveillance evidence obtained by law enforcement under specified conditions." *Bartnicki v. Vopper*, 532 U.S. 514, 523 (2001). Thus, Title III considers the interception of electronic surveillance to be an "extraordinary investigative technique whose use 'is to be distinctly the exception not the rule,'" available only upon satisfaction of strict requirements. *United States v. Lopez*, 300 F.3d 46, 51 (1st Cir. 2002) quoting *United States v. Hoffman*, 832 F.2d 1299, 1306 (1st Cir. 1987).

When Congress enacted the wiretapping provisions of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510-2522, it intended to "make doubly sure that the statutory authority [for wiretaps] be used with restraint and only where circumstances warrant the surreptitious interception of wire and oral communications." *United States v. Giordano*, 416 U.S. 505, 515 (1974). Narrow construction of the wiretapping provisions

furthered Congress' duel purposes for the Act of "'(1) protecting the privacy of wire and oral communications, and (2) delineating on a uniform basis the circumstances and conditions under which the interception of wire and oral communications are authorized.'" *Gelbard v. United States*, 408 U.S. 41, 48 (1972) quoting S.Rep. No. 90-1097, at 66 (1968), *reprinted in* 1968 U.S.C.C.A.N. 2122, 2153.  Where the procedural requirements of §§ 2510 through 2522 are not met, the Fourth Amendment and Title III require the exclusion of any evidence derived from the wiretap. *See* 18 U.S.C. § 2515 (2024). Those procedural requirements include establishing both probable cause and necessity for the wiretap. *See id*.

    A.    <u>Reports of Investigation, Surveillance reports, etc... related to the Probable Cause and Necessity Sections of the Wiretap Application that Establish the basis for the Information contained in the Wiretap Application for the Blackberry Messages Must be Disclosed</u>

In the instant case an initial application to authorize the interception of BBMs relevant to this case was submitted in April of 2013. The application was granted and thousands of messages were intercepted pursuant to the order. The government has represented approximately 25 of those intercepted messages are relevant to their case-in-chief at trial. To date, the defendant has received no discovery related to the investigation that preceded the submission of the initial application in April of 2013. The defendant has received no reports of investigation or surveillance reports despite the representation in the wiretap application by the affiant that federal law enforcement had begun investigating the target subject, Abigael Gonzalez Valencia, in 2009.

In order to fully understand and evaluate the representations in both the probable cause and necessity sections of the wiretap application for the BBMs subject to challenge here, the Court must order the disclosure of the reports of investigation and surveillance reports that relate to the investigation that preceded the wiretap application. Without such information it is impossible for the defendant to pursue any viable challenge to the wiretap application and order as authorized pursuant to Title 18 U.S.C. § 2518. Thus, pursuant to

Rule 16(a)(1)(E)(i), the requested discovery is material to the preparation of the defense and must be disclosed by the government.

    B.    <u>The Previously Granted Wiretap Applications and Orders Cited in the Wiretap Application that Recorded Abigael Gonzalez Valencia, the Target of the Instant Wiretap Application and Order to be Challenged Here Must be Disclosed</u>

Again, as with the above, in order to fully understand and evaluate the representations in both the probable cause and necessity sections of the wiretap application for the BBMs subject to challenge here, the Court must order the disclosure of the previously issued wiretaps of target subject Abigael Gonzalez Valencia referenced in the instant wiretap subject to challenge here, *i.e.* the wiretap applications and orders from August 24, 2012, and October 2, 2012, in Riverside County, California, Superior Court, and November 16, 2012, in the United States District Court for the Northern District of Illinois.  Without such information it is impossible for the defendant to pursue any viable challenge to the wiretap application and order subject to challenge here as authorized pursuant to Title 18 U.S.C. § 2518.  For example, if the previously issued wiretaps obtain substantial evidence of drug trafficking against the target subject Abigael Valencia Gonzalez ,which was the stated goal of the wiretap application subject to challenge here, then arguably there was no necessity for the wiretap here.  Thus, pursuant to Rule 16(a)(1)(E)(i), the requested discovery is material to the preparation of the defense and must be disclosed by the Government.

    C.    <u>Recordings between the Confidential Informant and Abigael Gonzalez Valencia referenced in the Wiretap Applications Must be Disclosed</u>[1]

In the probable cause section of the initial wiretap application the affiant cites to several consensual recorded calls from February 2013between a confidential source and the target subject, Abigael Gonzalez Valencia, heard over Target Telephone # 1, which in

---

[1] To the extent the government is concerned about the risk of the confidential informant's identity  a protective order can be utilized to assuage those concerns.  These calls however are over a decade old and have been utilized in other various cases and it is likely that this confidential informant's identity has already been disclosed, and thus, there is no realistic further threat from the disclosure.

affiant's opinion "discuss[ed] the shipment of a large quantity (300 units) of cocaine in Guatemala to send to Mexico." The above calls appear to be the totality of the investigative evidence to support probable cause for the wiretap intercept of Target Telephone #1.

The defendant maintains that these calls as they would indicate evidence of a drug trafficking conspiracy which is Count 1 of the superseding indictment, are subject to disclosure pursuant to Rule 16(a)(1)(E)(i), and likely (ii) (depending upon the government's decision to introduce these calls at trial).

In addition, to the extent these consensual calls are cited to support probable cause in the wiretap application for an order authorizing the interception of electronic communications, they must be produced pursuant to Rule 16(a)(1)(E)(i). Without access to the recorded calls cited to support probable cause the defendant is left with the inability to determine whether those calls were accurately summarized and represented to the reviewing court. Without access to the calls then the defendant, and this Court must blindly accept the accuracy of the affiant's representations and conclusions. Without disclosure of the recorded calls defendant's Constitutional rights to due process and a fair trial would be denied.

### D. The Wiretap Progress Reports Are Discoverable

Despite the holding in *United States v. Pray*, 734 F.Supp.2d 158 (D.D.C. 2010), which is not binding on this Court, the defendant maintains the wiretap progress reports in this case are subject to disclosure. This Court retains discretion to disclose the progress reports as requested. While the defendant recognizes that courts have denied access to the wiretap progress reports, the United States commonly provides the progress reports to defendants voluntarily. *See, e.g.*, *United States v. Newton*, No. 08-CR-69S(Sr.), 2009 WL 2876169, at *8 (W.D.N.Y. Sept. 3, 2009) ("[C]ounsel for the government noted that ... he had provided counsel for the defendants with copies of ... progress minutes/reports that were provided to the judge who issued the underlying [wiretap] warrant."); *United States v. Vastola*, 670 F.Supp. 1244, 1283-84 (D.N.J. 1987) ("The government has agreed to provide

the defendants with 10-day reports...."). This voluntary disclosure appears reasonably sound in ensuring that defendants Constitutional rights to due process and a fair trial remain intact.

Despite the negative authority not binding on this Court, the defendant maintains the progress reports are discoverable under Rule 16(a)(1)(E)(i), and *Brady* and *Giglio*, as potential impeachment material. For example, if a target in the intercepted communications said "tire" and an agent investigating the case mistakenly interpreted "tire" to be a code for heroin in a progress report, that report could be used to impeach the agent. In addition, if a progress report incorrectly identified the participants of an intercepted communication, that misidentification could be used to impeach the investigating agent and the integrity of the investigation. Even if this information was repeated in the wiretap applications and orders, the progress reports would be relevant for the defense to establish how many times the above example mistakes were made. In other words, multiple repetitions of an error has impeachment value.

The defendant requests that this Court exercise its discretion and order the government to produce the progress reports as requested.

E. <u>The Pen Register Applications are Discoverable Under FRCP Rule 16.</u>

In the instant case, the initial application for a wiretap intercept for Blackberry Messages was made in April of 2013. In support of the wiretap application and in asserting probable cause the affiant relied upon the telephone toll analysis or data derived from pen registers that were in place between March 13, 2013, and March 14, 2013, prior to the application for the wiretap intercept. In the application the affiant asserted, during this two day period, over 5000 BBM PIN messages were sent and or received and the affiant "believe[d] the volume [of messages] associated with these communications on this type of device is consistent with drug trafficking and money laundering because drug traffickers commonly communicate on a frequent basis with customers, suppliers, and associates."

The pen register data cited above was also referenced in the necessity section of the wiretap application as a "valuable investigative tool[], but even in conjunction with other

conventionally investigative methods, will not enable the government to achieve the goals of the investigation."

As the affiant in the wiretap application relied upon the pen register data and information in support of both probable cause and to establish necessity it is relevant and material to the defendant's preparation of his defense. Without the information defendant has no ability to independently review and assess the information to determine whether the affiant's representations were accurate, exaggerated, or even false. Thus, Rule 16(a)(1)(E)(i) requires disclosure.

Furthermore, communications recorded pursuant to a Title III wiretap must not be "unlawfully intercepted." Title 18 U.S.C. § 2518(10)(a)(i) (2024). Therefore, the pen registers must have been lawfully in place. If the pen registers were not lawfully in place, then the wiretap issued was partial based upon evidence obtained unlawfully, and the wiretaps cannot stand. As such, the pen register applications are "material" to the defendant's motion to suppress the wiretap and properly discoverable under Rule 16(a)(1)(E)(i).

In addition, to the extent the government intends to use any of the pen register data at trial, Rule 16(a)(1)(E)(ii) requires disclosure. Courts have regularly found pen register data discoverable where the United States intends to use the data at trial. *See*, *e.g.*, *United States v. Feola*, 651 F.Supp. At 1143-44 (granting defendant's motion to compel all "telephone and/or other public or private communications records that the Government intends to use at trial"), *affid*, 875 F.2d 857 (2d Cir. 1989); *United States v. Lumumba*, 741 F.2d 12 (2d Cir. 1984) ("The government shall provide to the defendants all telephone records and results of pen register devices utilized at various sites and which will be offered in evidence."). The United States also commonly discloses pen register data to defendants voluntarily. *See*, *e.g.*, *United States v. Mullen*, 243 F.R.D. 54, 60 (W.D.N.Y. 2006) ("[T]he government agreed to provide copies of the pen register relating to the charges against [the Defendant]."); *United States v. Beverly*, No. 87 CR 521, 1988 WL 20027, at *1 n. 1 (N.D. Ill. Feb. 26, 1988) (The government has agreed to ... provide all pen register records).

Again, to ensure that the defendant's Constitutional rights to due process and a fair trial are preserved, the Court should order the pen register information and data be disclosed.

## CONCLUSION

For the reasons stated above, Mr. Oseguera moves this Court to grant his motions.

Respectfully submitted,

/s/ Anthony E. Colombo, Jr.

Dated: May 14, 2024       **ANTHONY E. COLOMBO, JR.**

Attorney for Mr. Oseguera-Gonzalez