**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 16-CR-229-BAH |
| | ) | |
| v. | ) | |
| | ) | |
| RUBEN OSEGUERA-GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF RULE 404(b) EVIDENCE

The United States of America hereby provides notice pursuant to Rule 404(b) of the Federal Rules of Evidence.  The Government does not believe that all of the evidence described below necessarily constitutes evidence of a crime, wrong, or other act under Rule 404(b).  Much of the testimony described is simply relevant evidence that forms the context for or integral facts of the offenses charged in the Superseding Indictment, specifically: conspiracy to distribute five kilograms or more of cocaine, and 500 grams or more of methamphetamine, knowing and intending that these controlled substances would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 963, 959(a), 960(b)(1)(B)(ii), 960(b)(1)(H), and 18 U.S.C. § 2 (Count One); and using and possessing a firearm during and in relation to one or more drug trafficking crimes, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(B)(ii), and 2 (Count Two).  However, in an abundance of caution the Government is providing this notice.  The Government will supplement this notice if additional evidence admissible under Rule 404(b) is obtained during trial preparation.  Prior to trial, the United States will provide defense counsel additional information with respect to the anticipated witness testimony described in this notice.

Respectfully submitted,

MARLON COBAR,
Chief, Narcotic & Dangerous Drug Section
Criminal Division
U.S. Department of Justice

*/s/ Kaitlin Sahni*
Kaitlin Sahni, Acting Deputy Chief
Jonathan Hornok, Trial Attorney
Kate Naseef, Trial Attorney
United States Department of Justice
Narcotic and Dangerous Drug Section
145 N Street, Northeast
East Wing, Second Floor
Washington, D.C. 20530
Kaitlin.Sahni@usdoj.gov
(202) 514-0917

**Notice of Rule 404(b) Evidence**

*Violence*

The Government intends to offer the following evidence of violence from at least one witness and Blackberry Messenger (BBM) communications:  The Defendant, Ruben Oseguera Gonzalez, was a leader of the Cartel de Jalisco Nueva Generacion (CJNG), a violent Mexico-based drug trafficking organization.  The Defendant used violence to maintain his position of leadership.  The Defendant's father holds the highest leadership position within the CJNG.  The Defendant frequently bragged about killing people and showed other CJNG members photographs of dead people whom the Defendant had ordered kidnapped and murdered.  The Defendant ordered at least 100 people to be murdered.  In one instance, after Mexican law enforcement seized a shipment of chemicals that the CJNG had intended to use to manufacture methamphetamine, the Defendant ordered those responsible for transporting the chemicals to be tied up and drowned in a swimming pool.  The Defendant participated in the torture of two men suspected of providing information about the CJNG to Mexican law enforcement and later displayed photos of the men's dead bodies.  In May of 2015, the Defendant directed subordinates to shoot down a Mexican Marine helicopter in Jalisco, Mexico, so that the Defendant and his father could avoid capture.  The helicopter was struck by a rocket-propelled grenade (RPG) and a 0.50 caliber machine gun, and members of the Mexican military and federal police died as a result of the attack.  The Defendant personally shot and killed at least two people, including a member of a rival drug trafficking organization and a subordinate who disobeyed the Defendant's orders.  The Defendant was involved in kidnappings.

This evidence is direct evidence of Counts One and Two because the use of violence and firearms was intrinsic to the charged conspiracy as a method of maintaining power and control.  Specifically, the CJNG used violence and firearms to control territory for the manufacture and

distribution of drugs, compel payment, maintain order within the cartel, evade capture, and intimidate rivals, among other purposes.  But if the Court were to conclude that this evidence is covered by Rule 404(b), the Government intends to offer this evidence to establish motive, opportunity, intent, preparation, knowledge, identity, absence of mistake, and lack of accident.

*Corruption*

The Government intends to offer the following evidence of corruption from at least one witness: The Defendant directed uniformed and armed law enforcement officers to assist with the transportation and protection of drugs, money, and CJNG members within Mexico.  This evidence is direct evidence of Counts One and Two because bribery of public officials, including those who were authorized to carry or access firearms, was intrinsic to the charged conspiracy as methods of maintaining power and control.  But if the Court were to conclude that this evidence is covered by Rule 404(b), the Government intends to offer this evidence to establish motive, opportunity, intent, preparation, knowledge, identity, absence of mistake, and lack of accident.

*Other Controlled Substances*

The Government intends to offer the following evidence of controlled substances other than cocaine and methamphetamine from at least one witness and from BBM communications: The Defendant was involved in manufacturing and distributing fentanyl for importation into the United States.  The Defendant encouraged his father to expand the CJNG's operations into fentanyl production and distribution.  The Defendant was aware at the time that fentanyl could lead to overdose deaths.  The Defendant agreed to release a chemist who had been kidnapped because the chemist could assist the Defendant with manufacturing "oxycotone" (oxycodone), a prescription opioid.  Fentanyl is often pressed into pills made to look like oxycodone. The Defendant also was involved in distributing marijuana for importation into the United States.

This evidence is direct evidence of Count One because manufacturing and distributing fentanyl and distributing marijuana were intrinsic to the charged conspiracy as methods of maintaining and increasing the CJNG's share and control of the illicit drug market to the United States.   But if the Court were to conclude that this evidence is covered by Rule 404(b), the Government intends to offer this evidence to establish motive, opportunity, intent, preparation, knowledge, identity, absence of mistake, and lack of accident.

*Post-Arrest Conduct and Statements*

The Government intends to offer the following evidence of the Defendant's post-arrest conduct and statements from at least one witness: The Defendant was incarcerated in Mexico after his arrest in 2015.   During that time, the Defendant negotiated the sale of one ton of cocaine to members of another drug trafficking organization at the price of $15,000 (USD) per kilogram.   The Defendant sought to acquire 0.50 caliber and M60 machine guns.   The Defendant said he was present during the shootdown of the Mexican Marine helicopter in 2015.   The Defendant attempted to recruit others to join the CJNG, including a person who had used extreme violence to exert control over a location that the Defendant wanted to use for trafficking drugs to the United States. The Defendant said that the CJNG had an arsenal of weapons, including one or more 0.50 caliber sniper rifles, 40 mm automatic grenade launchers, machine guns, and shoulder fired rocket launchers.   The Defendant said he approved weapons purchases from a Russian with a military background who was also providing weapons training to the CJNG.   While the Defendant was in prison, the Defendant invested in multiple shipments of cocaine from Colombia.   The shipments consisted of up to 2000 kilograms of cocaine, which was transported in boats to a location off the coast of Mazatlán, Mexico.   After the Defendant was extradited, his father, Mencho, took control of the cocaine shipments and cocaine supply line in which the Defendant had invested.

This evidence is direct evidence of Counts One and Two because the conduct and statements were intrinsic to the charged conspiracy. For the most part, this evidence pertains to the Defendant's conduct during or statements about the timeframe identified in the Superseding Indictment. But if the Court were to conclude that this evidence is covered by Rule 404(b), the Government intends to offer this evidence to establish motive, opportunity, intent, preparation, knowledge, identity, absence of mistake, and lack of accident.

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that a copy of the foregoing was sent via ECF to counsel of record for the

Defendant, this 11th day of June 2024.

        By:  <u>/s/   *Kaitlin Sahni*   </u>
            Kaitlin Sahni
            Acting Deputy Chief
            Narcotic and Dangerous Drug Section
            U.S. Department of Justice