**ANTHONY E. COLOMBO, JR.**
California State Bar No. 218411
The Senator Building, Ste. 312
105 West "F" Street
San Diego, CA 92101
Tel:    (619) 236-1704
Email: anthonycolombolegal@gmail.com

Attorney for Ruben Oseguera-Gonzalez

UNITED STATES DISTRICT COURT

DISTRICT COURT OF COLUMBIA

(HONORABLE BERYL A. HOWELL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 16cr00229-BAH |
| Plaintiff, | |
| v. | |
| RUBEN OSEGUERA-GONZALEZ, | NOTICE OF MOTION AND MOTION TO PRECLUDE THE USE OF DEFENDANT'S STATEMENTS MADE DURING THE COURSE OF PLEA NEGOTIATIONS |
| Defendant. | |

TO:  KATE M. NASEEF, TRIAL ATTORNEY, UNITED STATES ATTORNEY'S OFFICE; JONATHON HORNOK, TRIAL ATTORNEY, UNITED STATES ATTORNEY'S OFFICE; AND KAITLIN SAHNI, ACTING DEPUTY CHIEF, UNITED STATES ATTORNEY'S OFFICE:

**I.**

**INTRODUCTION**

Absent an unambiguous knowing and voluntary waiver, no court has ever allowed the Government to use in its case-in-chief at trial statements made by a defendant during the course of plea discussions where the defendant did not enter a guilty plea, and the court did not conduct a Rule 11 colloquy with the defendant prior to the entry of a guilty plea. There is no unambiguous waiver in this case that contemplates admission in the Government's case-in-chief of any such plea discussions. While courts have routinely allowed such

1

statements made during the course of plea discussions to be used for impeachment or rebuttal purposes as "the admission of plea statements for impeachment [or rebuttal purposes only] enhances the truth-seeking function of trials and [] result[s] in more accurate verdicts[,]"(see *United States v. Mezzanatto*, 513 U.S. 196, 204 (1995)), the Supreme Court, and no court in the District of Columbia ("D.C.") Circuit has allowed such plea statements in the absence of a withdrawn guilty plea made pursuant to Rule 11, to be introduced in the Government's case-in-chief at trial.  Justice Ginsberg presciently warned, "[A] waiver to use such statements in the case in chief would [so] severely undermine a defendant's incentive to negotiate, and thereby inhibit plea bargaining." *Id*. at 211 (Ginsberg, J., concurring).  The Court should heed late Justice Ginsberg's warning.  Here, the Court should decline the Government's invitation to seismically shift and derail the present plea negotiation practice in this district absent clear binding authority to do so.  The Court must deny any request by the Government to use plea discussion statements in their case-in-chief in this case as there was no unambiguous knowing and voluntary waiver, no plea of guilty was entered, and no Rule 11 plea colloquy conducted.

## II.

## ARGUMENT

### A.   Procedurally History Relevant to this Motion

The defendant, Ruben Oseguera-Gonzalez was originally charged on December 14, 2016, in a two count indictment.  However, on February 1, 2017, a two-count superseding indictment was filed charging Mr. Oseguera-Gonzalez with Count One, conspiracy to distribute five kilograms or more of cocaine and five hundred grams or more of methamphetamine knowing and intending that such controlled substances would be unlawfully imported into the United States in violation of 21 U.S.C. §§ 959(a), 960(b)(1)(B), 960(b)(1)(H), and 963, and aiding and abetting in violation to 18 U.S.C. § 2; and Count 2, using and possessing a firearm or destructive device in furtherance of the drug trafficking activity alleged in Count One, in violation of 18 U.S.C. §§ 924(c)(1)(A)(I), 924(c)(1)(A)(ii), 924(c)(1)(B)(ii), and aiding and abetting in violation of 18 U.S.C. § 2.  *See* ECF No. 6.

Mr. Oseguera-Gonzalez's initial appearance was held on February 21, 2020. On February 26, 2020, Mr. Oseguera-Gonzalez waived his right to a detention hearing and stipulated to detention. On February 28, 2020, a status hearing was held before the District Court and the case declared complex. For over three years the Court set and reset dates at the parties' request for discovery production and review. Eventually, the Court with the consent of the parties set a deadline for the filing of pretrial motions for March 21, 2023, and a trial date for May 2, 2023.

On March 21, 2023, the same day pretrial motions were to be filed, at the parties request, the Court scheduled a Plea Hearing for April 12, 2023. Several weeks after the Plea Hearing had already been scheduled by the Court at the request of the parties, On April 6, 2023, Mr. Oseguera-Gonzalez executed a plea agreement that contained a joint statement of stipulated facts. The plea agreement was not translated into Spanish.

The standard language used in the Government's plea agreements with regard to Rule 11(f) of the Federal Rules of Criminal Procedure and Federal Rule of Evidence 410, and relevant here, is as follows:

> The Defendant acknowledges discussing with his counsel Rule 11(f) of the Federal Rules of Criminal Procedure and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The Defendant knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, the Defendant understands and agrees that any statements which are made in the course of his guilty plea will be admissible against him for any purpose in any criminal or civil proceeding if the Defendant breaches[1] the Plea Agreement or his guilty plea is subsequently withdrawn. Moreover, in the event the Defendant's guilty plea is withdrawn, he agrees that the United States will be free to use against him in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

---

[1] Breach is not specifically defined and is generally stated as follows: "The Defendant understands and agrees that if he fails specifically to perform or to fulfill completely each and every one of his obligations under the Plea Agreement . . . , then he will have breached the Plea Agreement."

On April 12, 2023, Mr. Oseguera-Gonzalez chose not to proceed forward with the Plea Hearing, no guilty plea was entered, and a Rule 11 plea colloquy was not conducted by the Court. Mr. Oseguera-Gonzalez retained new counsel to represent him moving forward.

On May 12, 2023, subsequent to Mr. Oseguera-Gonzalez's vacated plea hearing, at a Status Hearing, the Court inquired of the Government whether there were any statements made by Mr. Oseguera-Gonzalez during plea discussions the Government believed would be admissible at trial. *See* ECF No. 108 at 8. The Government advised the Court it was their position "[w]ith regard to the statement of facts [in the plea agreement] in particular, the Government's position is that that signed statement could be used against the defendant as admissions by the defendant." *Id*. The Government then further clarified its position at the request of the Court:

> So our position is that – because the plea paperwork is signed, that Mr. Oseguera-Gonzalez is withdrawing, and the statements – the signed statement of facts is no longer a statement that is made in furtherance of plea negotiations. It is, in fact, the result of plea negotiations. It's the final statement, and he signed it. And therefore, if he chooses to withdraw from that plea agreement which he has signed, then that statement that he signed can be used against him . . . All of the statements he may or may not have made before that in furtherance of the plea negotiations are covered by the other language.

*See* ECF No. 108 at 9-10.

Trial is currently scheduled for September 9, 2024.

**B.    Mr. Oseguera-Gonzalez's Plea Discussion Statements are Not Admissible in the Government's Case-in-Chief at Trial**

Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) are substantively identical in that they prohibit the admission of statements made by a criminal defendant during a plea discussion. *See Mezzanatto*, 513 U.S. at 200. Rule 410 states in pertinent part that:

> [E]vidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions: ... (3) a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or (4) a statement made during plea discussions with an attorney for the

>prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later withdrawn guilty plea.

Fed. R. Evid. 410 (2024).

In *Mezzanatto*, the Supreme Court held that the Federal Rules are waivable for the purposes of impeaching a defendant who chooses to testify at trial. 513 U.S. at 200-03. "[A]bsent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules is valid and enforceable." *Id*. at 210. In other words, any waiver must be knowing and voluntary. *See United States v. Jim*, 786 F,3d 802, 811 ("that *Mezzanatto*, by using the phrase 'some affirmative indication that the [Rule 410 waiver] agreement was entered into unknowingly or involuntarily,' [] was not setting forth a new evidentiary standard for determining whether a particular defendant in a given case knowingly and voluntarily waived his Rule 410 protections"). The *Mezzanatto* Court left open the question of whether waivers that permit the Government to admit a defendant's proffer in its case-in-chief are enforceable. *See id*. (Ginsberg, J., concurring).

The District of Columbia Circuit Court, in *United States v. Burch*, 156 F.3d 1315 (D.C. Cir. 1998), addressed the additional question the Supreme Court in *Mezzanatto* failed to reach, *i.e.*, "whether a defendant's Rule 11 [] rights can be waived for purposes of the prosecution's case-in-chief." *See id*. at 1320. In *Burch* the defendant had entered into a plea agreement which contained waiver language under Rule 11 and Rule 410, and then the defendant subsequently plead guilty. *Id*. at 1315-20. The defendant in *Burch*, however, successfully withdrew his guilty plea and proceeded to trial. *Id*. The district court allowed defendant's plea discussion statements to be introduced in the Government's case-in-chief at trial. *Id*. In affirming the district court's decision, the D.C. Circuit Court determined, "[i]n [the defendant's] plea agreement, as well as in a Rule 11 colloquy with the judge prior to entering the plea, [the defendant] specifically had waived his rights under Rule 11 [] and 410." *Id*. at 1319. In determining that *Mezzanatto's* knowing and voluntary waiver standard was met, the *Burch* court determined, "[t]he extensive colloquy conducted by the trial court

clearly supports th[e] determination that [the defendant] knowingly and voluntarily waived his rights under Rule 11 [] and 410." *Id*. at 1323. The *Burch* court noted, "[t]he trial judge [] went through the specific terms of the plea agreement with [the defendant], including the provision in which he waived his rights under Rules 11 [] and 410." *Id*.

In the instant case, unlike in *Mezzanatto* and *Burch*, Mr. Oseguera-Gonzalez did not enter a guilty plea and the Court did not conduct a Rule 11 colloquy with him. Thus, the Court has no assurance that the waiver in Mr. Oseguera-Gonzalez's plea agreement was entered into both knowing and voluntary. In fact, there is some affirmative indication the waiver in the plea agreement was entered unknowingly and involuntary as a) it was never translated into Spanish for Mr. Oseguera-Gonzalez[2], b) a Plea Hearing was scheduled several weeks prior to Mr. Oseguera-Gonzalez's execution of the Plea Agreement, c) he was never told by previous counsel his waiver was contemporaneous to his signature, and d) he refused to proceed forward with the scheduled plea hearing and retained new counsel.

Before a defendant may withdraw from a plea of guilty he must first enter a guilty plea. Prior to entering a guilty there are statutory and constitutional requirements that must be fulfilled. "A plea of guilty is constitutionally valid if and only if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *United States v. Basu*, 531 F.Supp.2d 48, 52 (D.D.C. 2008) (citing *United States v. McCoy*, 215 F.3d 102, 107 (D.C. Cir. 2000) (citation omitted)). Rule 11 delineates procedural safeguards to ensure that a guilty plea is entered into knowingly, voluntarily and intelligently. *See* Fed. Crim. P. 11(a), (b), and (c).

"In considering and accepting a guilty plea a court must inform a defendant of a list of factors, including[]:

---

[2] Mr. Oseguera-Gonzalez has relied upon a Spanish translator for all legal proceedings throughout the case, and 28 U.S.C. § 1827(d)(1) and (f)(1) would suggest that in order for Mr. Oseguera-Gonzalez's plea agreement to be knowing and voluntary it should have been translated into Spanish for him, but it was not.

the right to plead not guilty; the right to a jury trial; the right to be represented by counsel at trial and every other stage of the proceeding; the right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; the defendant's waiver of these trial rights if the court accepts a plea of guilty; the nature of each charge to which the defendant is pleading; and any maximum possible penalty. [] A court must also determine that a plea is voluntary and did not result from force, threats, or promises and that there is a factual basis for the plea.

*Basu*, 531 F.Supp.2d at 56 n.1. "An understanding of the crime to which a defendant is admitting guilt is a 'core consideration' of Rule 11." *Basu*, 531 F.Supp.2d at 53 (citing *United States v. Shah*, 263 F.Supp.2d 10, 21 (D.D.C. 2003) (citation omitted)). "[T]he record of the plea colloquy must lead a reasonable person to believe that the defendant understood the nature of the charge, such as through a judicial recitation of the material details of the charge." *Id*.

Rule 11 also requires judicial consideration of any plea agreement entered into by the parties. *See* Fed. Crim. P. 11(c). "[C]onsistent with Rule 11 of the Federal Rules of Criminal Procedure, a plea agreement does not become effective and binding until approved by order of the Court." *See United States v. Novosel*, 481 F.3d 1288, 1291 (10th Cir. 2007). "Although the interpretation of a plea agreement may be informed by contract law, the formation and acceptance of a binding plea agreement is governed by the Federal Rule of Criminal Procedure 11." *Id*. (citing *United States v. Partida-Parra*, 859 F.2d 629, 634 (9th Cir. 1988) ("The formation of binding plea agreements is governed not by the Uniform Commercial Code, but by the Federal Rules of Criminal Procedure, which requires, among other things, that the court approve the plea agreement). "A plea bargain standing alone is without constitutional significance; [] until embodied in the judgment of a court, [it] does not deprive an accused of liberty or any other constitutionally protected interest." *Mabry v. Johnson*, 467 U.S. 504, 507 (1984). "[A] plea agreement is neither binding nor enforceable until it is accepted in open court." *United States v. Gonzalez*, 918 F.2d 1129, 1133 (3rd Cir. 1990).

Here, there was no guilty plea, no Rule 11 colloquy, and thus, no "withdrawal" from that guilty plea that would authorize the Government to use any of Mr. Oseguera-Gonzalez's statements made during the course of plea discussions in the Government's case-in-chief at trial. Without an extensive and careful Rule 11 colloquy the Court cannot find a defendant's plea or any waivers associated with his plea are knowing and voluntary. *See e.g. Burch*, 156 F.3d at 1323 (citing *United States v. Cray*, 47 F.3d 1203 (D.C.Cir. 1995) ("textbook Rule 11 inquiry, [] insure[d] defendant's submissions were knowing and voluntary."); *United States v. Hernandez*, 79 F.3d 1193, 1195 (D.C.Cir. 1996) (no reason to cast doubt on voluntariness of plea where "extensive Rule 11 colloquy" held); *United States v. Woolley*, 123 F.3d 627, 632-34 (7th Cir. 1997) ("extensive and careful Rule 11 colloquy conducted prior to accepting defendant's guilty plea fully supports determination defendant accepted plea knowingly and voluntarily")). If the Court here were to agree with the Government, Federal Criminal Procedure Rule 11 would be entirely superfluous. If the Court were to agree with the Government, once a plea agreement is signed then, according to the Government's view, a defendant would proceed directly to sentencing without any Rule 11 procedure necessary. This is certainly contrary to Congress' intent in requiring a Rule 11 colloquy, and certainly contrary to the constitutional right of due process. Here, any waiver that was not entered in open court with a Rule 11 colloquy should be deemed unenforceable and unconstitutional.

Here, the language in the Plea Agreement reads, "As a result of this waiver, the Defendant understands and agrees that *any statements which are **made in the course of his guilty plea*** will be admissible against him for any purpose in any criminal proceeding if the Defendant breaches the Plea Agreement or his guilty plea is subsequently withdrawn." (emphasis added). The reasonable interpretation of this language is that the parties contemplated a Rule 11 colloquy and it is those statements made in the course of that colloquy which would be admissible upon a breach of the plea agreement after the Rule 11 guilty plea hearing or the plea is subsequently withdrawn. There is simply nothing in this

language that would indicate the waiver is contemporaneous to a defendant's signature and that statements in a plea agreement prior to a Rule 11 colloquy would be admissible.

Furthermore, the waiver language here does not expressly state that it took effect at the time Mr. Oseguera-Gonzalez signed the plea agreement, and that he waived his rights under Rule of Evidence 410 and Rule of Criminal Procedure 11 contemporaneous with his signing of the plea agreement. The waiver language here also does not say that it would take effect regardless of whether or not the District Court accepted or rejected defendant's guilty plea. The waiver here is reasonably interpreted as effective upon the District Court's acceptance of the plea and only a withdrawal of the guilty plea or some subsequent breach of the plea agreement after entry of the guilty plea would warrant use of plea discussion statements in the Government's case-in-chief.

A plea agreement is a contract and so we advert to principles of contract law in interpreting it. *United States v. Hunt*, 843 F.3d 1022, 1027 (D.C. Cir. 2016) (citing *United States v. Henry*, 758 F.3d 427, 431 (D.C. Cir. 2014); *United States v. Jones*, 58 F.3d 688, 691 (D.C. Cir. 1995). Ambiguity in a plea agreement, as in any other type of contract, is construed against the drafter. *Id*. (citing *Henry*, 758 F.3d at 431; *In re Sealed Case*, 702 F.3d 59, 63 n.2 (D.C. Cir. 2012); *see Restatement (Second) of Contracts § 206* (1981) ("In choosing among the reasonable meanings of a promise or agreement or a term thereof, that meaning is generally preferred which operates against the party who supplies the words or from whom a writing otherwise proceeds."). There is no question, "[u]nder settled precedent, ambiguity in the meaning of a plea agreement must be resolved against the government." *United States v. Moreno-Membache*, 995 F.3d 249, 255 (D.C. Cir. 2021) (citing *Henry*, 758 F.3d at 431; *Jones*, 58 F.3d at 691).

The Government here drafted the plea agreement, and the plea agreement does not unambiguously state that Mr. Oseguera-Gonzalez's waiver of his Rule 11 and 410 rights was effective contemporaneous to his signing the plea agreement. "Interpretation of the plea agreement begins with [the] plain language," and here the plain language does not include

a contemporaneous waiver. *See Hunt*, 843 F.3d at 1027 (citing *e,g.*, *Ramsey v. U.S. Parole Comm'n*, 840 F.3d 853, 860 (D.C. Cir. 2016). The plain language here indicates that the waiver specifically applies to "any statements which are made in the course of his guilty plea[,]" and conditions precedent to the waiver are a breach of the plea agreement or a withdrawal of the guilty plea. "[T]he law demands clarity when constitutional rights are waived." *Moreno-Membache*, 995 F.3d at 251. Here, to the extent there is any clarity, there was no contemporaneous waiver with Mr. Oseguera-Gonzalez's signature on the plea agreement, the waiver is specific to statements "made in the course of [a] guilty plea[,]" and the waiver is triggered by a subsequent breach or withdrawal of the guilty plea. "Policy [] suggest[s] that [a] waiver clause be narrowly construed[,]" (*see Newbert*, 504 F.3d at 188 (Boudin, Chief Judge concurring)), and the waiver clause narrowly construed does not support the Government's position that the waiver was triggered under the circumstances found here.

The situation here is analogous to that confronted by the Fifth Circuit in *United States v. Escobedo*, 757 F.3d 229 (5th Cir. 2014), in relation to the ambiguity as to when the waiver is triggered. In *Escobedo*, the defendant "originally entered a plea agreement with the Government and tendered a guilty plea to a magistrate judge. The guilty plea agreement contained what the Government contend[ed] was [the defendant's] waiver of his right to exclude from evidence his guilty plea and related statements under Federal Rule of Evidence 410(a) and Federal Rule of Criminal Procedure 11(f)." *Id*. at 230. "Before the guilty plea was accepted by the district court, [the defendant] withdrew it as he had an absolute right to do under Federal Rule of Criminal Procedure 11(d)(1)." *Id*. (citation omitted). "At trial, over [the defendant's] objection, the district court allowed the prosecution to introduce evidence of his withdrawn guilty plea and related inculpatory statements" in its case-in-chief. *Id*. at 230-31. The defendant appealed his conviction and challenging the district court's decision in relation to his waiver. *See id*. at 230.

The language by which the Government contended that the defendant in *Escobedo* waived his rights under Rules 11(f) and 410(a) reads as follows:

> If the defendant should fail in any way to fulfill completely all obligations under this plea agreement, the United States will be released from its obligations under the plea agreement [and] [a]ny information and documents that have been disclosed by the defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, can and will be used against defendant in any prosecution. Additionally, all statements made pursuant to this plea agreement will be admissible against [the defendant] who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence.

*Id*. at 233. The Fifth Circuited concluded that "the foregoing section is ambiguous as to whether the defendant intended to waive his Rule 410(a) and 11(f) rights contemporaneously with his signing of the plea agreement, or, instead, intended to waive them only upon the district court's acceptance and activation of his guilty plea." *Id*. The Fifth Circuit also determined "[o]ther features of the plea agreement support th[e] interpretation [there was no waiver contemporaneous to the signing of the plea agreement]" as the language "suggests that it would become effective only if [the defendant] breached the agreement. However, the section does not clearly or unambiguously state what constitutes a breach of the agreement." *Id*. The Fifth Circuit ultimately concluded the plea agreement was ambiguous as to when the waiver was triggered, and "[b]ecause an ambiguous plea agreement must be reasonably construed in favor of the defendant, the district court erred." *Id*. at 230; *see also in accord, United States v. Kowalewski*, 2014 WL 6667127 (N.D. Ga.) ("the plea agreement at issue is ambiguous as to whether the Defendant intended to waive his Rule 410 rights contemporaneously with his signing the plea agreement"); *United States v. Newbert*, 504 F.3d 180 (1st Cir. 2007) (ambiguous waiver not enforced). Consequently, the defendant's conviction in *Escobedo* was reversed. *Id*.

In this case, the waiver is triggered if "the Defendant breaches the Plea Agreement or his guilty plea is subsequently withdrawn." Here, Mr. Oseguera-Gonzalez did not enter a guilty plea, and thus, a guilty plea not entered cannot be withdrawn. As a result, only a breach of the plea agreement would trigger the waiver, but similar to *Escobedo*, the plea agreement does not clearly and unambiguously state what constitutes a breach of the agreement. The breach language used in *Escobedo* is almost identical to that used here. In

*Escobedo* the breach language was "If the defendant should fail in any way to fulfill completely all obligations under th[e] plea agreement[,]" the plea agreement was breached. *Escobedo*, 757 F.3d at 233. Here, the breach language reads "The defendant understands and agrees that if he fails specifically to perform or to fulfill completely each and every one of his obligations under the Plea Agreement . . . , then he will have breached the Plea Agreement."[3] As in *Escobedo*, there exists no clear unambiguous language that would indicate Mr. Oseguera-Gonzalez waived his rights contemporaneous to his signing of the plea agreement.

The situation here is unlike that confronted by the Eighth Circuit in *United States v. Wasburn*, 728 F.3d 775 (8th Cir. 2013). In *Washburn*, the defendant prior to trial initialed and signed a plea agreement, a plea hearing was scheduled, but the defendant ultimately chose not to proceed with the plea hearing. *Id*. at 778-79. Instead, the defendant "proceeded to trial, during which the Government offered the signed and initialed factual stipulation contained in the plea agreement as evidence in its case against [the defendant]." *Id*. at 779. The language in relation to defendant's Rule 11(f) and Rule 410 waiver stated as follows:

> Defendant waives these rights and agrees this stipulation may be used against defendant at any time in any proceeding should defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court.

*Id*. at 780. In affirming the defendant's conviction the Eighth Circuit, given the wording of the plea agreement, determined "[t]he plea agreement was binding at the time [the defendant] added his initials and signature." *Id*. at 781. In contrast, here, there exists no similar language in the plea agreement that would indicate contemporaneous waiver at the time Mr. Oseguera-Gonzalez signed the Plea Agreement. In fact, the waiver here is specifically tied to "any statements which are made in the course of [a] guilty plea" which

---

[3] Importantly, and to be construed against a contemporaneous waiver, the Government is required to prove a breach occurred by a preponderance of the evidence.

is reasonably interpreted as requiring a Rule 11 colloquy with the Court, and thus, no contemporaneous waiver upon signature.

The situation here is also unlike that confronted by the Tenth Circuit in *United States v. Jim*, 786 F.3d 802 (10th Cir. 2015). In *Jim*, a jury convicted the defendant of aggravated sexual abuse occurring in the Navajo Nation. *Id*. at 804. The defendant "initially pled guilty to th[e] offense, but later withdrew his plea and proceeded to trial." *Id*. The defendant had entered into a plea agreement with a stated waiver of Rule 11(f) and Rule 410. *See id*. at 805-06. The relevant waiver language in the plea agreement read as follows:

> Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon the defendant's signing of this plea agreement, the facts that Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) . . ., and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

*Jim*, 786 F.3d at 806. On appeal, the defendant claimed the district court erred when it allowed the Government to present to the jury evidence of the admissions he made in his plea agreement and during his plea colloquy. *See id*. at 804. In affirming the defendant's conviction, the Tenth Circuit, citing the Eighth Circuit's opinion in *Wasburn*, determined the defendant's Rule 11 and Rule 410 "waiver expressly stated that it took effect at the time he signed the plea agreement." *Id*. at 809 (citing *Washburn*, 728 F.3d at 779-82 (enforcing Rule 410 waiver in plea agreement which, according to the terms of the waiver, took effect upon the defendant's signing the agreement, notwithstanding that the defendant later breached the plea agreement by not entering a guilty plea)). Again, here, unlike in *Jim* and *Washburn*, there is no language that expressly states the waiver took effect at the time Mr. Oseguera-Gonzalez signed the Plea Agreement. The waiver in *Jim* and *Wasburn* pursuant to the express language in the respective plea agreements was contemporaneous to the defendant's signature, but here, it was not, and thus, Mr. Oseguera-Gonzalez's statements related to his plea discussions must not be admitted in the Government's case-in-chief.

If the Government sought otherwise then the language in the Plea Agreement should have expressly stated "*even if [the Defendant] decide[s] not to plead guilty, the factual basis could be used against him in a future proceeding.*" See *Kowalewski*, 2014 WL 6667127 * 11 (citing *United States v. Nelson*, 732 F.3d 505, 516 (5th Cir. 2013) ("the plea agreement contained an enforceable waiver provision stated that even if Nelson decided to not plead guilty, the factual basis could be sued against him in a future prosecution"). Again, here does not, and thus the statements cannot be used.

## CONCLUSION

For the reasons stated above, Mr. Oseguera moves this Court to grant his motion and preclude the use of any statements made during plea discussions from use in the Government's case-in-chief.

Respectfully submitted,

/s/ Anthony E. Colombo, Jr.

Dated: July 1, 2024

**ANTHONY E. COLOMBO, JR.**
Attorney for Mr. Oseguera-Gonzalez