UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>v.    )<br>)<br>**RUBEN OSEGUERA-GONZALEZ,** )<br>    also known as "Menchito," )<br>    "Rubencito," "Rojo," "Ruso," )<br>    "Junior," and "El Nino," )<br>)<br>          **Defendant.** ) | **CRIMINAL NO.: 1:16-CR-229 (BAH)** |

## MOTION *IN LIMINE* TO PRECLUDE IMPROPER USE OF AGENT INTERVIEW REPORTS AND NOTES

The United States, by and through undersigned counsel, files this motion *in limine* asking the Court to find that interview reports and notes prepared by investigating agents are not statements of the person interviewed under the Jencks Act, and to preclude the defense from introducing the contents of these reports and notes to impeach witnesses during cross examination, publishing the contents of reports and notes to the jury, or otherwise suggesting to the jury that the reports and notes are statements of the witnesses who did not write them or adopt them.

A. <u>Agent Interview Reports Are Not Statements of the Witness Under the Jencks Act</u>

In order to provide for full and fair cross-examination, the Jencks Act requires that after a witness for the United States testifies on direct examination, the government must provide the defense with any statements made by the witness that relates to the subject of his or her testimony. 18 U.S.C. § 3500. A statement within the meaning of the Jencks Act is defined as "a written statement made by said witness and signed or otherwise adopted and approved by him"; a recording or transcription that "is a substantially verbatim recital of an oral statement made by said

witness and recorded contemporaneously"; or a statement made by a witness to the grand jury. 18 U.S.C. § 3500(e).

In *Palermo v. United States*, the Supreme Court held that because the Jencks Act is meant to restrict the defendant's use of discoverable statements to impeachment, 360 U.S. 343, 349 (1959), "only those statements which could properly be called the witness' own words should be made available to the defense." *Id.* at 352. The Court went on to elaborate that "summaries of an oral statement which evidence substantial selection of material" or "statements which contain [an] agent's interpretations or impressions" are "not to be produced." *Id.* at 352-53.

Consistent with *Palermo*, investigative agent interview reports are not discoverable under the Jencks Act because they are not statements of the witness within the meaning of the statute.[1] Unless the witnesses have reviewed and adopted the agent's reports—which was not the practice in this case—the reports are not statements of the witness under subsection (e)(1) of the Jencks Act. Moreover, because the reports are written after interviews are completed and reflect the thought processes and interpretations of the agent, they do not constitute a contemporary and substantially verbatim recital of the witness's statement under subsection (e)(2).

Every circuit court to address the question has held that agent investigative reports generally are not discoverable under the Jencks Act. *United States v. Price*, 542 F.3d 617, 621 (8th Cir. 2008) (holding that absent evidence that the witnesses "approved or adopted" the FBI agents' witness interview notes, "these documents are not discoverable under . . . the Jencks Act"); *United States v. Jordan*, 316 F.3d 1215, 1255 (11th Cir. 2003) (holding that Government agent's raw notes and interview summaries "are not Jencks Act statements of the witness unless they are

---

[1] Of course, an agent's witness interview report would be discoverable under the Jencks Act as a statement of the agent, if the agent who prepared it is called as a witness to testify regarding the subject matter contained in the report.

substantially verbatim and were contemporaneously recorded, or were signed or otherwise ratified by the witness"); *United States v. Donato*, 99 F.3d 426, 433 (D.C. Cir. 1996) ("[T]he agent's notes and 302 report . . . are not covered by the Jencks Act."); *United States v. Roseboro*, 87 F.3d 642, 646 (4th Cir. 1996) ("[T]he district court's finding that the [agent's] [r]eport was not a Jencks Act statement is not clearly erroneous."); *United States v. Farley*, 2 F.3d 645, 654-55 (6th Cir. 1993) (holding that because there was "no proof that the statement was adopted or approved . . . it was not clearly erroneous . . . to deny defendants access to the [agent's interview report]"); *United States v. Williams*, 998 F.2d 258, 269 (5th Cir. 1993) (holding that "the [agents' interview notes] were not discoverable statements under the Jencks Act."); *United States v. Morris*, 957 F.2d 1391, 1402 (7th Cir. 1992) (holding that agent's reports summarizing oral interviews with a witness "are not statements producible under the Jencks Act because they were neither signed nor adopted . . . and further because they are not a verbatim recital . . . but rather only an agent's summary."); *United States v. Foley*, 871 F.2d 235, 239 (1st Cir. 1989) ("It is plain that the [agents' interview reports] are not substantially verbatim recitals of oral statements made by [the witness] and recorded contemporaneously."); *United States v. Claiborne*, 765 F.2d 784, 801 (9th Cir. 1985) (because "the summaries represent . . . the agents' selection of certain information . . . the district court properly characterized the summaries as non-Jencks Act material").

    B. <u>Contemporaneous Interview Notes are Not Generally Statements of the Witness under the Jencks Act</u>

In cases where the agents take notes during an interview, the interview notes generally do not qualify as Jencks Act statements because they are not usually "a substantially verbatim recital" of the witness's words or "adopted or approved by" the witness. *See United States v. Moore*, 651 F.3d 30, 75 (D.C. Cir. 2011), *aff'd sub nom. Smith v. United States*, 568 U.S. 106 (2013). Contemporaneous notes of an interview with a witness are not considered the witness' statement

if the agent "does not read back, or the witness does not read, what the lawyer has written." *See Goldberg v. United States*, 425 U.S. 94, 110 n.19 (1976); *United States v. Roseboro*, 87 F.3d 642, 645 (4th Cir. 1996) (holding that an agent's contemporaneous witness interview notes were not the witnesses "own words" even though the agent had "repeated [the witness'] answers back to be sure he 'had it right.'"). The inclusion of "merely select[] portions, albeit accurately, from a lengthy oral recital" do not qualify an agent's notes as a "substantially verbatim recital" as required by the Jencks Act. *Roseboro*, 87 F.3d at 645 (quoting *Palmero v. United States*, 360 U.S. 343, 352 (1959)); *see also United States v. Cole*, 634 F.2d 866, 867 (5th Cir. 1981) ("[A]lthough the notes may have contained phrases or isolated sentences identical to the language used by the witness, they were not a 'substantially verbatim report' of the interview.")

Here, the interview notes do not qualify as statements within the meaning of the Jencks Act. The interview notes here were not taken by the witnesses themselves, but rather by the investigative agents conducting the interviews. The interview notes have not been adopted by the witnesses and the notes do not qualify as "substantially verbatim recitals" of the witness' words.

C. <u>Proper Use of Agents' Witness Interview Reports and Notes at Trial</u>

Although production of the witness interview reports and notes was not required, in this case the government will provided broad discovery, including reports and notes from interviews with the government's witnesses at trial. In this circumstance, the defense should be limited to using those reports and notes consistent with the law and rules of evidence. In particular, the defense must be precluded from introducing the contents of the reports and notes to impeach witnesses on the basis of inconsistent statements because the witness interview reports and notes are not the statements of the witnesses themselves. Moreover, they must be precluded from publishing the contents of the reports and notes to the jury, or otherwise suggesting to the jury that

a report or note is a statement of the witness. To allow otherwise would subvert the meaning of the Jencks Act and the Supreme Court's decision in *Palermo* holding that it would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations and interpolations." 360 U.S. at 350. The defense is, of course, free to ask a witness whether he or she made a statement that is reflected in an agent's interview report or note. However, if the defense is not satisfied with the witness's answer, the defense may not publish or introduce the contents of that report or note as a prior inconsistent statement. *See United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005) (holding that "[Agent interview reports] have been deemed inadmissible for impeaching witnesses on cross-examination . . . ."); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (holding that because "the written statement of the FBI agent was not attributable to [the witness]" it was "properly rejected as a prior inconsistent statement"); *United States v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975) (upholding the trial court's decision to "not allow counsel to use the [FBI 302 report] statement to impeach a witness because the witness did not prepare or sign the document and probably never adopted it"). Moreover, the defense may not use an agent's interview report or notes in a way that suggests to the jury that the document is a statement of the witness. *See United States v. Marks*, 816 F.2d 1207, 1210-11 (7th Cir. 1987) (holding that where defense counsel read from [an FBI interview report] during cross-examination in a way that would "seem authoritative" and potentially confuse the jury, the judge was entitled to require the witness be shown the [interview report] and given the opportunity to adopt or reject it as a statement, although such a practice was no longer required by the federal rules of evidence).

5

D. <u>Conclusion</u>

The government has provided broad discovery in this matter and will provide agent interview reports and notes for its cooperating witnesses at least two weeks prior to trial, although such production is not required under the Jencks Act. In turn, the defense must use those agent interview reports and notes in accordance with the law and rules of evidence, and they should not be permitted to introduce the interview reports and notes, publish them to the jury, or otherwise suggest to the jury that the documents are statements of the witnesses.

Respectfully submitted,

MARLON COBAR,
Chief, Narcotic & Dangerous Drug Section
Criminal Division
U.S. Department of Justice

<u>/s/ Kate Naseef</u>
Kate Naseef, Trial Attorney
Kaitlin Sahni, Acting Deputy Chief
Jonathan Hornok, Trial Attorney
United States Department of Justice
Narcotic and Dangerous Drug Section
145 N Street, Northeast
East Wing, Second Floor
Washington, D.C. 20530
kate.naseef@usdoj.gov
(202) 514-0917

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via ECF to counsel of record for the Defendant, 8th day of July, 2024.

By:   */s/ Kate Naseef*
      Kate Naseef
      Trial Attorney
      Narcotic and Dangerous Drug Section
      Criminal Division
      U.S. Department of Justice