# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:16-CR-229** |
| | ) | |
| **RUBEN OSEGUERA-GONZALEZ,** | ) | |
| **also known as "Menchito,"** | ) | |
| **"Rubencito," "Rojo," "Ruso,"** | ) | |
| **"Junior," and "El Nino,"** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLEA AGREEMENT

The United States of America, through the Narcotic and Dangerous Drug Section of the Criminal Division, United States Department of Justice (hereinafter referred to as the "United States" or the "Government") and Ruben Oseguera-Gonzalez (hereinafter referred to as the "Defendant") enter into the following agreement ("Plea Agreement"):

### Defendant's Obligations, Acknowledgments, Waivers

1.    **Charges.**  The Defendant agrees to plead guilty to the Superseding Information, which charges the Defendant with the following offenses:  (A) knowingly and intentionally conspiring with others to knowingly and intentionally distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, Schedule II controlled substances, knowing and intending that such substances would be unlawfully imported into the United States from a place outside thereof, in violation of 21 U.S.C. §§ 959(a), 960(a)(3), 960(b)(1)(B)(ii), 960(b)(1)(H) and 963 and 18 U.S.C. § 2 (Count One); and (B) knowingly and intentionally using, carrying, and brandishing firearms, including a semiautomatic assault weapon, during and in relation to one or more drug trafficking crimes, specifically the crime charged in Count One, and knowingly and intentionally possessing firearms, including a semiautomatic assault weapon, in furtherance of such drug trafficking crimes, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(B)(i), and 2 (Count Two).

The Defendant acknowledges and will reaffirm at the time of the plea of guilty the truth of the facts set forth in the Statement of Facts signed by him, which is attached to this Plea Agreement and incorporated herein.  As it pertains to the Defendant's plea of guilty, the Defendant hereby waives any and all affirmative defenses that may have been presented if this matter had proceeded to trial.

1

2. **Potential penalties, assessments, and restitution.** The Defendant understands that the offenses to which the Defendant is pleading guilty carry the following potential penalties: Count One carries a statutory minimum term of imprisonment of ten (10) years and a maximum term of life imprisonment, a fine not to exceed $10,000,000, and a period of supervised release of at least five (5) years, pursuant to 21 U.S.C. § 960(b)(1); and Count Two carries a statutory minimum term of imprisonment of ten (10) years and a maximum of life, a fine not to exceed $250,000, and a period of supervised release of not more than five (5) years, pursuant to 18 U.S.C. § 3583(b)(1). The sentence of imprisonment imposed on Count Two is required to be consecutive to any sentence of imprisonment imposed on Count One, pursuant to 18 U.S.C. § 924(c)(1)(D)(ii).

In addition, the Defendant agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court before the date of sentencing, pursuant to Title 18, United States Code, Section 3013. The Defendant also understands that pursuant to Title 18, United States Code, Section 3571 and Section 5E1.2 of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), the Court may also impose a fine that is sufficient to pay the federal Government the costs of any imprisonment, term of supervised release and period of probation.

3. **Sentencing Guidelines.** The Defendant understands that he will be sentenced according to 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines, which will apply to determine the Defendant's guideline range.

Although not binding on the Court or the U.S. Probation Office, the parties agree that the following Sentencing Guideline calculations, at minimum, apply to Count One:

  a.    the Defendant is accountable for importation and distribution of cocaine in the amount of 450 kilograms or more and of methamphetamine in the amount of 45 kilograms or more, and that, pursuant to Section 2D1.1(c)(1) of the Sentencing Guidelines, the base offense level without adjustments for the crime to which the Defendant is pleading guilty is a **38**;

  b.    the Defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, pursuant to Section 3B1.1 of the Sentencing Guidelines, increasing the offense level by **4 levels**;

  c.    the Defendant used violence, made a credible threat to use violence, or directed the use of violence, pursuant to Section 2D1.1(b)(2) of the Sentencing Guidelines, increasing the offense level by **2 levels**;

  d.    the offense involved the importation of methamphetamine or the manufacture of methamphetamine from listed chemicals that the Defendant knew were imported unlawfully, pursuant to Section 2D1.1(b)(5) of the Sentencing Guidelines, increasing the offense level by **2 levels**;

e.      the Defendant bribed, or attempted to bribe, a law enforcement officer to facilitate the commission of the offense, pursuant to Section 2D1.1(b)(11) of the Sentencing Guidelines, increasing the offense level by **2 levels**;

f.      the Defendant acknowledges that factors consistent with *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994), as they may apply to the Defendant, have been considered by the Government in its agreement to these sentencing guidelines, but the Government acknowledges that the Defendant may ask for additional consideration under these factors; and

g.      the parties agree that the Defendant's conduct renders him ineligible for relief under the safety valve provision set forth in 18 U.S.C. § 3553(f) and Section 5C1.2 of the Sentencing Guidelines.

Assuming the Defendant clearly demonstrates acceptance of responsibility to the satisfaction of the Government, through his allocution and subsequent conduct following the signing of this Plea Agreement prior to the imposition of sentence, the Government agrees that a **2-level** reduction would be appropriate, pursuant Section 3E1.1(a) of the Sentencing Guidelines. Furthermore, assuming the Defendant has accepted responsibility as described in the previous sentence, the Government agrees that an additional **1-level** reduction would be appropriate, pursuant to Section 3E1.1(b) of the Sentencing Guidelines, because the Defendant has assisted authorities by providing timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. At a Criminal History Category I and an adjusted offense level of **45**, the Sentencing Guidelines' range for Count One is **life** imprisonment.

The parties further agree that the Defendant's Guidelines range for Count Two is determined by the mandatory minimum sentence, which is ten years, and must be imposed independently and consecutively, in accordance with U.S.S.G. §§ 2K2.4(b), 3D1.1(b)(1), and 5G1.2(a). The Defendant understands that the Court will make any Sentencing Guidelines determinations.

Moreover, the Defendant understands that pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the federal courts are not bound by the Sentencing Guidelines, but must consult those Guidelines and take them into account when sentencing. The Defendant understands further that this means the Court may impose a sentence that is either more severe or less severe than the advisory guideline range. The Defendant thus understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the Defendant may not withdraw the plea if his sentence is at or below the statutory maximum sentence.

The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, or the Government, is a prediction, not a promise, and is not binding on the Government or the Court.

The Defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this Plea Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the Government, or a recommendation made jointly by both the Defendant and the Government.

The Defendant understands that the failure of the Court or the U.S. Probation Office to determine the guideline range in accordance with the above calculations will not void this Plea Agreement or serve as a basis for the withdrawal of the Defendant's plea. The Defendant understands and agrees that he will not be allowed to withdraw the guilty plea entered pursuant to this Plea Agreement solely because of the harshness of any sentence recommended by the U.S. Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this Plea Agreement.

The Defendant further understands that the sentence to be imposed is a matter solely within the discretion of the Court. The Defendant acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

The Government reserves the right to dispute sentencing factors or facts material to sentencing and to use any information or material, whether or not obtained from the Defendant pursuant to this Plea Agreement, to correct any factual errors asserted by the Defendant.

Should the Defendant commit any conduct after the date of this Plea Agreement that would form the basis for an increase in his base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to any law enforcement agent, probation officer or Court) the Government is free under this Plea Agreement to seek an increase in the base offense level or an upward departure based on that post-agreement conduct.

4. **Removal.** The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Because removal and other immigration consequences are the subjects of a separate proceeding, the Defendant understands that no one, including the Defendant's attorney or the District Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

5. **Criminal Forfeiture.** The Defendant acknowledges that he received money and property that is subject to forfeiture as a result of his violation of 21 U.S.C. §§ 959(a), 960(a)(3), and 963 as alleged in Count One of the Superseding Information. The Defendant agrees to forfeit

4

and give to the United States prior to the date of sentencing any right, title and interest which the Defendant may have in any asset that constitutes or is traceable to proceeds of his narcotics trafficking, or that was involved in, used in, or intended for use in narcotics violations. These assets may be located within the jurisdiction of the United States or elsewhere, and could include but are not limited to: cash assets, negotiable instruments, securities, property, or other things of value, including any and all property which has been transferred or sold to or deposited with any third party, known or unknown by the Defendant for a period of less than 10 years prior to the date of the signing of this Plea Agreement, as well as any asset, interest, or proceeds the Defendant received or could receive or cause to be received by a third party in the future, directly or indirectly, in whole or in part, from the Defendant's illegal activities.[1]

The Defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities, domestic or foreign, regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that the Defendant will fully cooperate in providing any and all financial information and documentation and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500.

The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property covered by this Plea Agreement is subject to forfeiture as proceeds of illegal conduct.

The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Government also reserves the right to seek a Forfeiture Money Judgment at the time of the Defendant's sentencing. Payments made by the Defendant towards the Forfeiture Money Judgment shall be made by certified or bank check payable to the "United States Marshals Service" and sent by overnight delivery to 255 E. Temple St., Los Angeles, CA 90012, with the criminal docket number noted on the face of the check.

The Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time his guilty plea is accepted. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of monies and properties forfeited hereunder, including notice set forth in an indictment or information.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. In addition, the Defendant knowingly and voluntarily waives his

---

[1] This includes, but is not limited to, property subject to forfeiture proceedings in Mexico or other foreign countries.

5

right, if any, to a jury trial on the forfeiture of said monies and properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue or any defense under the Eighth Amendment, including a claim of excessive fines. The Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.

The Defendant agrees that the forfeiture of any properties or the payment of the Forfeiture Money Judgement are not to be considered a fine or a payment on any income taxes that may be due.

The failure of the Defendant to forfeit any monies and/or properties as required under this Plea Agreement, including the failure of the Defendant to execute any document to accomplish same on timely notice to do so, shall constitute a material breach of this Plea Agreement. Upon such a breach, the Defendant will not be entitled to withdraw the plea, but the Government may bring additional criminal charges against the Defendant. The Government may also execute the Forfeiture Money Judgment upon any other assets of the Defendant, up to the outstanding balance, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedure Act, or any other applicable law.

6.     **Waiver of Constitutional and Statutory Rights.** The Defendant understands that by pleading guilty in this case he agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to plead not guilty, the right to a jury trial, and the right to effective assistance of counsel. At trial, the Defendant would have the right to be represented by counsel, to confront and cross-examine witnesses against him, to compel witnesses to appear for the purpose of testifying and presenting other evidence on the Defendant's behalf, and to choose whether to testify himself. If the Defendant chose not to testify at a jury trial, he would have the right to have the jury instructed that his failure to testify could not be held against him. The Defendant would further have the right to have the jury instructed that he is presumed innocent until proven guilty, and that the burden would be on the United States to prove his guilt beyond a reasonable doubt. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction. Additionally, the Defendant waives any right to have facts that determine his sentence under the Guidelines alleged in the Superseding Information or found by a jury beyond a reasonable doubt.

The Defendant understands that the Fifth Amendment to the Constitution of the United States protects him from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, the Defendant knowingly and voluntarily waives or gives up this right against self-incrimination.

The Defendant agrees that with respect to the charge referred to in paragraph 1, he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A, and will not file any claim under that law. The Defendant waives any right to additional disclosure from the Government in connection with the guilty plea.

6

7.     **Appeal Waiver.**  The Defendant is aware that federal law, specifically 18 U.S.C. § 3742, affords the Defendant the right to appeal his sentence.  The Defendant is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge.  Knowing that, the Defendant waives any argument, insofar as such waiver is permitted by law, that the statute to which the Defendant is pleading guilty is unconstitutional; any argument that his admitted conduct does not fall within the scope of the statute; and waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences the Defendant to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guidelines range pursuant to the provisions of Section 5K2.0 of the Sentencing Guidelines or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).  Further, the Defendant reserves the right to make a collateral attack upon the Defendant's sentence pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him.  In agreeing to this waiver, the Defendant is aware that his sentence has yet to be determined by the Court.  Realizing the uncertainty in estimating what sentence the Court ultimately will impose, the Defendant knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Plea Agreement.

8.     **Pre-Sentencing Detention**.  The Defendant further agrees not to object to the Government's recommendation to the Court at the time of the guilty plea in this case that, pursuant to 18 U.S.C. § 3143, the Defendant be detained without bond pending the Defendant's sentencing in this case.

9.     **Reservation of Allocution.**  The Defendant understands that the United States reserves its full right of allocution for purposes of sentencing in this matter.  The United States further reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of the Defendant's misconduct, including any misconduct not described in the charges to which the Defendant is pleading guilty.  The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Plea Agreement.

The Defendant also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding before the Bureau of Prisons.  The United States reserves the right to appeal the sentence in this case.   The Government and the Defendant agree, in accordance with Section 1B1.8 of the Sentencing Guidelines, that the Government will be free to use against the Defendant for any purpose at the sentencing in this case any self-incriminating information provided by the Defendant pursuant to this Plea Agreement.

10.     **Notification to Court and U.S. Probation Office.**  The United States will inform the Court and the U.S. Probation Office of all facts pertinent to the sentencing process, including all relevant information and conduct concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background.

7

## General Conditions

11.   **Prosecution by Other Agencies/Jurisdictions.**   This Plea Agreement only binds the Narcotic and Dangerous Drug Section, Criminal Division of the Department of Justice.  It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, or any state or local prosecutor.  These individuals and agencies remain free to prosecute the Defendant for any offense(s) committed within their respective jurisdictions.

12.   **No Other Agreements.**   No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the Defendant, the Defendant's counsel, and a prosecutor in this case, or made by the parties on the record before the Court.

13.   **Voluntariness.**   The Defendant represents to the Court that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is in fact guilty, and represents to the Court that he is fully satisfied with the legal advice, guidance and representation he has received from his attorney.



MARLON COBAR
ACTING CHIEF
NARCOTIC & DANGEROUS DRUG SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE


Date: 4/4/23          By: _____
KAITLIN J. SAHNI
Acting Assistant Deputy Chief
KATE NASEEF
Trial Attorney


Approved by:

Date: 4/4/23          By: _____
KATHARINE A. WAGNER
Acting Deputy Chief of Litigation


8

## DEFENDANT'S ACCEPTANCE

I have reviewed this Plea Agreement ~~with the assistance of an English-Spanish interpreter, and have discussed it at length~~ with my attorney, Danny Onorato, Esq. ~~This Plea Agreement has been translated into Spanish for me. I understand that the English version controls.~~ I fully understand this Plea Agreement and agree to the information contained within it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one (1).

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement, the accompanying Statement of Facts, and all matters related to it.

_____
RUBEN OSEGUERA-GONZALEZ
Defendant

_____4/6/23_____
Date

## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant, ~~through an English-Spanish interpreter,~~ the Defendant's rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Plea Agreement with the Defendant, through an English-Spanish interpreter. The Defendant is entering into this Plea Agreement voluntarily, intelligently and with full knowledge of all consequences of the Defendant's plea of guilty.

_____
DANNY ONORATO, ESQ.
Attorney for Defendant

_____4/6/23_____
Date