# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:16-CR-229 |
| ) | |
| RUBEN OSEGUERA-GONZALEZ, ) | |
| also known as "Menchito," ) | |
| "Rubencito," "Rojo," "Ruso," ) | |
| "Junior," and "El Nino," ) | |
| ) | |
| ) | |
| Defendant. ) | |

## JOINT STATEMENT OF STIPULATED FACTS

The statement of facts does not purport to include all of the Defendant's illegal conduct during the course of his charged offense. Nor does it purport to be an inclusive recitation of all that the Defendant heard, knew, or witnessed concerning the illegal activities of himself or those of his conspirators. It represents sufficient information for the Court to find a factual basis for accepting the Defendant's guilty plea in the above-captioned matter and is not intended to represent all of the Defendant's relevant conduct for sentencing purposes. Had the Defendant proceeded to trial, the Defendant agrees that the Government's evidence would show the following beyond a reasonable doubt:

1. From at least in or about 2007 and continuing thereafter up to and including February 1, 2017, within the countries of Mexico, the United States, and elsewhere, the Defendant, RUBEN OSEGUERA-GONZALEZ: (1) did unlawfully, knowingly, willfully, and intentionally combine, conspire, confederate and agree with other conspirators, both known and unknown, to commit the following offense against the United States, to wit to distribute at least 450 kilograms or more of cocaine and 45 kilograms or more of methamphetamine, Schedule II

controlled substances, knowing and intending that such substances would unlawfully be imported into the United States, in violation of 21 U.S.C. §§ 959, 960(a)(3), 960(b)(1)(B)(ii), 960(b)(1)(H), and 963 and 18 U.S.C. § 2; and (2) did knowingly and intentionally use, carry, and brandish firearms, including a semiautomatic assault weapon, during and in relation to one or more drug trafficking crimes, specifically the drug trafficking conspiracy charged in Count One of the Superseding Information, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(A)(ii), and (c)(1)(B)(i) and 2.

2. During the course and in furtherance of the conspiracy charged in Count One, the Defendant was a leader of a Mexico-based drug-trafficking organization (DTO) known as the Cartel de Jalisco Nueva Generacion (CJNG). The top leader of the CJNG was and is the Defendant's father, Nemesio Oseguera Cervantes, also known as "El Mencho." The CJNG is closely aligned with the Los Cuinis DTO, which is led by the Defendant's uncles.

3. The drug trafficking activities of the CJNG were extensive, and the DTO had more than five participants.

4. The Defendant acknowledges that during his participation in the conspiracy, the CJNG manufactured and distributed at least tens of thousands of kilograms of methamphetamine and, in coordination with Los Cuinis, distributed at least thousands of kilograms of cocaine. During the Defendant's participation in the conspiracy, the CJNG also used extreme violence to aggressively expand its control of territory in Mexico for the purpose of controlling and profiting from the manufacture and distribution of drugs through those areas.

5. The Defendant agrees that from approximately 2008 to 2011, the Defendant routinely visited methamphetamine laboratories in Jalisco, Mexico, which were controlled by his father, for the purpose of overseeing their operations. Approximately 2,800 kilograms of

methamphetamine produced at the laboratories that the Defendant helped to oversee were transported to the United States. The Defendant assisted with the operation of the methamphetamine laboratories knowing and intending that the majority of the methamphetamine would be imported into the United States.

6. The Defendant acknowledges that from approximately 2011 to 2012, the Defendant stole gas and diesel fuel from the duct lines of oil and gas companies in Mexico. The money obtained from the sale of the stolen fuel was used to pay CJNG hitmen and to purchase weapons, equipment for methamphetamine production, and stolen cars for the purpose of transporting drugs, equipment for the methamphetamine labs, and cartel personnel.

7. The Defendant acknowledges that from approximately 2011 to 2014, he gave orders to CJNG plaza bosses regarding drug distribution, the movement of narcotics proceeds, and the use of violence. Among those receiving direction from the Defendant were the bosses of the Guadalajara plaza, which was the most important plaza for CJNG. Approximately 300 CJNG members, who were subordinate to the Defendant, operated the Guadalajara plaza by distributing drugs, collecting narcotics proceeds, and using violence and intimidation to maintain control of the territory.

8. From approximately 2011 to 2014, the methamphetamine laboratories in the plazas taking direction from the Defendant collectively produced at least 15,000 kilograms of methamphetamine, in total, with the Defendant's knowledge that it would be imported into the United States.

9. The Defendant acknowledges that, during his participation in the conspiracy, he regularly carried a pistol and a rifle on his person during meetings to arrange cocaine and methamphetamine shipments, and for the purpose of protecting himself and the shipments. The

Defendant also carried AR-15 and AK-47 semiautomatic assault weapons during meetings in which CJNG plaza bosses and top leadership discussed drug trafficking and control of territory for the purpose of drug trafficking.

10. The Defendant acknowledges that as a leader of the CJNG, the Defendant gave orders to kill members of a rival cartel. The CJNG members who took orders from the Defendant were responsible for the murder of more than 100 people for perceived affronts to the CJNG, including stealing drugs belonging to the CJNG, failing to deliver drugs or chemicals used in drug production to the CJNG, and providing information about the CJNG to law enforcement.

11. The Defendant further acknowledges that, in approximately 2008, he personally shot and killed a member of a rival cartel.

12. The Defendant agrees that in approximately 2012, the Defendant attempted to bribe a Mexican federal police officer in order to obtain a copy of Mexican law enforcement's evidence of El Mencho's criminal conduct. The Defendant acknowledges that he attempted to obtain this information to help El Mencho evade capture so that El Mencho could continue leading the CJNG.

13. The Defendant admits that he communicated with co-conspirators via BlackBerry Messenger (BBM) using the screen names "Ice Man," "Forrest Gump," "Billy the kid," and "Billy the kid&gt;=)." In BBM communications in 2013 and early 2014, the Defendant arranged the distribution of hundred-kilogram quantities of cocaine, totaling at least 527 kilograms, and discussed the transportation of hundreds of thousands of U.S. dollars in narcotics proceeds from the United States to Mexico. In other BBM communications, the Defendant admitted to kidnapping an individual and his 12 workers for distributing drugs in CJNG territory without El

Mencho's permission.

14. The Defendant admits that the total amount of cocaine and methamphetamine involved in this conspiracy for which he had actual knowledge and involvement was over 450 kilograms of cocaine and over 45 kilograms of methamphetamine.

15. The Defendant admits that he was aware that more than 450 kilograms of the cocaine and more than 45 kilograms of the methamphetamine were going to be illegally imported into the United States for further distribution.

16. The Defendant agrees venue and jurisdiction lie with this Court pursuant to 18 U.S.C. § 3238.

17. The Defendant also agrees that his participation as a conspirator in the above-described acts were in all respects knowing, intentional, and willful, reflecting an intention and deliberation to do something the law forbids, and were not in any way the product of any accident, mistake of law or fact, duress, entrapment, or public authority.

18. With his signature below and that of his counsel, the Defendant agrees that he has fully adopted this statement of facts as his own statement. The Defendant is adopting this statement of facts because it is a true and correct summary of the Defendant's own conduct.

//
//
//
//
//
//
//

19. The Defendant is pleading guilty because the Defendant is in fact guilty.

                Respectfully submitted,

                MARLON COBAR
                ACTING CHIEF
                NARCOTIC & DANGEROUS DRUG SECTION
                CRIMINAL DIVISION
                U.S. DEPARTMENT OF JUSTICE

Date: 4/4/23      By: *Kaitlin J. Sahni*
                           KAITLIN J. SAHNI
                           Acting Assistant Deputy Chief
                           KATE NASEEF
                           Trial Attorney

Approved by:

Date: 4/4/23      By: *Kewu*
                           KATHARINE A. WAGNER
                           Acting Deputy Chief of Litigation

## DEFENDANT'S ACKNOWLEDGMENT

I have reviewed this Statement of Facts ~~with the assistance of an English-Spanish interpreter, and have discussed it at length~~ with my attorney, Danny Onorato, Esq. ~~This Statement of Facts has been translated into Spanish for me~~. I ~~understand that the English version controls~~. I fully understand this Statement of Facts and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Facts fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in the accompanying Plea Agreement dated April 4, 2023. I am satisfied with the legal services provided by my attorney in connection with this Statement of Facts, the accompanying Plea Agreement, and all matters related to it.

_Ruben Oseguera_                    _4/6/23_
RUBEN OSEGUERA-GONZALEZ             Date
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I am the Defendant's attorney. I have fully explained to the Defendant, ~~with the assistance of a Spanish-English interpreter~~, his rights and the applicable provisions of the Sentencing Guidelines. I have carefully reviewed every part of this Statement of Facts with the Defendant. The Defendant is agreeing to this Statement of Facts voluntarily, intelligently, and with full knowledge of all consequences of the Defendant's plea of guilty.

_[signature]_                       _4/6/23_
DANNY ONORATO, ESQ.                 Date
Attorney for Defendant

7