UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.: 16-CR-229 (BAH) |
| | ) | |
| v. | ) | |
| | ) | |
| RUBEN OSEGUERA-GONZALEZ, | ) | |
|    also known as "Menchito," | ) | |
|    "Rubencito," "Rojo," "Ruso," | ) | |
|    "Junior," and "El Nino," | ) | |
| | ) | |
| | ) | |
|                  Defendant. | ) | |

**GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTIONS FOR ATTORNEY *VOIR DIRE* AND TO EXCLUDE
HEARSAY AND IMPROPER ARGUMENTS OR REBUTTAL**

The United States respectfully submits this opposition to Defendant's motions *in limine* to exclude hearsay, appeals to passion or prejudice, vouching, and new arguments in rebuttal, and his motion for attorney-conducted *voir dire*. *See* Dkt. No. 143. With the exception of the request for attorney-conducted *voir dire*, these motions are vague, overbroad, and premature, alleging no concrete issues for the Court to resolve. Given that a court order at this stage is not necessary for the Defendant to preserve his remedies, the Court should deny the motions, or in the alternative, reserve judgment until an issue is properly before the Court.

    **I.    Defendant's Motion *in Limine* to Exclude Hearsay Is Vague, Overbroad, and Premature.**

Defendant's motion presents the Court with no concrete admissibility issue to resolve. In Subpart A.1, the Defendant requests that "the Court exclude all hearsay testimony under *Crawford*," but all he offers in support is broad recitations of the law. *See id.* at 1–4. In Subpart A.2, the Defendant even concedes that "it is impossible for the Court to" resolve his anticipated

1

issues with co-conspirator statements. Accordingly, he makes no requests of the Court, but only "reserves the right to make an objection." *Id.* at 5.

The Government plans to introduce intercepted communications at trial, and to the extent the Defendant takes issue with the admissibility of those communications under *Crawford v. Washington*, 541 U.S. 36, 61 (2004), his motion is frivolous. "Statements satisfying the coconspirator nonhearsay rule under Federal Rule of Evidence 801(d)(2)(E) may be admitted against co-defendants without violating the Confrontation Clause." *United States v. Carson*, 455 F.3d 336, 365 (D.C. Cir. 2006). As the D.C. Circuit has explained, intercepted communications "cannot be deemed 'testimonial' as the speakers certainly did not make the statements thinking that they 'would be available for use at a later trial.'" *United States v. Miller*, 738 F.3d 361, 379 (D.C. Cir. 2013) (citation omitted).[1]

Moreover, although an attestation is not required, the Government is aware of and will comply with the evidentiary requirements for admission of coconspirator statements under Federal Rule of Evidence 801(d)(2)(E). Specifically, the Government must prove "by the preponderance of the evidence that: (1) a conspiracy existed; (2) the defendant and the out-of-court declarant were involved in the conspiracy; and (3) the statement to be introduced was made in furtherance of that conspiracy." *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 186–87 (D.D.C. 2015), *aff'd*, 902 F.3d 285 (D.C. Cir. 2018) (citation omitted). At trial, the Government will establish the existence of the conspiracy. Each of the Defendant's testifying coconspirators will have already pleaded guilty to charges arising from the same conspiracy, or

---

[1] Additionally, Defendant's statements in intercepted communications or to testifying witnesses are properly admitted as opposing party statements under Federal Rule of Evidence 801(d)(2)(A).

2

will readily admit personal participation in the conspiracy. The Government will also produce witnesses to establish Defendant's and other declarants' involvement in the underlying conspiracy, among other evidence. The Government similarly will establish the "in furtherance of the conspiracy" requirement, which may be satisfied by the statement alone. *Id.*; *see also United States v. Miller*, 738 F.3d 361, 374 (D.C. Cir. 2013) (noting statements that encourage coconspirators or enhance their usefulness, including updates on the status of the conspiracy, can be "in furtherance of a conspiracy").

Lastly, although parties generally are encouraged or required to resolve evidentiary issues before trial to the extent possible, a party does not relinquish its right to raise objections should unresolved issues arise during trial. A court order is not required to preserve the right, nor is it appropriate to move the Court to merely remind the Government of its legal obligations—without any factual basis to even necessitate a reminder. Given Defendant's admission that the Court cannot resolve his anticipated evidentiary disputes at this time, the Court should deny Defendant's motion in Part A, or alternatively, reserve judgment to discern the exact nature of the dispute, if and when one arises. *See, e.g.*, *United States v. Knight*, 975 F. Supp. 2d 119, 129 (D.D.C. 2013) (denying "generalized allegation" as "too vague and conclusory to raise any actual issue for the Court to resolve," adding, it "cannot form the basis for relief"); *United States v. Morrow*, No. CRIM.A. 04-355CKK, 2005 WL 3163806, at *10 (D.D.C. Apr. 13, 2005) (denying "premature" motion *in limine*, noting defendant "may renew his motion at the appropriate time," i.e., "during the trial itself").

## II. The Defendant Alleges No Issues with the Existing *Voir Dire* Procedures.

In Part B, the Defendant requests attorney-conducted *voir dire* to "effectively and intelligently exercise" his right to peremptory and for-cause challenges. Dkt. No. 143, at 6. The

Defendant, however, does not explain how the Court's standard procedure would hinder that goal. The Government believes the Court's standard *voir dire* procedure complies with legal requirements under Federal Rule of Criminal Procedure 24.

### III. Defendant's Motions *in Limine* to Exclude Appeal to Passion or Prejudice, New Arguments in Rebuttal, and Vouching Lack Merit.

For the reasons explained in Section I, Defendant's remaining motions *in limine* in Parts C, D, and E also lack merit. Dkt. No. 143, at 7–11. The Defendant does not present any specific dispute, nor does he otherwise allege any facts to justify his anticipation of the issues he raises. If broad invocations of legal principles alone can suffice for court orders, then defendants can request court orders as prophylactics for any applicable rule or law, including constitutional provisions, rules of evidence, rules of criminal procedure, and so on. Defendant's requests, if granted, would serve only as improper and unwarranted reminders to the Government of its legal obligations. Moreover, Defendant's motions are unnecessary to preserve his right to object should any of his anticipated issues arise. Therefore, his motions lack merit.

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant's motions, or in the alternative, reserve judgment until the anticipated issues arise.

Respectfully submitted this 22nd day of July 2024.

                                          MARLON COBAR, Chief
                                        Narcotic and Dangerous Drug Section
                                        Criminal Division
                                        United States Department of Justice

                                        By:   /s/  *Lernik Begian*
                                        Lernik Begian, Trial Attorney
                                        Kaitlin Sahni, Acting Deputy Chief
                                        Jonathan Hornok, Trial Attorney
                                        Kate Naseef, Trial Attorney
                                        United States Department of Justice
                                        Narcotic and Dangerous Drug Section
                                        145 N Street, Northeast
                                        Washington, D.C. 20530
                                        Lernik.Begian@usdoj.gov
                                        (202) 514-0917

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was sent via ECF, to counsel of record for the Defendant, on July 22, 2024.

                                                        By:    /s/ *Lernik Begian* .
                                                                   Lernik Begian
                                                                   Trial Attorney
                                                                   Narcotic and Dangerous Drug Section
                                                                   U.S. Department of Justice