UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 16-CR-229-BAH |
| v. | : |
| RUBEN OSEGUERA-GONZALEZ, | : |
| Defendant. | : |

## OPPOSITION TO MOTION TO EXCLUDE EXPERT TESTIMONY (DKT. NO. 138)

The United States respectfully opposes the defendant's *Motion to Exclude Expert Testimony*, Dkt. No. 138. The defendant argues that certain portions of the government's proffered expert testimony should be excluded based on deficiencies in the original notice. In order to give the defendant the information he seeks, the government has supplemented the expert witness disclosure. Because the defendant has received notice seven weeks before trial—an amount of time sufficient to meet the government's evidence—exclusion is inappropriate in this case.

### I. THE DEFENDANT'S LIMITED CHALLENGES AND THE SUPPLEMENTAL NOTICE

*A. The defendant's limited challenges*

The defendant raises several specific challenges to the government's proposed expert testimony but leaves much of the proffered experts' qualifications and testimony unchallenged. First, the defendant argues that "[a]dequate disclosure [of Mr. Paris's and Ms. O'Brien's testimony] requires the Government provide which BBMs were translated and transcribed and which words or phrases within those BBMs are to be decoded, their decoded meaning, and why its been decoded in such a

1

way." *Id.* at 3–4, 12.[1] Relatedly, the defendant argues that Mr. Paris's testimony is not focused to "coded language that relates to drug trafficking or the conspiracy charged in this case." *Id.* at 4. Second, the defendant argues that "ATF Agent Miller does not appear qualified to testify about the kinds of weapons accessible or used by Mexican drug cartels." *Id.* at 11. Third, the defendant argues that "any testimony relating to the kinds of guns available to Mexican drug cartels" is not relevant. *Id.* at 11. Fourth, the defendant argues that how certain drugs affect the human body when consumed is not relevant. *Id.* at 11–12.

Importantly, the defendant has not challenged other aspects of the government's expert disclosure. To begin, the defendant has not challenged Mr. Miller's qualifications to give the proffered testimony regarding what weapons are covered by the violation charged in Count Two, how those weapons operate, and whether certain weapons at issue in this case appear to qualify as a "firearm," a "machinegun," or a "destructive device," as those terms are used in 18 U.S.C. § 924(c).

Next, the defendant has not challenged Mr. Paris's qualifications to testify regarding the origin, organization, and operation of Mexican drug cartels and to help the jury understand the evidence admitted at trial. Nor has the defendant challenged other aspects of Mr. Paris's proffered testimony, including testimony regarding the

---

[1] The defendant also complains that he has not received a *Curriculum Vitae* for Mr. Paris. But Rule 16 dictates the substance of the disclosure not the form of the disclosure. The defendant has failed to provide any legal basis to conclude that the form in which the government disclosed Mr. Paris's qualifications—which comprises more than four pages of narrative—is insufficient. Indeed—for the most part—the defendant does not challenge the substance of Mr. Paris's qualifications.

history of the drug cartels in Mexico, including the origin of the CJNG, and testimony regarding the methods cartel leaders have developed to gain and maintain control of territory and the illicit drug trade and to avoid capture by law enforcement. Likewise, the defendant has not challenged Mr. Paris's proffered testimony regarding how the CJNG and other drug cartels have used weapons, violence, bribery, compartmentalization, obstruction of justice, secrecy, and coded communication to move drugs through Mexico into the United States and expatriate drug proceeds from the United States. And the defendant has not challenged Mr. Paris's proffered testimony regarding what substances are controlled under U.S. law, how those controlled substances are manufactured and imported into the United States for distribution, and the price of those substances at various places and times relevant to the conspiracy charged in Count One.

Finally, the defendant has not challenged Ms. O'Brien's qualifications to testify as a Spanish linguist.

### B. The government has supplemented the expert notice in response to the defendant's specific requests

In response to the defendant's motion to exclude expert testimony, the government has supplemented its expert witness disclosure in an effort to give the defendant the information he seeks. This supplement includes the following additional information pertaining to expert testimony of Judi O'Brien and Steve Paris: translations of the BlackBerry Messenger communications by Ms. O'Brien that the government intends to present at trial and about which Mr. Paris will opine; a list of the specific words and phrases Mr. Paris will decode based on his training and

experience investigating drug traffickers; and a list of common characteristics Mr. Paris will use to identify and decode drug trafficking communications. And as reflected in the supplement, the government does not now intend to elicit testimony about how the drugs at issue affect the human body.[2] The supplement includes the following pertaining to expert testimony of John Miller: information about Mr. Miller's experience as an ATF officer that qualifies him to testify about the kinds of weapons available to drug cartels in Mexico; a list of photos that the government intends to present at trial about which Mr. Miller will opine, including which photos appear to depict firearms, machineguns, and destructive devices.

*C. The government does not object to a limiting instruction*

The defendant proposes a limiting instruction regarding Mr. Paris's testimony. While the government does not concede that a limiting instruction is necessary in this case, it does not object to the instruction proposed by the defendant as modified below:

> You have heard the testimony of Steve Paris. He testified in relation to the general operations of Mexican drug cartels, <u>among other topics</u>, but did not testify to Mr. <u>Oseguera-Gonzalez's</u> O̶s̶g̶e̶u̶r̶a̶-̶G̶o̶n̶z̶a̶l̶e̶z̶'̶s̶ <u>mental state or his</u> membership or participation t̶h̶e̶r̶e̶i̶n̶ ̶a̶s̶ ̶S̶t̶e̶v̶e̶ ̶P̶a̶r̶i̶s̶ ̶h̶a̶s̶ ̶n̶o̶ ̶p̶e̶r̶s̶o̶n̶a̶l̶ ̶k̶n̶o̶w̶l̶e̶d̶g̶e̶ ̶a̶s̶ ̶t̶o̶ ̶w̶h̶a̶t̶,̶ ̶i̶f̶ ̶a̶n̶y̶,̶ ̶r̶o̶l̶e̶ ̶o̶r̶ ̶i̶n̶v̶o̶l̶v̶e̶m̶e̶n̶t̶ ̶M̶r̶.̶ ̶O̶s̶e̶g̶u̶e̶r̶a̶-̶G̶o̶n̶z̶a̶l̶e̶z̶ ̶h̶a̶d̶ with any Mexican drug cartel. It is up for you, the jury, to determine what the Government's evidence has shown and whether they have proven each and every element of the offense beyond a reasonable doubt.

---

[2] The government reserves the right to present testimony about how drugs affect a human body when consumed if the defendant makes such testimony relevant. The supplement therefore includes information about Mr. Paris's qualification to offer such testimony.

4

## II. EXCLUSION IS NOT APPROPRIATE BECAUSE THE DEFENDANT HAS RECEIVED NOTICE SUFFICIENTLY BEFORE TRIAL

The defendant argues that the Court should exclude all of Mr. Paris's proffered expert testimony and Ms. O'Brien's testimony regarding translated BBMs. Dkt. No. 138 at 8. But the defendant has received the notice he requested sufficiently before trial and thus exclusion is not appropriate.

Rule 16(G) of the Federal Rules of Criminal Procedure requires that, "[a]t the defendant's request, the government must disclose to the defendant, in writing, [certain information] for any testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief." The rule further reveals that this information should be disclosed "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(G)(ii). Finally, the rule specifically contemplates that the government's disclosure may be "supplement[ed] or correct[ed]." Fed. R. Crim. P. 16(G)(vi).

In *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130 (D.D.C. 2015), *aff'd*, 902 F.3d 285 (D.C. Cir. 2018), this Court considered what "sufficiently before trial" means in the context of the government's disclosure of a DEA Special Agent as an expert witness in a drug trafficking case. *Id.* at 210. Citing the D.C. Circuit's opinion in *United States v. Martinez*, 476 F.3d 961, 967–68 (D.C. Cir. 2007), and distinguishing the facts in *United States v. Day*, 524 F.3d 1361 (D.C. Cir. 2008), this Court refused to exclude the proffered expert testimony. In reaching this conclusion, the Court highlighted several facts in *Day*, which merited the exclusion of the expert testimony in that case: timing and lack of substance. First, this Court noted that in

*Day*, the proposed expert was named "less than two weeks before trial" and his proposed testimony was "disclosed less than one week before trial." *Mosquera-Murillo*, 153 F. Supp. 3d at 210 (citing *Day*, 524 F.3d at 1371–72).[3] Second, this Court noted that the notice of the proposed testimony was so vague, it even failed to disclose what the expert would conclude. *Id.*

This Court contrasted the "insufficient and tardy" notice in *Day*, with the facts in *Martinez*, where the D.C. Circuit "uph[eld] the admission of expert testimony under Rule 16 where the government provided information as to the challenged testimony approximately six weeks before trial and in opposition to a motion to exclude the testimony." *Id.* at 211 (citing *Martinez*, 476 F.3d at 967–68). The procedural posture in *Martinez* is notable: the government provided notice of expert testimony by a DEA Special Agent, the defendant filed a motion to exclude the noticed expert testimony, and then the government supplemented its notice of expert testimony six weeks before trial. *See id.* Simply put, the D.C. Circuit held that six weeks is "sufficiently before trial" for notice of "[e]xpert testimony about the methods of drug organizations," which "is common in drug cases." *Martinez*, 476 F.3d at 967.

This case has a nearly identical procedural posture as *Martinez* and is readily distinguishable from the one-week-before-trial notice in *Day*. The government notified the defendant of proposed expert testimony on June 14, 2024—almost three

---

[3] This Court also noted that the excluded expert was the fourth in a succession of excluded experts. *Mosquera-Murillo*, 153 F. Supp. 3d at 210. Additionally, the district court in that case also held that "'the proffered evidence fail[ed] to comply with the standards for admissibility'" in this district. *Day*, 524 F.3d at 1370.

months before trial. The defendant filed a motion to exclude the expert testimony, identifying what he saw as deficiencies in the notice. With this opposition to that motion, the government has supplemented its notice—seven weeks before trial. Finally, this case is nothing like *Day*, where "[i]t was only during the Government's cross-examination [at the *Daubert* hearing]," which was "less than a week before trial," "that [the proffered expert] finally offered" his opinion. *Day*, 524 F.3d at 1371.

Citing *Day*, 524 F.3d at 1372, the defendant also argues that the government has made willful judgments to prejudice the defendant by withholding information. But unlike in *Day*, the government has supplemented its disclosure seven weeks before trial in an effort to give the defendant the information he seeks. And like in *Mosquera-Murillo*, the defendant has not explained how he is "materially prejudiced" by receiving the information he requested seven weeks before trial. 153 F. Supp. 3d at 211. Indeed, the government has supplemented the expert disclosures at a point in this case where the defendant still has an opportunity to brief and argue any objections that remain before the pretrial conference on August 16, 2024, which is more than three weeks before trial. *See* Min. Entries Nov. 27, 2023, and June 28, 2024.

### III. THE PROFFERED TESTIMONY IS RELEVANT AND, IN THE CONTEXT OF OTHER EVIDENCE TO BE PRESENTED AT TRIAL, DOES NOT CARRY A RISK OF UNFAIR PREJUDICE

The defendant argues that "any testimony relating to the kinds of guns available to Mexican drug cartels" is not relevant under Rule 401 of the Federal Rules of Evidence or, in the alternative, is excludable under Rule 403. Dkt. No. 138 at 11. Evidence is relevant under Rule 401 if "it has any tendency to make a fact more or

less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Courts have held that a defendant's "access to a firearm similar to the one used in the [offense]" "is relevant to establish opportunity or preparation to commit the crime charged." *United States v. Ringer*, 9 F. App'x 844, 848 (10th Cir. 2001). Similarly, the D.C. Circuit has held that a defendant's prior possession of a firearm tends to show that the defendant had the opportunity to possess a firearm on a later occasion. *United States v. Garner*, 396 F.3d 438, 444 (D.C. Cir. 2005).

In this case, a D.C. jury likely will find it unusual that the defendant and his coconspirators would have the opportunity to possess the military-grade weapons—including machineguns and destructive devices—the government has alleged that the defendant and his coconspirators possessed, carried, brandished, and used. The fact that those kinds of weapons were available to a Mexican drug cartel thus tends to establish that the defendant or his coconspirators had the opportunity to and in fact did possess, carry, brandish, and use those kinds of weapons during the charged conspiracy.

The defendant next argues that testimony regarding the kinds of guns available to Mexican drug cartels carries a risk of unfair prejudice. Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. "Critically, the test focuses on 'unfair prejudice,' or prejudice that is 'compelling or unique,' or has 'an undue tendency to suggest decision on an improper basis.'" *United States v. Thorne*,

No. CR 18-389 (BAH), 2020 WL 122985, at *6 (D.D.C. Jan. 10, 2020) (citations omitted). Additionally, "the identified danger must be amply weighty to warrant exclusion of otherwise probative relevant evidence." *Id.* Rule 403 is thus "'a rule of inclusion.'" *Id.* (quoting *United States v. Douglas*, 482 F.3d 591, 596 (D.C. Cir. 2007)). Finally, in order to complete the balancing, the court must evaluate "the full evidentiary context" in which the evidence is presented. *Id.* (citation omitted).

Here the probative value is substantial—this evidence establishes the defendant had the opportunity to commit a crime that common experience for D.C. residents would suggest is almost impossible to commit. In contrast, any prejudice is not "unfair" because it does not suggest a compelling or improper basis for making the decision given that the evidence does not pertain to the uncharged acts of the defendant. *See, e.g., Garner*, 396 F.3d at 444. And because the testimony deals with the opportunity of many people to commit the offense, any risk of unfair prejudice to the defendant is slight. In weighty contrast, other evidence at trial—including witness testimony—will show that the defendant's cartel is one of the largest and most powerful cartel's in Mexico and that the defendant and his cartel used military-grade weapons to commit murder and other acts of violence. In short, the 403 analysis weighs in favor of inclusion.

Finally, insofar as the Court is inclined to find that the proffered testimony may be excludable under Rule 403, the Court should carry the defendant's objection and not rule on it until immediately before the testimony is presented at trial so that the Court's ruling can benefit from a fuller context of the evidence presented at trial.

IV. CONCLUSION

Accordingly, the Court should deny the defendant's motion to exclude expert testimony, Dkt. No. 138, because the defendant has received notice "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(G)(ii).

> Respectfully Submitted,
>
> MARLON COBAR
> Chief
> Narcotic and Dangerous Drug Section
> Criminal Division
> U.S. Department of Justice
>
> By:   */s/ Jonathan R. Hornok*
> Jonathan R. Hornok
> Kate Naseef
> Trial Attorneys
> Kaitlin Sahni
> Acting Deputy Chief
> Narcotic and Dangerous Drug Section
> Criminal Division,
> U.S. Department of Justice
> Washington, D.C. 20530
> Telephone: (202) 514-0917

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing (ECF) system with the United States District Court for the District of Columbia to counsel of record for the defendant, this 22nd day of July 2024.

By: /s/ *Jonathan R. Hornok*
Jonathan R. Hornok
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice