**ANTHONY E. COLOMBO, JR.**
California State Bar No. 218411
The Senator Building, Ste. 312
105 West "F" Street
San Diego, CA 92101
Tel: (619) 236-1704
Email: anthonycolombolegal@gmail.com

Attorney for Ruben Oseguera-Gonzalez

UNITED STATES DISTRICT COURT

DISTRICT COURT OF COLUMBIA

(HONORABLE BERYL A. HOWELL)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 16cr00229-BAH |
| Plaintiff, ) | |
| v. ) | |
| RUBEN OSEGUERA-GONZALEZ, ) | REPLY TO THE GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY |
| Defendant. ) | |

TO: KATE M. NASEEF, TRIAL ATTORNEY, UNITED STATES ATTORNEY'S OFFICE; JONATHON HORNOK, TRIAL ATTORNEY, UNITED STATES ATTORNEY'S OFFICE; AND KAITLIN SAHNI, ACTING DEPUTY CHIEF, UNITED STATES ATTORNEY'S OFFICE:

**I.**

**REPLY TO THE GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY**

**A.   Government's Supplemental Notice**

On July 22, 2024, the Government filed a Supplemental Notice of Expert Testimony Pursuant to Federal Rule of Criminal Procedure 16(G).  ECF No. 153.  The Government noticed that it intended to offer expert testimony during its case-in-chief at trial pursuant to

Federal Rules of Evidence 702, 703, and 705. *Id*. Specifically, the Government noticed the same three purported experts and summarized their anticipated testimony. Mr. Oseguera-Gonzalez in this reply only addresses the following:

> **(I)** **John Miller** - a Firearms Enforcement Officer for Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF):
>
> **A. Anticipated Testimony**
>
> The Government proffers that John Miller will testify to what weapons are covered by Count Two of the Superseding Indictment, how those weapons operate, and the kinds and source of weapons used by Mexican Drug Cartels.
>
> **1. Testimony Relating to Proffered Expert John W. Miller's Knowledge and Opinion in Relation to Weapons used by Mexican Drug Cartels is Neither Reliable or Relevent and Must be Excluded**

The Government has proffered that John Miller, a Firearms Enforcement Officer for the ATF, will testify about the "kinds of weapons drug cartels in Mexico have used and the potential sources of those weapons." *See* ECF No. 153 at 2. The Government explains, "This background information will help the jury understand the kinds of weapons available to a drug cartel in Mexico, which differs from the kinds of weapons available to the public in the District of Columbia." *Id*. at 3. The Government's supplemental notice now clarifies "Through [Mr. Miller's] training and his work on behalf of the ATF and the DHS, [he] has learned about the work of the ATF and the DHS to investigate the kinds of firearms available to Mexican drug cartels and the probable sources of those firearms. For example, while obtaining his master's degree, Mr. Miller conducted research regarding weapons proliferation in Central and South America. Additionally, Mr. Miller has spoken with Mexican law enforcement officials about weapons proliferation in Mexico." *Id*. at 5.

The Government's purported testimony in its supplemental notice is neither reliable nor relevant.

First, the proffered testimony is not reliable as ATF Agent Miller does not appear qualified to testify about the kinds of weapons accessible or used by Mexican drug cartels. Nothing in his disclosed background, experience, training, or C.V., in either the Government's initial notice or its supplemental notice supports or indicates he's been involved with any investigations relating to Mexican drug cartels. Miller has never testified about such in the past.

The Government's supplemental notice references that Miller has "scientific, technical, or other specialized knowledge" based upon some "research" he conducted about weapons proliferation in Central and South America, however, how this "research" relates to Mexico, a country in North America, is not explained. Furthermore, there is no given context to the "research." Was it tethered to a course, a paper he'd written for a course, or did he just causally one day while in his master's program Google search "proliferation of weapons in Central and South America[?]" The "research" conducted couldn't have been significant as there is no mention of it in the C.V. provided by the Government. *See* ECF 153-1. Nothing about this research into geographical regions that do not include the country of Mexico, makes Miller's testimony reliable.

The Government's supplemental notice references that Miller has "scientific, technical, or other specialized knowledge" as he has "spoken with Mexican law enforcement officials about weapons proliferation in Mexico."[1] However, there is no context to this purported discussion. When, who, and in what context did these discussions take place? The undersigned counsel could equally claim the same that he has spoken with Mexican law

---

[1] Mr. Oseguera-Gonzalez is entitled to the underlying facts and information that support Mr. Miller's opinion, *i.e.*, the Mexican law enforcement officials he spoke with and in what context (where, when, why), and any report of investigation relating to such that supports his opinion. The defendant has a right to cross-examine on the underlying data that forms an expert's opinion. *See United States v. Melton*, 597 A.2d 892, 905 (D.C. Cir. 1991) (en banc) (citing *Davis v. Alaska*, 415 U.S. 308, 316 (1974) ("Cross-examination is the principle means by which the believability of a witness and the truth of his testimony are tested.")). This information has been requested from the Government.

enforcement about weapons in Mexico, but that does not establish counsel as an expert qualified to provide expert testimony. Again, the purported discussions with Mexican law enforcement must not have played any important role as it is not listed in his C.V., and he has never testified about this experience in the past in any of the cases he's testified in.

The Court should see this for what it is, and that is the Government's attempt to conveniently stretch the bounds of Mr. Miller's expertise to fit their needs in this case. While Mr. Miller may be an expert in firearms and has been qualified as an expert previously in this area, it is all too convenient that Mr. Miller now has expertise in firearms utilized by Mexican drug cartels, an area of expertise he's never been qualified in before or testified about previously. This Court should be concerned, as other courts have been, with allowing a witness to testify in an area that he simply is not qualified to testify as an expert in. *See e.g.*, *United States v. Slough*, 51 F.Supp. 3d 1 (D.D.C. 2014); *United States v. Day*, 524 F.3d 1361 (D.C. Cir. 2008); *United States v. Mejia*, 545 F.3d 179 (2nd Cir. 2008); and *United States v. Freeman*, 488 F.3d 1217 (9th Cir. 2007).

Second, this bears repeating as it was set forth in Mr. Oseguera-Gonzalez's motion to exclude, any testimony relating to the kinds of guns available to Mexican drug cartels and how they might differ from that accessible to the public in the District of Columbia is simply not relevant. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," and here it would not seem stating that Mexican drug cartels have access to a particular gun, or that the public in the District of Columbia does not have access to that gun, does not make any fact of consequence in this case more or less probable.

The Government argues that "the D.C. Circuit has held that a defendant's prior possession of a firearm tends to show that the defendant had the opportunity to possess a firearm on a later occasion[,]" (*see* ECF 154 at 8), however, the Government's expert lacks any personal knowledge as to what, if any, firearms Mr. Oseguera-Gonzalez may have possessed in the past, and thus, any expert testimony to such would be improper. *See e.g.*,

*United States v. Martinez*, 476 F.3d 961, 967-68 (D.C. Cir. 2007); *United States v. Mejia*, 448 F.3d 436, 449 (D.C. Cir. 2006).

Mr. Oseguera-Gonzalez also maintains that whatever minimum probative value this testimony may have is substantially outweighed by the danger of unfair prejudice in so much as the purported testimony is unreliable and not relevant, and thus, should be excluded under Rule 403.

## CONCLUSION

For the reasons stated above, Mr. Oseguera moves this Court to grant his motion.

Respectfully submitted,

/s/ Anthony E. Colombo, Jr.

Dated: July 24, 2024

**ANTHONY E. COLOMBO, JR.**

Attorney for Mr. Oseguera-Gonzalez