**ANTHONY E. COLOMBO, JR.**
California State Bar No. 218411
The Senator Building, Ste. 312
105 West "F" Street
San Diego, CA 92101
Tel:   (619) 236-1704
Email: anthonycolombolegal@gmail.com

Attorney for Ruben Oseguera-Gonzalez

UNITED STATES DISTRICT COURT

DISTRICT COURT OF COLUMBIA

(HONORABLE BERYL A. HOWELL)

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) <br> ) <br> Plaintiff,      ) <br> ) <br> v.      ) <br> ) <br> RUBEN OSEGUERA-GONZALEZ,     ) <br> ) <br> Defendant.      ) <br> ) <br> _____ ) | CASE NO. 16cr00229-BAH <br><br> REPLY TO THE GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE RULE 404(b) EVIDENCE |

TO:   KATE M. NASEEF, TRIAL ATTORNEY, UNITED STATES ATTORNEY'S OFFICE; JONATHON HORNOK, TRIAL ATTORNEY, UNITED STATES ATTORNEY'S OFFICE; AND KAITLIN SAHNI, ACTING DEPUTY CHIEF, UNITED STATES ATTORNEY'S OFFICE:

**I.**

**REPLY TO THE GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE RULE 404(b) EVIDENCE**

**A.    The Proffered Evidence is Not Admissible Under Rule 404(b)**

The Supreme Court of the United States has made clear that sufficient evidence of the existence of the prior bad act such that a jury could "reasonably conclude that the act[s] occurred and that the defendant was the actor" must be presented. *Huddleston v. United*

*States*, 485 U.S. 681, 689 (1988). The Government must establish a logical chain of inferences, "no link of which can be the inference because the defendant committed [the prior act], he therefore is more likely to have committed this one." *United States v. Sampson*, 980 F.2d 883, 887 (3rd Cir. 1992). The word "person" in Rule 404(b) refers only to the accused and not to someone other than the defendant. *See United States v. Kelley*, 545 F.2d 619, 622-23 (8th Cir. 1976) (the rule is that the prosecution may not introduce evidence of other acts of *the accused* unless the evidence is substantially relevant and not for propensity) (emphasis added). Therefore, prior acts to be admitted under 404(b) must have been committed by the defendant, not a third party. *See id*. In other words, for uncharged conduct to be admitted, the Supreme Court requires sufficient evidence of the existence of the prior act such that a jury could "reasonably conclude that the act[s] occurred and that the defendant was the actor." *Huddleston*, 485 U.S. at 689. As the Supreme Court said in *Huddleston*, the prosecution may not "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo." *Huddleston*, 485 U.S. at 689. Where evidence linking a defendant to the prior conduct "is weak, evidence of the [prior conduct] should not be admitted." *United States v. Horvath*, 731 F.2d 557 (8th Cir. 1984).

    Here, it appears from the Government's Response and Opposition that they intend to introduce third parties' acts allegedly carried out on defendant's orders based upon the uncorroborated hearsay (upon hearsay) testimony from cooperating witnesses, or alleged acts committed by defendant based upon the same evidence. *See* ECF 156 at 3-6.[1] As a threshold matter, *Huddleston* requires exclusion of the Government's proffered 404(b) evidence as it is simple not reliable, and to the extent it is not reliable, it is not relevant. *See e.g.*, *United States v. Beechum*, 582 F.2d 898, 911-12 n.15 (5th Cir. 1978) (The relevancy of other act evidence to intent/knowledge derives from the defendant's indulging himself in the same state of mind in the perpetration of the other act and charged offense). The fact that Mr.

---

[1] Again, Mr. Oseguera-Gonzalez has not been provided any discovery with relation to the anticipated testimony.

Oseguera-Gonzalez was not prosecuted for the alleged other act conduct "weakens the probative value of [each alleged] incident[]." *See United States v. Herrera-Medina*, 609 F.2d 376 (9th Cir. 1979) (the fact that in each prior incident of alien smuggling the prosecution did not prosecute weakens the probative value of those incidents in the defendants current charged alien smuggling offense). Here, exclusion is appropriate.

### B. The Proffered Evidence is Not Admissible Under Rule 403

In addition to the argument that the Government cannot establish a reliable foundation for it's proposed other act evidence, Rule 403 also requires exclusion. The Supreme Court has explained that "the term unfair prejudice . . . speaks to the capacity of some concededly relevant evidence to lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The Supreme Court has emphasized the importance of a Rule 403 analysis in Rule 404(b) cases. *See Huddleston*, 485 U.S. at 691 (Rule 403 provides necessary protection against unfairly prejudicial evidence which might otherwise be admitted under Rule 404(b)). In assessing undue prejudice under Rule 403, "the trial court should carefully consider the likely effectiveness of a cautionary instruction that tries to limit the jury's consideration of the evidence to the purpose for which it was admissible." *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980). Indeed, Circuit Courts have recognized that limiting instructions may not always ensure that the jury will consider the other crimes evidence only for the purpose offered. *See id*. at 694. Moreover, when numerous incidents of unrelated bad conduct are proffered, the Court "must be careful to consider the cumulative impact of such evidence on the jury and to avoid the potential prejudice that might flow from its admission." *United States v. Wallach,* 935 F.2d 445, 472 (2d Cir. 1991).

Here, not only is the proffered evidence itself inflammatory, the cumulative effect of its admission is overwhelmingly prejudicial. The jury would be presented with the impossible task of ignoring allegations of participation in "at least 100" murders, and other uncharged corruption and distribution of controlled substances based upon the unreliable hearsay from cooperating witnesses. A jury cannot reasonably be expected to consider the

prior conduct in connection with charged crimes, and not draw an improper inference as to criminal propensity. Indeed, even the most conscientious of jurors may not be able to avoid the instinctual reaction to infer propensity from highly inflammatory evidence, despite a limiting instruction to the contrary. Under these circumstances, the probative value of the other act evidence is substantially outweighed by the prejudicial effect of admitting the evidence. As such, all of the Government's proffered other act evidence should be excluded under Rule 403.

## CONCLUSION

For the reasons stated above, Mr. Oseguera moves this Court to grant his motion.

Respectfully submitted,

/s/ Anthony E. Colombo, Jr.

Dated: July 29, 2024

**ANTHONY E. COLOMBO, JR.**

Attorney for Mr. Oseguera-Gonzalez