UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RUBEN OSEGUERA-GONZALEZ,<br><br>Defendant. | Criminal Action No. 16-229 (BAH)<br><br>Judge Beryl A. Howell |

### MEMORANDUM AND ORDER

In advance of his trial scheduled for September 9, 2024, on charges of conspiring, during the decade spanning 2007 and 2017, to distribute cocaine and methamphetamine, for unlawful importation into the United States, in violation of 21 U.S.C. §§ 959(a), 960, and 963, and 18 U.S.C. § 2 (Count One), and using and carrying a firearm, including a destructive device, in furtherance of the drug trafficking conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(B)(ii) and 2 (Count Two), *see* Superseding Indictment, ECF No. 6, defendant has moved to exclude the testimony of the government's three noticed experts. *See* Def.'s Mot. Exclude ("Def.'s Mot."), ECF No. 138. For the reasons summarized below, this motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.   BACKGROUND

The government provided notice, on June 14, 2024, roughly three months prior to trial, of its intent to introduce the testimony of the three expert witnesses. Gov't Not. Expert Testimony Pursuant to Fed. R. Crim. P. 16(G) ("Gov't Not."), ECF No. 134. This initial notice was supplemented by the government on July 22, 2024, about two weeks following the filing of defendant's pending motion to exclude testimony by the three witnesses and more than six weeks prior to trial, with additional information regarding each proposed expert witness's professional

1

experiences, qualifications, and anticipated testimony. *See* Gov't's Suppl. Not. Expert Testimony ("Gov't's Suppl. Not."), ECF No. 153. The government filed its opposition to the pending motion on the same day as the filing of its supplemental notice. *See* Gov't's Opp'n Mot. to Exclude Expert Testimony ("Gov't's Opp'n"), ECF No. 154.

The first witness, John W. Miller, is a Firearms Enforcement Officer for the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). The government's notice indicates that ATF Officer Miller is proffered to testify about the following topics: (a) "what weapons constitute a 'firearm,' a 'machinegun,' or a 'destructive device,' as those terms are used in 18 U.S.C. § 924(c)," the violation charged in Count Two, and "the defining characteristics and capabilities of each of these weapons"; (b) "the kinds of weapons drug cartels in Mexico have used and the potential sources of those weapons"; and (c) "whether certain weapons at issue in this case appear to qualify as a 'firearm,' a 'machinegun,' or a 'destructive device,' as those terms are used in 18 U.S.C. § 924(c)." Gov't's Suppl. Not. at 1–4; Gov't's Not. at 1–2 (same).

The second witness is Steve Paris, a Special Agent in the Drug Enforcement Administration's ("DEA") Los Angeles Field Division. DEA Agent Paris is proffered to testify about "the origin, organization, and operation of Mexican drug cartels," including the CJNG; "what substances are controlled under U.S. law and how those controlled substances are manufactured and imported into the United States for distribution," and the meaning of "words or phrases . . . in the drug trafficking communications in this case." Gov't's Suppl. Not. at 1, 8–9; Gov't's Not. at 1, 6–7 (same).

The last witness challenged by defendant is Judi O'Brien, who is a "translator and language services coordinator" for the Narcotic and Dangerous Drug Section of Department of Justice's ("DOJ") Criminal Division. Gov't's Suppl. Not. at 1; Gov't's Not. at 1 (same). She is proffered

to testify to the accuracy of the English-language translations and transcriptions of the intercepted BBM communications the government intends to introduce at trial. Gov't's Suppl. Not. at 16; Gov't's Not. at 11 (same).

## II.     APPLICABLE LEGAL PRINCIPLES

Federal Rule of Evidence 702 provides that a qualified expert witness may testify in the form of opinion so long as "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." FED. R. EVID. 702. As the Supreme Court has clarified, Rule 702 permits the court to allow expert testimony only where the proposed testimony is both reliable and relevant. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141–42 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). Courts have "have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Heller v. District of Columbia*, 801 F.3d 264, 271 (D.C.Cir.2015) (internal quotations omitted) (quoting *Kumho Tire*, 526 U.S. at 152).

## III.    DISCUSSION

At the outset, defendant appears to have conceded his arguments for exclusion of two of the government's expert witnesses, DEA Agent Paris and DOJ translator Judi O'Brien. Specifically, following the government's filing of its Supplemental Notice and opposition brief, defendant, in reply, continued to press only his challenge to the proffered testimony of ATF Officer Miller. *See* Def.'s Reply Supp. Mot. Exclude Expert Testimony ("Def.'s Reply"), ECF No. 158. Thus, defendant's motion to exclude the two witnesses other than ATF Officer Miller may be

denied on this basis alone. *See Leopold v. Manger*, 102 F.4th 491, 503 (D.C. Cir. 2024) (finding argument made in opposition "is conceded" where moving party did not present counterargument in reply brief (citations omitted)); *United States v. Wheeler*, 753 F.3d 200, 210 (D.C. Cir. 2014) (finding criminal defendant "tacitly concedes the point" to which she offered no response in reply brief); *Tax Analysts v. IRS*, 117 F.3d 607, 610 (D.C. Cir. 1997) (where party "offered nothing in opposition to" argument made in opposition brief, "[w]e will, therefore, treat the argument as conceded").

In any event, insofar as defendant maintains any continuing challenge as to DEA Agent Paris and DOJ translator O'Brien, his arguments may be quickly dispatched. First, defendant initially challenged as procedurally deficient the government's Notice as to the testimony to be elicited from Paris and O'Brien because (1) the government "has not provided which BBMs [BlackBerry Messenger communications] Paris intends to decode that were translated, or a translation were reviewed [sic] for accuracy, by O'Brien"; (2) has not "define[d] the category of the communications to be decoded" by Paris, and (3) has "failed to provide a Curriculum Vitae . . . for Steve Paris or any reports that would explain commonly used code words employed by individuals engaged in drug trafficking, or unique code words employed by the co-conspirators in the alleged conspiracy." Def.'s Mot. at 3–4 (emphasis omitted). These purported deficiencies have been remedied in the government's Supplemental Notice, which includes "translations of the [BBM] communications by Ms. O'Brien that the government intends to present at trial and about which Mr. Paris will opine," "a list of the specific words and phrases Mr. Paris will decode[,]" and "a list of common characteristics Mr. Paris will use to identify and decode drug trafficking communications." Gov't's Opp'n at 3–4; *see* Gov't's Suppl. Not. at 9–10, 16. Hence, defendant, in reply, is silent about this first challenge to these two experts.

Next, defendant initially argued that the government violated its discovery obligations, under Federal Rule of Criminal Procedure 16, by not identifying the specific BBMs about which both Paris and O'Brien would testify, and urged that, as a consequence, Paris's testimony should be excluded entirely and O'Brien's testimony "in relation to the BBMs" should also be excluded. Def.'s Mot. at 5–8. This argument is without merit. Rule 16 provides that "[a]t the defendant's request, the government must disclose to the defendant, in writing" certain information "for any testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief, or during its rebuttal[.]" FED. R. CRIM. P. 16(a)(1)(G)(i). Here, the government plainly "satisfied Rule 16" by providing its Supplemental Notice of Expert Testimony on July 22, 2024, seven weeks before the start of trial on September 9, 2024. *United States v. Martinez*, 476 F.3d 961, 967 (D.C. Cir. 2007) (upholding the admission of expert testimony under Rule 16 where the government provided information as to the challenged testimony approximately six weeks before trial and in opposition to a motion to exclude the testimony). The government's prompt supplementation of its expert disclosure puts to bed any lingering argument by defendant that "this information was intentionally withheld and intentionally not provided," Def.'s Mot. at 5, and affords defendant no grounds on which to "reserve the right to file an appropriate challenge under Rule 702 if necessary" or to demand a *Daubert* hearing, *id.* at 9 n.3, 12.

Finally, defendant requests a limiting instruction regarding DEA Agent Paris's proffered "*modus operandi* testimony in relation to the CJNG, and Mexican drug cartels," Def.'s Mot. at 13 (citing Gov't's Not. at 6), which request the government does not oppose, subject to the government's proposed modifications, *see* Gov't's Opp'n at 4. Given the parties' agreement, the

requested limiting instruction will be given at trial, with the parties instructed to alert the Court as to the appropriate time for the instruction to be relayed to the jury.[1]

With defendant's arguments as to the proffered testimony of DEA Agent Paris and DOJ translator O'Brien either conceded or resolved, what is left in the pending motion is defendant's challenge to ATF Officer Miller's proffered expert testimony regarding the "kinds of weapons drug cartels in Mexico have used and the potential sources of those weapons." Gov't's Suppl. Not. at 2. Defendant contends this testimony is "neither reliable nor relevant," Def.'s Reply at 2, because "Miller does not appear qualified to testify about the kinds of weapons accessible or used by Mexican drug cartels" and that "any testimony relating to the kinds of guns available to Mexican drug cartels and how they might differ from that accessible to the public in the District of Columbia is simply not relevant," or otherwise "is substantially outweighed by the danger of unfair prejudice," *id*. at 2–5. On this record, defendant persuades that ATF Officer Miller lacks the qualifications to supply the proffered testimony, obviating the need to reach the issues of whether the proffered testimony is otherwise relevant or unfairly prejudicial.

Citing his CV, the government explains that, as an ATF "Firearms Enforcement Officer, Mr. Miller . . . examines and classifies firearms and provides training materials regarding the identification and origin of firearms and their classification under federal law." Gov't's Suppl. Not. at 4; *see also id.*, Ex. 1, Curriculum Vitae of John W. Miller ("Miller CV"), ECF No. 153-1. This witness previously worked as "an Explosives Specialist" for the U.S. Transportation Security Administration ("TSA") and "an Explosive Ordinance Disposal Technician in the U.S. armed forces." Gov't's Suppl. Not. at 4–5. He holds a Bachelor of Science degree and a Master's degree

---

[1] Defendant challenged Paris's proffered testimony regarding how cocaine, methamphetamine, fentanyl, and marijuana "affect[] the human body when consumed," Def.'s Mot. at 11 (quoting Gov't's Not. at 6), and, in response, "the government does not now intend to elicit testimony about how the drugs at issue affect the human body," unless "defendant makes such testimony relevant," Gov't's Opp'n at 4 & n.2. Thus, this particular challenge is moot.

in Forensic Science, and "is currently pursuing a doctorate in Forensic Science from Oklahoma State University." *Id.* at 5. In his "nearly thirty years of employment as a weapons expert for the United States," Miller "has received extensive weapons training, including training regarding firearms, machineguns, destructive devices, and the associated statutes." *Id.*

Miller is clearly well credentialed to testify about firearms domestically. As to his qualifications to offer the challenged testimony about the access to, use, and potential sources of weapons by Mexican DTOs, however, the government states only that, "[t]hrough his training and his work on behalf of the ATF and the DHS," Miller has "learned about the work of the ATF and the DHS to investigate the kinds of firearms available to Mexican drug cartels and the probable sources of those firearms," including through "research regarding weapons proliferation in Central and South America," which he conducted while pursuing his master's degree, and through conversations with "Mexican law enforcement officials about weapons proliferation in Mexico." *Id.* at 2, 5. As defendant points out, neither the government's Supplemental Notice nor Miller's CV indicates *any* prior involvement in "investigations relating to Mexican drug cartels," and while Miller has previously testified about, for example, "his physical examination and testing" of a firearm involved in a charged offense, *see, e.g.*, Gov't's Not. of Intent to Offer Expert Testimony at 2, *United States v. Nelson*, No. 23-cr-111 (KD) (MU), ECF No. 386 (S.D. Ala. Jan. 11, 2024), the government's supplied list of his prior testimony indicates no such prior testimony on the topic proposed by the government here—*i.e.*, the "kinds of weapons drug cartels in Mexico have used and the potential sources of those weapons," Gov't's Suppl. Not. at 2, 5–6; *see* Miller CV at 4; *see also* Def.'s Mot. at 11 n.4 (noting the same). The government's vague explanations that Miller has previously conducted "research regarding weapons proliferation in Central and South America"—*i.e.*, *not* in Mexico—and that he "has spoken with Mexican law enforcement officials

7

about weapons proliferation in Mexico," Gov't's Suppl. Not. at 5, do little to clarify the bases for Miller's purported "specialized knowledge" to testify regarding the "kinds of weapons drug cartels in Mexico have used and the potential sources of those weapons," *id.* at 2, 5.

ATF Officer Miller is indisputably qualified to testify regarding other matters noticed by the government, including "what weapons are covered by the violation charged in Count Two, how those weapons operate, and whether certain weapons at issue in this case appear to qualify as a 'firearm,' a 'machinegun,' or a 'destructive device,' as those terms are used in 18 U.S.C. § 924(c)." Gov't's Opp'n at 2; *see also* Def.'s Reply at 4 (noting that "Mr. Miller may be an expert in firearms and has been qualified as an expert previously in this area"). Yet, on the current record, his proffered testimony regarding "the kinds of weapons drug cartels in Mexico have used and the potential sources of those weapons," Gov't's Suppl. Not. at 2, would constitute testimony "outside the scope of his expertise," *United States v. Mejia*, 545 F.3d 179, 194–96 (2d Cir. 2008), and must be excluded. *See Mejia*, 545 F.3d at 184–85, 193–96 (in prosecution of MS-13 gang members, holding "district court erred in allowing" New York State police officer qualified to testify regarding defendants' gang "to testify beyond the bounds for which expert testimony would have assisted the jury in understanding the evidence"); *United States v. Williams*, 212 F.3d 1305, 1309–10 (D.C. Cir. 2000) (in prosecution for unlawful possession of firearm and ammunition by a felon, holding district court erred in admitting witness's affirmative response to question posed on redirect examination as to whether it was "common for people who use drugs or sell drugs to carry weapons for protection," where the "foundation of [witness's] opinion linking drug users and possession of weapons is anything but firm," in part since the witness's "[f]ewer than one dozen arrests involving possession of a firearm is not sufficient grounding to qualify [witness] as an expert under Rule 702 . . . particularly without evidence establishing that any of those arrests

involved a drug *user*" (emphasis in original) (citation omitted)); *United States v. Slough*, 51 F. Supp. 3d 1, 6–7 (D.D.C.), *on reconsideration*, 61 F. Supp. 3d 103 (D.D.C. 2014) (in prosecution for voluntary manslaughter, excluding defendants' proffered expert from "present[ing] any testimony on memory inconsistencies resulting from combat" where expert was "clearly not qualified to offer" such testimony, having had "no medical or scientific training in memory" but only "expertise [] in self-defense and the use of deadly force").

This is not a case in which ATF Officer Miller's "qualifications could have been stronger" but were nevertheless substantial, such that "[a]ny weaknesses in his qualifications" would be held to "go to the weight rather than the admissibility of his opinion testimony." *United States v. Nixon*, 694 F.3d 623, 629–30 (6th Cir. 2012) (citation omitted) (in prosecution for financial crimes, finding no plain error in district court's admission of witness testimony where, "[a]lthough his qualifications could have been stronger, he had a background and training in the field of financial investigations, and he testified that he had handled 20 to 30 cases before [defendant's]"). Rather, this witness's qualifications—as a domestic Firearms Enforcement Officer with "knowledge, skill, experience, training, [and] education," FED. R. EVID. 702, to "examine[] and classif[y] firearms and provide[] training materials regarding the identification and origin of firearms and their classification under federal law," Gov't's Suppl. Not. at 4—simply do not extend to his proposed testimony regarding "the kinds of weapons drug cartels in Mexico have used and the potential sources of those weapons," *id.* at 2.  The portion of defendant's motion seeking to exclude Mr. Miller's testimony regarding the "kinds of weapons drug cartels in Mexico [have] used and the potential sources of those weapons," Def.'s Mot. at 10 (quoting Gov't's Not. at 2), is accordingly **GRANTED**.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that defendant's Motion to Exclude Expert Testimony, ECF No. 138, is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that defendant's request for a limiting instruction to be given at trial regarding government expert DEA Special Agent Steve Paris's proffered "*modus operandi* testimony in relation to the CJNG, and Mexican drug cartels," Def.'s Mot. at 13 (citing Gov't's Not. at 6), is **GRANTED**, and the parties **INSTRUCTED** to alert the Court as to the appropriate time for the instruction to be given to the jury; and it is further

**ORDERED** that the government's proffered testimony of ATF Firearms Enforcement Officer John W. Miller regarding the "kinds of weapons drug cartels in Mexico [have] used and the potential sources of those weapons," Def.'s Mot. at 10 (quoting Gov't's Not. at 2), is **INADMISSIBLE**, pursuant to Federal Rule of Evidence 702; and it is further

**ORDERED** that defendant's Motion to Exclude Expert Testimony, ECF No. 138, is otherwise **DENIED**.

**SO ORDERED**.

Date: August 15, 2024

_____
**BERYL A. HOWELL**
United States District Judge