UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v.   ) <br> ) <br> RUBEN OSEGUERA-GONZALEZ, ) <br>     also known as "Menchito," ) <br>     "Rubencito," "Rojo," "Ruso," ) <br>     "Junior," and "El Nino," ) <br> ) <br> ) <br>     **Defendant.**   ) | Criminal No.: 16-CR-229 (BAH) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO
PROPOSED JURY INSTRUCTION ON CO-CONSPIRATOR LIABILITY**

The United States, through undersigned counsel, submits this response to Defendant Ruben Oseguera Gonzalez's Objection to Government's Proposed Jury Instruction on Conspirator Liability (Dkt. No. 181) ("Opposition" or "Opp."). The Defendant's objections to a co-conspirator liability instruction lack merit, and the Government's proposed instruction (Dkt. No. 161 at 75) simply and accurately states the law of this Circuit. Accordingly, the Defendant's objection should be overruled, and the Government's proposed co-conspirator liability instruction should be given to the jury.

**I.   BACKGROUND**

The Defendant is charged by Superseding Indictment with: conspiracy to distribute five kilograms or more of cocaine and 500 grams or more of methamphetamine knowing and intending that these controlled substances would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 963, 959(a), 960(b)(1)(B)(ii), and 960(b)(1)(H) (Count One); and using, carrying, brandishing, and possessing a firearm, including a destructive device, in

connection with the drug trafficking conspiracy charged in Count One, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(B)(ii), and 2 (Count Two).  Dkt. No. 6.  Each Count charges criminal conduct from 2007 through the date of the Superseding Indictment, February 1, 2017.  *Id.*

In the parties' Joint Pretrial Statement, the Government proposed the following instruction on co-conspirator liability under *Pinkerton v. United States*, 328 U.S. 640, 647 (1946):

> You may find Ruben Oseguera Gonzalez guilty of the crime charged in Count Two without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was being committed. A conspirator is responsible for offenses committed by other conspirators if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a foreseeable consequence of, the conspiracy. Therefore, if you have first found the defendant guilty of the conspiracy charged in Count One and if you find beyond a reasonable doubt that during the time the defendant was a member of that conspiracy, other conspirators committed the offense in Count Two both in furtherance of and as a foreseeable consequence of that conspiracy, then you may find the defendant guilty of Count Two, even though the defendant may not have participated in any of the acts which constitute the offense described in Count Two.

Dkt. No. 161 at 75.  The instruction follows Fifth Circuit Pattern Criminal Jury Instruction 2.17, which the Fifth Circuit Court of Appeals has approved.  *United States v. Sanjar*, 876 F.3d 725, 743 (5th Cir. 2017).  The only part of the proposed instruction that does not strictly adhere to the Fifth Circuit instruction is the first sentence, which provides context.[1]

The Defendant objects to the instruction on multiple grounds and proposes as alternatives Instruction 7.103 of the Redbook Jury Instructions for the District of Columbia ("Redbook") and the First Circuit's *Pinkerton* instruction.  Opp. at 1–4 & Ex. A.

---

[1] The Government does not oppose removal of the first sentence of the instruction, if that is preferable to the Court.

## II. ARGUMENT

### A. The Defendant's Objections to a *Pinkerton* Instruction Are Unfounded.

A *Pinkerton* instruction for Count Two is proper. Under *Pinkerton*, members of a conspiracy may be held vicariously liable for acts undertaken by co-conspirators. 328 U.S. at 647. *Pinkerton* liability applies if "the act was done in furtherance of the conspiracy, was within the scope of the unlawful project, and could be reasonably foreseen as a necessary or natural consequence of the unlawful agreement." *United States v. Sampol*, 636 F.2d 621, 676 (D.C. Cir. 1980) (citation omitted). *Pinkerton* liability applies to Section 924(c)(1) offenses "[a]s long as the use or carrying of a firearm in relation to a drug trafficking offense was done in furtherance of the conspiracy and was reasonably foreseeable to the co-conspirators." *United States v. Washington*, 106 F.3d 983, 1011 (D.C. Cir. 1997).

*Pinkerton* need not be expressly alleged in the charging document; therefore, the Defendant's objection to a *Pinkerton* instruction on the grounds that "*Pinkerton* liability is not alleged in the Superseding Indictment" is unfounded. Opp. at 2. "Indictments do not recite the government's theory of proof, which is what the *Pinkerton* theory is." *United States v. Edmond*, 924 F.2d 261, 269 (D.C. Cir. 1991); *see also Washington*, 106 F.3d at 1011 (citing *United States v. Roselli,* 432 F.2d 879, 894–95 (9th Cir. 1970)) ("[A] theory of defendant liability need not be pleaded in the indictment."). Thus, it "has been the unanimous view of the circuit courts which have addressed this issue" that "a district court does not constructively amend an indictment by giving a *Pinkerton* instruction when *Pinkerton* liability has not been charged by the grand jury." *United States v. Ashley*, 606 F.3d 135, 143 (4th Cir. 2010) (collecting cases).

The Defendant cannot claim unfair surprise by the lack of an express *Pinkerton* allegation in the Superseding Indictment. Defendants charged with firearms offenses in relation to a

charged drug conspiracy under Section 924(c)(1) have "sufficient notice that they could be held liable for the substantive offenses of their co-conspirators," including their use and possession of firearms, even when *Pinkerton* is not alleged in the charging document. *Washington*, 106 F.3d at 1011; *see also Ashley*, 606 F.3d at 144 (finding that, where charged conspiracies served as predicate offenses for Section 924(c) charge in same indictment, defendant had sufficient notice that co-conspirator liability was a possibility). The drug conspiracy charged in Count One of the Superseding Indictment, which serves as the predicate offense for Count Two, gave the Defendant sufficient notice that *Pinkerton* liability may apply as to Count Two.

Contrary to the Defendant's unsupported assertion, the jury may be instructed on multiple potential theories of liability, including direct liability and *Pinkerton* co-conspirator liability. *See United States v. Khatallah*, 41 F.4th 608, 634 (D.C. Cir. 2022), *cert. denied,* 143 S. Ct. 2667 (2023) (stating that properly instructed jury would be told that it could convict defendant of substantive offense "either directly or through *Pinkerton* co-conspirator liability."). For a Section 924(c) offense, the jury can find a defendant "himself used a firearm" during or in furtherance of the underlying crime of violence or drug trafficking crime, "which would make him directly liable for violating Section 924(c)," or "that one of his co-conspirators did so foreseeably and within the scope of the . . . conspiracy, which would make [him] liable for the coconspirator's violation of Section 924(c) under *Pinkerton*." *Id.* Importantly, a jury also may find the defendant vicariously liable for enhancements under Section 924(c), such as brandishing and use of a particular type of weapon. *See id.* at 620–21, 634 (declining to set aside defendant's conviction for carrying semiautomatic assault weapon during crime of violence based on actions of defendant's subordinate co-conspirators); *see also United States v. Carter*, 19 F.4th 520, 525–28 (1st Cir. 2021) (affirming conviction for discharging and brandishing firearm during and in

relation to crime of violence under Section 924(c) where court correctly instructed jury regarding *Pinkerton* co-conspirator and aiding-and-abetting theories of liability); *United States v. Serrano-Delgado*, 29 F.4th 16, 20–22 (1st Cir.), *cert. denied*, 143 S. Ct. 243 (2022) (affirming convictions for discharging firearm in relation to crime of violence and causing death that resulted under Sections 924(c) and (j), respectively, based on *Pinkerton* liability). The Defendant cites no caselaw to the contrary.

### B. The Government's Proposed Instruction Is Appropriately Tailored to the Evidence.

The Government intends to present evidence at trial that, over the course of the decade-long drug conspiracy charged in Count One, the Defendant personally carried firearms in relation to that conspiracy and that his co-conspirators carried firearms in furtherance of the conspiracy in a manner that was reasonably foreseeable to the Defendant. The Defendant may be found liable for either form of possession, and the jury should be instructed accordingly. *See Khatallah*, 41 F.4th at 634. The Government's proposed instruction simply and clearly states the law regarding *Pinkerton* liability as to Count Two, *see Washington*, 106 F.3d at 1011, and is unlikely to confuse the jury.

In contrast, the Redbook instruction proposed by the Defendant improperly directs the jury that the *only* way that the Defendant may be found guilty of Count Two is through the actions of his co-conspirators. *See* Opp. at 3–4 ("In order to find Mr. Ruben Oseguera-Gonzalez guilty of Count Two . . . you must find beyond a reasonable doubt that . . . [t]he offense alleged in Count Two . . . was committed by a coconspirator and member in the alleged conspiracy in Count One . . . ."). As the Defendant notes, the Comment to Redbook Instruction 7.103 states: "These instructions address the situation where the defendant did not participate directly in the acts constituting the substantive offense." Opp. at 2. But the Defendant overlooks the

5

subsequent sentences, which state: "However, the principle of co-conspirator liability also applies where the defendant was involved in committing the substantive offense. The instruction must be modified to fit the circumstances revealed at trial." Comment, Redbook Instr. 7.103. Here, the anticipated evidence at trial will show that both the Defendant and his co-conspirators possessed firearms in furtherance of the drug conspiracy on numerous occasions over the course of a ten-year period. The Defendant's proposed Redbook instruction is not modified to fit these circumstances.

Unlike the proposed Redbook instruction, the First Circuit pattern jury instruction proposed by the Defendant acknowledges that *Pinkerton* is "another method" of evaluating guilt. Ex. A at 1. However, the First Circuit instruction is unnecessarily complicated in the context of this case and is likely to confuse the jury. For example, the fourth element in the First Circuit instruction includes the concept of withdrawal from a conspiracy. *Id.* The Defendant has neither asserted a withdrawal defense nor requested a withdrawal instruction. Introducing a concept of conspiracy law that does not apply and for which the jury will receive no instruction is likely to confuse the issues. Additionally, the jury will receive an instruction listing the elements for Count Two, and an instruction listing an entirely different set of elements related to the same offense may be confusing.

The Government's proposed instruction, Fifth Circuit Pattern Criminal Jury Instruction 2.17, does not introduce any new elements or irrelevant concepts. It simply states the law of this Circuit and is appropriately tailored to the circumstance of this case.

### III. CONCLUSION

For the foregoing reasons, the Defendant's objection should be overruled, and the Government's proposed co-conspirator liability instruction should be given to the jury.

Respectfully submitted this 26th day of August 2024.

                MARLON COBAR, Chief
                Narcotic and Dangerous Drug Section
                Criminal Division
                United States Department of Justice

By:    /s/ *Kaitlin Sahni*
        Kaitlin Sahni, Acting Deputy Chief
        Jonathan Hornok, Trial Attorney
        Kate Naseef, Trial Attorney
        Lernik Begian, Trial Attorney
        United States Department of Justice
        Narcotic and Dangerous Drug Section
        145 N Street, Northeast
        East Wing, Second Floor
        Washington, D.C. 20530
        Kaitlin.Sahni@usdoj.gov
        (202) 514-0917

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was sent via ECF, to counsel of record for the Defendant, on August 26, 2024.

                                                By:    /s/   *Kaitlin Sahni*
                                                         Kaitlin Sahni
                                                         Acting Deputy Chief
                                                         Narcotic and Dangerous Drug Section
                                                         U.S. Department of Justice