**ANTHONY E. COLOMBO, JR.**
California State Bar No. 218411
The Senator Building, Ste. 312
105 West "F" Street
San Diego, CA 92101
Tel:   (619) 236-1704
Email: anthonycolombolegal@gmail.com

Attorney for Ruben Oseguera-Gonzalez

UNITED STATES DISTRICT COURT

DISTRICT COURT OF COLUMBIA

(HONORABLE BERYL A. HOWELL)

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> RUBEN OSEGUERA-GONZALEZ, <br> Defendant. | CASE NO. 16cr00229-BAH <br><br> DEFENDANT'S OBJECTION TO GOVERNMENT'S PROPOSED JURY INSTRUCTION ON CONSPIRATOR LIABILITY |

TO:   KATE M. NASEEF, TRIAL ATTORNEY, UNITED STATES ATTORNEY'S OFFICE; JONATHON HORNOK, TRIAL ATTORNEY, UNITED STATES ATTORNEY'S OFFICE; AND KAITLIN SAHNI, ACTING DEPUTY CHIEF, UNITED STATES ATTORNEY'S OFFICE:

**I.**

**DEFENDANT'S OBJECTION TO THE GOVERNMENT'S PROPOSED JURY INSTRUCTION ON CONSPIRATOR LIABILITY**

The Government has crafted its own jury instruction to address a theory of conspirator liability, *i.e.*, "*Pinkerton* liability," for Count Two of the Superceding Indictment based upon *Pinkerton v. United States*, 328 U.S. 640, 646-48 (1946) (a conspirator can be found guilty of a substantive offense committed by a co-conspirator and in furtherance of the conspiracy,

1

so long as the co-conspirator's acts are reasonably foreseeable); *United States v. Washington*, 106 F.3d 983, 1011 (D.C. Cir. 1997). *See* ECF No. 161, Joint Pretrial Statement at 75. Mr. Oseguera-Gonzalez objects to this proposed instruction.

As the Court is aware, on February 1, 2017, Mr. Oseguera-Gonzalez was charged in a Superseding Indictment. *See* ECF No. 6. The Superseding Indictment alleged that from in and around 2007, and continuing to the date of February 1, 2017, Mr. Oseguera-Gonzalez engaged in a (Count One) conspiracy to distribute 5 kilograms or more of cocaine, and 500 grams or more of methamphetamine, knowing and intending that these controlled substances would be imported into the United States, in violation of 21 U.S.C. §§ 963, 959(a), 960(b)(1)(B)(ii), and 960(b)(1)(H), and (Count Two) that he used and possessed a firearm/destructive device during the course of, and in furtherance of, the conspiracy alleged in count one, in violation of 18 U.S.C. §§ 924(c)(1)(A)(I), 924(c)(1)(A)(ii), and 924(c)(1)(B)(ii). *See id*. The Superseding Indictment did not allege a *Pinkerton* theory of liability for Count Two. "[A] *Pinkerton* charge should not be given as a matter of course." *See United States v. Vazquez-Castro*, 640 F.3d 19, 25 (1st Cir. 2011) (citing *United States v. Sanchez*, 917 F.2d 607, 612 (1st Cir. 1990)). As *Pinkerton* liability is not alleged in the Superseding Indictment, Mr. Oseguera-Gonzalez would object to the proposed instruction.

The Government, however, in requesting the proposed *Pinkerton* instruction apparently concedes that there is no evidence that Mr. Oseguera-Gonzalez personally possessed a firearm or destructive device in furtherance of the conspiracy. *Pinkerton* liability is dependant upon the defendant not being directly involved in the substantive offense. It is vicarious liability. *See Pinkerton*, 328 U.S. 640. If Mr. Oseguera-Gonzalez personally possessed a firearm/destructive device in furtherance of the conspiracy charged in Count One, then the *Pinkerton* charge is not relevant as the *Pinkerton* instruction is meant to only "address the situation where the defendant did not participate directly in the acts constituting the substantive offense." *See Redbook Jury Instructions for the District of Columbia*, Instruction 7.103 Co-Conspirator Liability, Comment at 7-16.3. In other words, Mr. Oseguera-Gonzalez either did or did not possess a firearm/destructive device in

furtherance of the conspiracy, and if he did, then the *Pinkerton* instruction is not applicable, and if he did not, then it would be applicable. It would be inconsistent for the Government to argue both as a person cannot possess and not possess something at the same time, and thus, fair notice requires the Government to elect a theory of liability based upon what the Government anticipates their evidence will prove or not prove.

To the extent the Government elects to proceed on a *Pinkerton* theory of liability for Count 2 of the Superseding Indictment, the Court should use the instruction 7.103 from the *Redbook* used by the D.C. Circuit which is applicable when the Government is proceeding on liability on a charged conspiracy. The defendant would specifically propose the following based upon instruction 7.103:

A conspiracy is a kind of partnership in crime and its members may be responsible for each other' actions. A defendant is responsible for an offense committed by another member of the conspiracy if the defendant was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a natural consequence of, the conspiracy.

In order to find Mr. Ruben Oseguera-Gonzalez guilty of Count Two which alleges that he did knowingly and intentionally use, carry and brandish firearms, including destructive devices, during and in relation to, and in furtherance of, the crime alleged in Count One, a conspiracy to knowingly, intentionally, and willfully distribute controlled substances intended to be unlawfully imported into the United States, you must find beyond a reasonable doubt that:

1. There was a conspiracy as alleged in Count One to knowingly, intentionally, and willfully distribute controlled substances intended to be unlawfully imported into the United States; and

2. The offense alleged in Count Two of knowingly and intentionally using, brandishing firearms and destructive devices was committed by a co-conspirator and member in the alleged conspiracy in Count One for which you must find Mr. Ruben Oseguera-Gonzalez was also a member; and

3. Mr. Ruben Oseguera-Gonzalez was a member of the conspiracy to distribute controlled substances intended to be unlawfully imported into the United States as alleged in Count One, at the time the offense alleged in Count Two, knowingly and intentionally using, brandishing firearms and destructive devices was committed by a co-conspirator and member of the conspiracy alleged in Count One; and

4. The offense alleged in Count Two of knowingly and intentionally using, brandishing firearms and destructive devices was committed during the existence of the conspiracy alleged in Count One; and

5. The offense alleged in Count Two of knowingly and intentionally using, brandishing firearms and destructive devices was committed in furtherance of the conspiracy alleged in Count One; and

6. The offense alleged in Count Two of knowingly and intentionally using, brandishing firearms and destructive devices was a reasonably foreseeable consequence of the conspiracy alleged in Count One. It is not necessary to find that the crime was intended as part of the original plan, only that it was a foreseeable consequence of the original plan.

*See Redbook* Instruction 7.103.

As an alternative to the above, Mr. Oseguera-Gonzalez would propose an instruction that follows the First Circuit's *Pinkerton* instruction which is attached hereto as Exhibit A, and might very well be a more concise instruction than *Redbook* instruction 7.103.

## CONCLUSION

For the reasons stated above, Mr. Oseguera-Gonzalez moves this Court to grant his request.

Respectfully submitted,

/s/ Anthony E. Colombo, Jr.

Dated: August 23, 2024        **ANTHONY E. COLOMBO, JR.**

Attorney for Mr. Oseguera-Gonzalez