UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 16-CR-229-BAH** |
| v. | |
| **RUBEN OSEGUERA-GONZALEZ**, also known as "Menchito," "Rubencito," "Rojo," "Ruso," "Junior," and "El Nino," | |
| **Defendant.** | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on February 1, 2017, a grand jury returned the Superseding Indictment charging the Defendant with the following two counts: conspiring to distribute five kilograms or more of cocaine and five hundred grams or more of methamphetamine, knowing and intending that such substances would be unlawfully imported into the United States from a place outside thereof, in violation of 21 U.S.C. §§ 959(a), 960(b)(1)(B), 960(b)(1)(H), and 963 and 18 U.S.C. § 2 (Count One); and brandishing, using, carrying, and possessing a firearm, including a destructive device, in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(A)(ii), and (c)(1)(B)(ii) and 18 U.S.C. § 2 (Count Two);

WHEREAS, included in the Superseding Indictment was a Forfeiture Notice wherein the Defendant was notified that if convicted of the offense charged in Count One of the Superseding Indictment, the government would seek to forfeit to the United States, pursuant to 21 U.S.C. §§ 853(a) and 970, any proceeds obtained by the Defendant as a result of his commission of that offense, and any property used to or intended to be used, in any manner or part, to commit or facilitate that offense;

WHEREAS, on September 20, 2024, a jury found the Defendant guilty of all counts of the Superseding Indictment;

WHEREAS, the parties agreed that the Court—not the jury—should make all legal and factual determinations regarding the forfeiture allegations in this matter, including the amount of any money judgment;

WHEREAS, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, this Court determines, based on the evidence and information before it, that any property constituting, or derived from, any proceeds obtained by the Defendant as a result of his commission of the cocaine and methamphetamine trafficking conspiracy charged in Count One, and any property used to or intended to be used, in any manner or part, to commit or facilitate the conspiracy charged in Count One, is subject to forfeiture pursuant to 21 U.S.C. §§ 853(a) and 970;

WHEREAS, pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, this Court further determines, based on the record in this matter, including the Superseding Indictment, the Defendant's trial conviction, the Defendant's statement of facts, the evidence and argument presented during the trial, and the government's motion, that a forfeiture money judgment against the Defendant and in favor of the United States for an amount of $12,599,026,000, which represents the property subject to forfeiture for the Defendant's violation of Count One of the Superseding Indictment, is appropriate insofar as this property is subject to forfeiture pursuant to 21 U.S.C. §§ 853(a) and 970, and that a personal money judgment against the Defendant is appropriate, as set forth below;

WHEREAS, 21 U.S.C. § 853(p) authorizes the forfeiture of substitute property;

WHEREAS, upon entry of a forfeiture order, Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure authorizes the Attorney General or a designee to conduct any discovery the Court considers proper in identifying, locating, or disposing of property subject to forfeiture; and

WHEREAS, the forfeiture consists of a money judgment, no ancillary proceeding is necessary as directed by Fed. R. Crim. P. 32.2(c)(1).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the following property is declared forfeited to the United States, pursuant to 21 U.S.C. §§ 853(a) and 970: any property constituting, or derived from, any proceeds obtained by the Defendant as a result of his commission of the conspiracy charged in Count One, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the conspiracy charged in Count One.

2. A forfeiture money judgment against the Defendant and in favor of the United States in the amount of $12,599,026,000 is entered against the Defendant. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture is now final as to the Defendant and shall be made part of the sentence and included in the judgment.

5. The Attorney General, Secretary of Homeland Security, Secretary of the Treasury, or a designee is hereby authorized to seize, enter, inventory, and otherwise maintain custody and control of the property, whether held by the Defendant or by a third party, and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), including depositions, interrogatories, requests for production of documents and for admissions, and pursuant to Fed. R. Civil P. 45, the issuance of subpoenas.

6.	Upon the seizure of any property to satisfy all or part of the judgment, the United States shall and, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law, and may do so consistent with any existing sealing order;

7.	Any person, other than the Defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

8.	Following the Court's disposition of all timely petitions filed, a final Order of Forfeiture shall be entered. If no third-party files a timely petition, this Order shall become the Final Order and Judgment of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

SO ORDERED.

Entered in Washington, D.C., this _____ day of _____ 2025.

_____
The Honorable Beryl A. Howell
United States District Judge